IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

      Plaintiff,

vs.                                              NO. CIV-14-964-KBM-SCY

CITY OF ALBUQUERQUE, et al.

      Defendants.

**DEFENDANT FITZGERALD ANSWER TO COMPLAINT FOR VIOLATIONS
OF THE TORT CLAIMS ACT AND DEPRIVATION OF CIVIL RIGHTS**

Defendant Fitzgerald answers Plaintiff's Complaint for Violations of the Tort Claims Act and Deprivation of Civil Rights (the "Complaint"), as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies same.

2. With respect to the allegations contained in paragraph 2 of the Complaint, the Defendant admits that he is a resident of Bernalillo County.  The Defendant denies the remaining allegations contained in paragraph 2 of the Plaintiff's Complaint because it sets forth legal conclusions to which no response is required by the Defendant.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3, 4 and 5 of the Complaint and therefore denies same.

4. The allegations contained in paragraphs 6 and 7 of the Plaintiff's Complaint set forth legal conclusions to which no response is required by the Defendant.  To the extent a response is deemed required, the  Defendant denies same.

5. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraphs 8 and 9 of the Plaintiff's Complaint and, therefore, denies

same.

6. With respect to the allegations contained in paragraph 10 of the Plaintiff's Complaint, the Defendant acknowledges that the Plaintiff is not seeking punitive damages for claims brought under the New Mexico Tort Claims Act.

7. The allegations contained in paragraphs 11 and 12 of the Plaintiff's Complaint set forth legal conclusions to which no response is required by the Defendant. To the extent a response is deemed required, the Defendant denies same.

8. The Defendant admits the allegations contained in paragraphs 13, 14, 15 and 16 of the Plaintiff's Complaint.

## ANSWER TO FACTUAL BACKGROUND

9. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraphs 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of the Plaintiff's Complaint and, therefore, denies same.

10. The allegations contained in paragraph 28 of the Plaintiff's Complaint set forth legal conclusions to which no response is required by the Defendant. To the extent a response is deemed required, the Defendant denies same.

11. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 29 of the Plaintiff's Complaint and, therefore, denies same.

12. With respect to the allegations contained in paragraphs 30, 31, 32, 33, 34, 35 and 36 of the Plaintiff's Complaint, the Defendant states that the Plaintiff made digital recordings of his interaction with the Defendants. These recordings speak for themselves. To the extent that the

Plaintiff has misrepresented or expanded upon the information contained in these recordings, the Defendant denies same.

13.   The Defendants admits the allegations contained in paragraphs 37 and 38 of the Plaintiff's Complaint.

14.   With respect to the allegations contained in paragraphs 39, 40, 41 and 42 of the Plaintiff's Complaint, the Defendant states that the Plaintiff made digital recordings of his interaction with the Defendants. These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, the Defendant denies same.

15.   The  Defendants denies the allegations contained in paragraphs 43 and 44 of the Plaintiff's Complaint.

16.   With respect to the allegations contained in paragraphs 45 and 46 of the Plaintiff's Complaint, the Defendant states that the Plaintiff made digital recordings of his interaction with the Defendants. These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, the Defendant denies same.

17.   The  Defendant denies the allegations contained in paragraph 47 of the Plaintiff's Complaint.

18. With respect to the allegations contained in paragraphs 48 and 49 of the Plaintiff's Complaint, the Defendant states that the Plaintiff made digital recordings of his interaction with the Defendants. These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, the Defendant

3

denies same.

19.  The  Defendant denies the allegations contained in paragraph 50 of the Plaintiff's Complaint.

20. With respect to the allegations contained in paragraphs 51, 52, 53, 54 and 55 of the Plaintiff's Complaint, the Defendant states that the Plaintiff made digital recordings of his interaction with the Defendants. These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, the Defendant denies same.

21. The  Defendant denies the allegations contained in paragraphs 56 and  57 of the Plaintiff's Complaint.

22.  With respect to the allegations contained in paragraphs 58, 59 and 60 of the Plaintiff's Complaint, the Defendant states that the Plaintiff made digital recordings of his interaction with the Defendants. These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, the Defendant denies same.

23. The  Defendant denies the allegations contained in paragraphs 61 and 62 of the Plaintiff's Complaint.

24. With respect to the allegations contained in paragraphs 63, 64 and 65 of the Plaintiff's Complaint, the Defendant states that the Plaintiff made digital recordings of his interaction with the Defendants. These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, the Defendant denies same.

4

25. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 66 of the Plaintiff's Complaint and, therefore, denies same.

26. With respect to the allegations contained in paragraphs 67, 68, 69, 70, 71, 72, 73 and 74 of the Plaintiff's Complaint, the Defendant states that the Plaintiff made digital recordings of his interaction with the Defendants. These recordings speak for themselves. To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, the Defendant denies same.

27. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraphs 75 and 76 of the Plaintiff's Complaint and, therefore, denies same.

28. The Defendant denies the allegations contained in paragraph 77 of the Plaintiff's Complaint.

29. The Defendant admits the allegations contained in paragraph 78 of the Plaintiff's Complaint.

30. The Defendant denies the allegations contained in paragraph 79 of the Plaintiff's Complaint.

31. The allegations contained in paragraph 80 of the Plaintiff's Complaint set forth legal conclusions to which no response is required by the Defendant. To the extent a response is deemed required, the Defendant denies same.

32. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 81 of the Plaintiff's Complaint and, therefore, denies same.

33. With respect to the allegations contained in paragraph 82 of the Plaintiff's Complaint,

the Defendant states that the Plaintiff made digital recordings of his interaction with the

Defendants. These recordings speak for themselves.  To the extent that the Plaintiff has

misrepresented or expanded upon the information contained in these recordings, the Defendant

denies same.  In addition, the Defendant denies that any orders given to the Plaintiff were

unlawful.

34.  The Defendant denies the allegations contained in paragraphs 83 and  84 of the

Plaintiff's Complaint.

35.  The Defendant is without sufficient knowledge to form a belief as to the truth of the

allegations contained in paragraphs 85 and 86 of the Plaintiff's Complaint and, therefore, denies

same.

36.  The Defendant denies the allegations contained in paragraphs 87, 88 and  89 of the

Plaintiff's Complaint.

37.  With respect to the allegations contained in paragraphs 90, 91, 92, 93, 94, 95, 96, 97,

98, 99, 100 and  101 of the Plaintiff's Complaint, the Defendant states that the Plaintiff made

digital recordings of his interaction with the Defendants. These recordings speak for themselves.

To the extent that the Plaintiff has misrepresented or expanded upon the information contained in

these recordings, the Defendant denies same.

38.  The Defendant denies the allegations contained in paragraph 102  of the Plaintiff's

Complaint.

39.  With respect to the allegations contained in paragraphs 103, 104, 105, 106 and 107 of

the Plaintiff's Complaint, the Defendant states that the Plaintiff made digital recordings of his

interaction with the Defendants. These recordings speak for themselves.  To the extent that the

6

Plaintiff has misrepresented or expanded upon the information contained in these recordings, the Defendant denies same.

40. The Defendant denies the allegations contained in paragraph 108 of the Plaintiff's Complaint.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 109 and 110 of the Complaint.

42. With respect to the allegations contained in paragraphs 111, 112 and 113 of the Plaintiff's Complaint, the Defendant states that the Plaintiff made digital recordings of his interaction with the Defendants. These recordings speak for themselves. To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, the Defendant denies same.

### ANSWER TO COUNT I - NEGLIGENT HIRING, TRAINING, SUPERVISION RESULTING IN VIOLATIONS OF THE NEW MEXICO TORT CLAIMS ACT
(Against Defendant City of Albuquerque involving Andy Fitzgerald and Akeen Powdrell)

43. The Defendant incorporates and adopts by reference all of his admissions and denials to paragraphs 1 through 113 of the Plaintiff's Complaint, as stated above, as though fully set forth herein.

44. The allegations contained in paragraphs 114, 115 (and its subparts), 116, 117 and 118 of the Plaintiff's Complaint set forth legal conclusions to which no response is required by the Defendant. To the extent a response is deemed required, the Defendant denies same.

45. The Defendant denies the allegations contained in paragraph 119 (and its subparts) and 120 of the Plaintiff's Complaint.

7

**ANSWER TO COUNT II - NEGLIGENT HIRING, TRAINING, SUPERVISION
RESULTING IN VIOLATIONS OF THE NEW MEXICO TORT CLAIMS ACT
(Against Defendant City of Albuquerque involving Daniel Galvan and Amy Markwick)**

46.     The Defendant incorporates and adopts by reference all of his admissions and
denials to paragraphs 1 through 120 of the Plaintiff's Complaint, as stated above, as though fully
set forth herein.

47.   The allegations contained in paragraphs 121, 122 (and its subparts), 123, 124 and 125
of the Plaintiff's Complaint set forth legal conclusions to which no response is required by the
Defendant .  To the extent a response is deemed required, the Defendant denies same.

48.   The Defendant denies the allegations contained in paragraph 126 (and its subparts)
and 127 of the Plaintiff's Complaint.

**ANSWER TO COUNT III - ASSAULT UNDER
THE NEW MEXICO TORT CLAIMS ACT
(Against Defendants Andy Fitzgerald and Akeem Powdrell and City of Albuquerque)**

49.   The Defendant incorporates and adopts by reference all of his admissions and denials
to paragraphs 1 through 127 of the Plaintiff's Complaint, as stated above, as though fully set forth
herein.

50.   The Defendant denies the allegations contained in paragraphs 128, 129 and 130  of
the Plaintiff's Complaint.

51.   The allegations contained in paragraph 131of the Plaintiff's Complaint set forth legal
conclusions to which no response is required by the Defendant.  To the extent a response is
deemed required, the Defendant denies same.

8

## ANSWER TO COUNT IV - BATTERY UNDER
## THE NEW MEXICO TORT CLAIMS ACT
### (Against Defendants Andy Fitzgerald and Akeem Powdrell and City of Albuquerque)

52.   The Defendant incorporates and adopts by reference all of his admissions and denials to paragraphs 1 through 131 of the Plaintiff's Complaint, as stated above, as though fully set forth herein.

53.   The Defendant denies the allegations contained in paragraphs 132, 133 and 134  of the Plaintiff's Complaint.

54.   The allegations contained in paragraph 135 of the Plaintiff's Complaint set forth legal conclusions to which no response is required by the Defendant.  To the extent a response is deemed required, the Defendant denies same.

## ANSWER TO COUNT V - FALSE ARREST AND/OR FALSE IMPRISONMENT
## THE NEW MEXICO TORT CLAIMS ACT
### (Against Defendants Andy Fitzgerald and Akeem Powdrell and City of Albuquerque)

55.   The Defendant incorporates and adopts by reference all of his admissions and denials to paragraphs 1 through 135 of the Plaintiff's Complaint, as stated above, as though fully set forth herein.

56.   The Defendant denies the allegations contained in paragraphs 136, 137, 138 and 139 of the Plaintiff's Complaint.

57.   The allegations contained in paragraph 140 of the Plaintiff's Complaint set forth legal conclusions to which no response is required by the Defendant.  To the extent a response is deemed required, the Defendant denies same.

**ANSWER TO COUNT VI - FALSE ARREST AND/OR FALSE IMPRISONMENT
THE NEW MEXICO TORT CLAIMS ACT
(Against Defendants Daniel Galvan and Amy Markwick and City of Albuquerque)**

58.   The Defendant incorporates and adopts by reference all of his admissions and denials to paragraphs 1 through 140 of the Plaintiff's Complaint, as stated above, as though fully set forth herein.

59.   The Defendant denies the allegations contained in paragraphs 141, 142 and 143 of the Plaintiff's Complaint.

60.   The Defendant  is  without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 144  of the Plaintiff's Complaint and, therefore, denies same.

61.   The Defendant denies the allegations contained in paragraphs 145, 146, 147, 148, 149, 150, 151 and 152 of the Plaintiff's Complaint.

62.   The allegations contained in paragraph 153 of the Plaintiff's Complaint set forth legal conclusions to which no response is required by the Defendant.  To the extent a response is deemed required, the Defendant denies same.

**ANSWER TO COUNT VII - DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. §
1983 EXCESSIVE, UNREASONABLE AND/OR UNLAWFUL USE OF FORCE
(Against Defendants Andy Fitzgerald and Akeem Powdrell)**

63.   The Defendant incorporates and adopts by reference all of his admissions and denials to paragraphs 1 through 153 of the Plaintiff's Complaint, as stated above, as though fully set forth herein.

64.   The allegations contained in paragraphs 154, 155 and 156 of the Plaintiff's Complaint set forth legal conclusions to which no response is required by the Defendant.  To the extent a

10

response is deemed required, the Defendant denies same.

65. The Defendant denies the allegations contained in paragraphs 157 and 158 of the Plaintiff's Complaint.

66. The allegations contained in paragraphs 159 and 160 of the Plaintiff's Complaint set forth legal conclusions to which no response is required by the Defendant. To the extent a response is deemed required, the Defendant denies same.

67. The Defendant denies the allegations contained in paragraphs 161, 162, 163, 164, 165 and 166 of the Plaintiff's Complaint.

## ANSWER TO COUNT VIII - DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 FALSE ARREST/FALSE IMPRISONMENT
### (Against Defendants Andy Fitzgerald and Akeem Powdrell)

68. The Defendant incorporates and adopts by reference all of his admissions and denials to paragraphs 1 through 166 of the Plaintiff's Complaint, as stated above, as though fully set forth herein.

69. The Defendant denies the allegations contained in paragraphs 167, 168, 169, 170, 171, 172, 173 and 174 of the Plaintiff's Complaint.

## ANSWER TO COUNT IX - DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 FALSE ARREST/FALSE IMPRISONMENT
### (Against Defendants Daniel Galvan and Amy Marwick)

70. The Defendant incorporates and adopts by reference all of his admissions and denials to paragraphs 1 through 174 of the Plaintiff's Complaint, as stated above, as though fully set forth herein.

71. The Defendant denies the allegations contained in paragraphs 175, 176, 177, 178, 179 , 180 , 181 and 182 of the Plaintiff's Complaint.

### ANSWER TO COUNT X - *MONELL* CLAIM UNDER 42 U.S.C. § 1983
### RESULTING IN THE DEPRIVATION OF CIVIL RIGHTS
### (Against Defendant City of Albuquerque)

72.  The Defendant incorporates and adopts by reference all of his admissions and denials to paragraphs 1 through 182 of the Plaintiff's Complaint, as stated above, as though fully set forth herein.

73.  The Defendant denies the allegations contained in paragraphs 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194 and 195 of the Plaintiff's Complaint.

### ANSWER TO REQUESTED RELIEF

The Defendant denies that the Plaintiff is entitled to any of the requested relief sought.

### JURY DEMAND

The Defendant hereby demands a trial by jury of all claims so triable.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

To the extent the Complaint states, on its face, any valid federal claim(s) against this Defendant, which is denied, Defendants affirmatively state that his actions were objectively reasonable under the circumstances and were done in good faith. Defendant is entitled to qualified immunity.

### THIRD AFFIRMATIVE DEFENSE

The Complaint against Defendant is barred by the doctrine of qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

The alleged conduct of Defendant does not rise to the level of a constitutional violation.

## FIFTH AFFIRMATIVE DEFENSE

The actions of Defendant did not violate the U.S. Constitution or federal law and is  not actionable under 42 U.S.C.  Section 1983.

## SIXTH AFFIRMATIVE DEFENSE

Defendant, at all times material to the allegations in the Complaint, acted in good faith, without malice, and within the scope of his lawful duties.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant did not violate any clearly established law.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant exercised due care in the execution or enforcement of the law as a transit officer.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges that Defendant was negligent or otherwise at fault under any theory, which is denied, Plaintiff and/or other third persons were negligent or otherwise at fault, thereby barring or reducing Plaintiff's recovery from the Defendant under the principles of comparative fault.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise ordinary care and such failure proximately caused the injury and damages caused by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant is not a law enforcement officer for purposes of the waiver of immunity under the New Mexico Tort Claims Act.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent the Complaint states, on its face, any valid federal claim(s) against Defendant, which is denied, then Defendant affirmatively states that Plaintiff's claims do not provide a basis for punitive damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred or reduced by his failure to mitigate his damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

The force alleged to have been exerted by Defendant was reasonable under the circumstances.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the New Mexico Tort Claims Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any claims for punitive damages are barred, in whole or in part, by law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, consent, estoppel, provocation, and/or unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to rely upon such other defenses as may become known or available during discovery proceedings in this case and hereby reserves the right to amend its

14

answer to include such defenses.

WHEREFORE, having fully answered Plaintiff's Complaint, the Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice; award the Defendant its costs and attorneys' fees incurred herein; and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICE OF JONLYN M. MARTINEZ, LLC

By ___Electronically filed November 10, 2014___
        JONLYN M. MARTINEZ
        Attorneys for Defendant
        P.O. Box 1805
        Albuquerque, NM  87103-1805
        (505) 247-9488
        (505) 247-9566 (fax)

I HEREBY CERTIFY that a true copy
of the foregoing Answer was sent via
CM/ECF to all counsel of record:

_____/s/_____

15