**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ALFONSO HERNANDEZ,**

    **Plaintiff,**

**vs.**            **No. 1:14-cv-00964 KBM-SCY**

**CITY OF ALBUQUERQUE,**
**a Municipal Entity Organized Under**
**the Laws of the State of New Mexico**
**and its subsidiaries the Albuquerque**
**Police Department,**

**ANDY FITZGERALD,**
**in his individual capacity as a security**
**officer employed by the Albuquerque**
**Transit Dept., Security Div.,**

**AKEEM POWDRELL,**
**in his individual capacity as a security**
**officer employed by the Albuquerque**
**Transit Dept., Security Div.,**

**DANIEL GALVAN,**
**in his individual capacity as an officer**
**employed by the Albuquerque Police Dept.,**

**AMY MARKWICK,**
**in her individual capacity as an officer**
**employed by the Albuquerque Police Dept.,**

    **Defendants.**

**DEFENDANTS CITY OF ALBUQUERQUE, DANIEL GALVAN AND AMY**
**MARKWICK'S ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF**
**THE TORT CLAIMS ACT AND DEPRIVATION OF CIVIL RIGHTS**

  **COME NOW**, Defendants City of Albuquerque, Daniel Galvan and Amy Markwick

(hereinafter "Defendants"), by and through Assistant City Attorney Trisha A. Walker, and

hereby submit their Answer to Plaintiff's Complaint for Violations of the Tort Claims Act and Deprivation of Civil Rights and state as follows:

## PARTIES, VENUE AND JURISDICTION

1.      Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 1 of Plaintiff's Complaint and therefore deny the same.

2.      Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 2 of Plaintiff's Complaint regarding Fitzgerald's residence and therefore deny the same.  In response to the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

3.      Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 3 of Plaintiff's Complaint regarding Defendant Powdrell's residence and therefore deny the same.  In response to the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

4.      Defendants admit the allegations contained in the Paragraph 4 of Plaintiff's Complaint.

5.      Defendants admit the allegations contained in the Paragraph 5 of Plaintiff's Complaint.

6.      Defendants admit the City of Albuquerque is a governmental entity.  In response to the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

7.      In response to the allegations contained in Paragraph 7 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

8.      Defendants admit the allegations contained in the Paragraph 8 of Plaintiff's Complaint.

9.      In response to the allegations contained in Paragraph 9 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

10.     Defendants admit the allegations contained in the Paragraph 10 of Plaintiff's Complaint.

11.     In response to the allegations contained in Paragraph 11 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

12.     In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no

admission or denial.   To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

13.     Defendants admit the allegations contained in the Paragraph 13 of Plaintiff's Complaint.

14.     Defendants admit the allegations contained in the Paragraph 14 of Plaintiff's Complaint.

15.     Defendants admit the allegations contained in the Paragraph 15 of Plaintiff's Complaint.

16.     Defendants admit the allegations contained in the Paragraph 16 of Plaintiff's Complaint.

**FACTUAL BACKGROUND**

17.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 17 of Plaintiff's Complaint and therefore deny the same.

18.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 18 of Plaintiff's Complaint and therefore deny the same.

19.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 19 of Plaintiff's Complaint and therefore deny the same.

20.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 20 of Plaintiff's Complaint and therefore deny the same.

4

21.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 21 of Plaintiff's Complaint and therefore deny the same.

22.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 22 of Plaintiff's Complaint and therefore deny the same.

23.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 23 of Plaintiff's Complaint and therefore deny the same.

24.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 24 of Plaintiff's Complaint and therefore deny the same.

25.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 25 of Plaintiff's Complaint and therefore deny the same.

26.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 26 of Plaintiff's Complaint and therefore deny the same.

27.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 27 of Plaintiff's Complaint and therefore deny the same.

28.     In response to the allegations contained in Paragraph 28 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no

admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

29.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 29 of Plaintiff's Complaint and therefore deny the same.

30.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 30 of Plaintiff's Complaint and therefore deny the same.

31.     In response to Paragraph 31 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

32.     In response to Paragraph 32 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

33.     In response to Paragraph 33 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

34.     Defendants admit that Plaintiff said that Defendant Fitzgerald was a "security guard."  Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has

misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

35.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 35 of Plaintiff's Complaint and therefore deny the same.

36.     Defendants admit that Defendant Fitzgerald responded.  Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

37.     Defendants admit that Defendant Fitzgerald was employed by the City of Albuquerque Transit Department as a security officer.

38.     Defendants admit the allegations contained in the Paragraph 38 of Plaintiff's Complaint.

39.     In response to Paragraph 39 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

40.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 40 of Plaintiff's Complaint and therefore deny the same.

41.     In response to Paragraph 41 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for

themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

42.     In response to Paragraph 42 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

43.     Defendants deny the allegations contained in the Paragraph 43 of Plaintiff's Complaint.

44.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations of how Plaintiff characterizes the actions contained in the Paragraph 44 of Plaintiff's Complaint and therefore deny the same.

45.     In response to Paragraph 45 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

46.     In response to Paragraph 46 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

47.     Defendants deny the allegations contained in the Paragraph 47 of Plaintiff's Complaint.

48.     In response to Paragraph 48 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for

themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

49.     Defendants admit that Defendant Fitzgerald was ordering Plaintiff to comply. Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.  Defendants deny the remaining allegations contained in the Paragraph 49 of Plaintiff's Complaint.

50.     Defendants deny the allegations contained in the Paragraph 50 of Plaintiff's Complaint.

51.     In response to Paragraph 51 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

52.     Defendants deny the allegations contained in the Paragraph 52 of Plaintiff's Complaint.

53.     In response to Paragraph 53 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

54.     In response to Paragraph 54 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

9

55.     In response to Paragraph 55 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

56.     Defendants deny the allegations contained in the Paragraph 56 of Plaintiff's Complaint.

57.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 57 of Plaintiff's Complaint and therefore deny the same.

58.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 58 of Plaintiff's Complaint and therefore deny the same.

59.     In response to Paragraph 59 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

60.     In response to Paragraph 60 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

61.     Defendants deny the allegations contained in the Paragraph 61 of Plaintiff's Complaint.

10

62.     Defendants deny the allegations contained in the Paragraph 62 of Plaintiff's Complaint.

63.     In response to Paragraph 63 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

64.     In response to Paragraph 64 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

65.     In response to Paragraph 65 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

66.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 66 of Plaintiff's Complaint and therefore deny the same.

67.     In response to Paragraph 67 of Plaintiff's Complaint,  Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

68.     In response to Paragraph 68 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for

11

themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

69.     In response to Paragraph 69 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

70.     In response to Paragraph 70 of Plaintiff's Complaint, Defendants deny the characterization of "second attack."  Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

71.     In response to Paragraph 71 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

72.     In response to Paragraph 72 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

73.     In response to Paragraph 73 of Plaintiff's Complaint, Defendants deny the characterization of "second attack."  Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the

Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

74.     In response to Paragraph 74 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

75.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 75 of Plaintiff's Complaint and therefore deny the same.

76.     In response to the allegations contained in Paragraph 76 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

77.     In response to the allegations contained in Paragraph 77 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

78.     Defendants admit the allegations contained in the Paragraph 78 of Plaintiff's Complaint.

79.     In response to the allegations contained in Paragraph 79 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

80.     In response to the allegations contained in Paragraph 80 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.   To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

81.     In response to Paragraph 81 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

82.     In response to Paragraph 82 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

83.     In response to the allegations contained in Paragraph 83 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.   To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

84.     In response to the allegations contained in Paragraph 84 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.   To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

85.     Defendants deny the allegations contained in the Paragraph 85 of Plaintiff's Complaint.

86.     Defendants deny the allegations contained in the Paragraph 86 of Plaintiff's Complaint.

87.     Defendants deny the allegations contained in the Paragraph 87 of Plaintiff's Complaint.

88.     Defendants deny the allegations contained in the Paragraph 88 of Plaintiff's Complaint.

89.     Defendants deny that there were visible marks on Plaintiff's throat.  Therefore, Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.     In response to Paragraph 90 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

91.     In response to Paragraph 91 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

92.     In response to Paragraph 92 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

93.     Defendants admit Defendant Galvan separated the witnesses but deny the remaining allegations contained in the Paragraph 93 of Plaintiff's Complaint.

94.     In response to Paragraph 94 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

95.     In response to Paragraph 95 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

96.     In response to Paragraph 96 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

97.     Defendants admit the allegations contained in the Paragraph 97 of Plaintiff's Complaint.

98.     Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations that Plaintiff had not been drinking and therefore denies the same. Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

99.     Defendants deny that Defendants Fitzgerald and Powdrell made a false claim. Defendants admit that Defendant Galvan initially thought Plaintiff was the citizen intoxicated on the bus.   Defendants state that Plaintiff made digital recordings of his interaction with Defendants.   These recordings speak for themselves.   To the extent that the Plaintiff has

misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

100.   In response to Paragraph 100 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

101.   In response to Paragraph 101 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

102.   Defendants deny the allegations contained in the Paragraph 102 of Plaintiff's Complaint.

103.   Defendants deny the allegations contained in the Paragraph 103 of Plaintiff's Complaint.  Galvan could smell alcohol and thought it was coming from him.

104.   In response to Paragraph 104 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

105.   Defendants deny the allegations contained in the Paragraph 105 of Plaintiff's Complaint.

106.   In response to Paragraph 106 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for

themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

107.    Defendants deny the allegations contained in the Paragraph 107 of Plaintiff's Complaint.

108.    Defendants deny the allegations contained in the Paragraph 108 of Plaintiff's Complaint.

109.    Defendants deny the allegations contained in the Paragraph 109 of Plaintiff's Complaint.

110.    Defendants deny the allegations contained in the Paragraph 110 of Plaintiff's Complaint.

111.    Defendants admit the allegations contained in the Paragraph 111 of Plaintiff's Complaint.

112.    In response to Paragraph 112 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

113.    In response to Paragraph 113 of Plaintiff's Complaint, Defendants state that Plaintiff made digital recordings of his interaction with Defendants.  These recordings speak for themselves.  To the extent that the Plaintiff has misrepresented or expanded upon the information contained in these recordings, Defendants deny the same.

**COUNT I:  NEGLIGENT HIRING, TRAINING, SUPERVISION RESULTING IN VIOLATIONS OF THE NEW MEXICO TORT CLAIMS ACT (Against Defendant City of Albuquerque involving Andy Fitzgerald and Akeem Powdrell)**

As to the allegations contained in the Paragraph following the Count I heading of Plaintiff's Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 113.

114. In response to the allegations contained in Paragraph 114 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial. To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

115. In response to the allegations contained in Paragraph 115, including subparagraphs a through d of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial. To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

116. In response to the allegations contained in Paragraph 116 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial. To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

117. In response to the allegations contained in Paragraph 117 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial. To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

118. In response to the allegations contained in Paragraph 118 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial. To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

119.    Defendants deny the allegations contained in the Paragraph 119, including subparagraphs a through d of Plaintiff's Complaint.

120.    Defendants deny the allegations contained in the Paragraph 120 of Plaintiff's Complaint.

### COUNT II:  NEGLIGENT HIRING, TRAINING, SUPERVISION RESULTING IN VIOLATIONS OF NEW MEXICO TORT CLAIMS ACT
### (Against Defendant City of Albuquerque involving Daniel Galvan and Amy Markwick)

As to the allegations contained in the paragraph following the Count II heading, Defendants incorporate by reference their answers to Paragraphs 1 through 120.

121.    In response to the allegations contained in Paragraph 121 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

122.    In response to the allegations contained in Paragraph 122 including subparagraphs a and b of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

123.    In response to the allegations contained in Paragraph 123 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

124.    In response to the allegations contained in Paragraph 124 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no

admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

125.    In response to the allegations contained in Paragraph 125 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

126.    Defendants deny the allegations contained in the Paragraph 126, including subparagraphs a and b of Plaintiff's Complaint.

127.    Defendants deny the allegations contained in the Paragraph 127 of Plaintiff's Complaint.

### COUNT III:  ASSAULT UNDER NEW MEXICO TORT CLAIMS ACT
### (Against Defendants Andy Fitzgerald and Akeem Powdrell and City of Albuquerque)

As to the allegations contained in the paragraph following the Count III heading, Defendants incorporate by reference their answers to Paragraphs 1 through 127.

128.    Defendants deny the allegations contained in the Paragraph 128 of Plaintiff's Complaint.

129.    Defendants deny the allegations contained in the Paragraph 129 of Plaintiff's Complaint.

130.    Defendants deny the allegations contained in the Paragraph 130 of Plaintiff's Complaint.

131.    In response to the allegations contained in Paragraph 131 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no

admission or denial.   To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

## COUNT IV:  BATTERY UNDER NEW MEXICO TORT CLAIMS ACT
### (Against Defendants Andy Fitzgerald and Akeem Powdrell and City of Albuquerque)

As to the allegations contained in the paragraph following the Count IV heading, Defendants incorporate by reference their answers to Paragraphs 1 through 131.

132.    Defendants deny the allegations contained in the Paragraph 132 of Plaintiff's Complaint.

133.    Defendants deny the allegations contained in the Paragraph 133 of Plaintiff's Complaint.

134.    Defendants deny the allegations contained in the Paragraph 134 of Plaintiff's Complaint.

135.    In response to the allegations contained in Paragraph 135 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.   To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

## COUNT V: FALSE ARREST AND/OR FALSE IMPRISONMENT UNDER NEW MEXICO TORT CLAIMS ACT
### (Against Defendants Andy Fitzgerald and Akeem Powdrell and City of Albuquerque)

As to the allegations contained in the paragraph following the Count V heading, Defendants incorporate by reference their answers to Paragraphs 1 through 135.

136.    Defendants deny the allegations contained in the Paragraph 136 of Plaintiff's Complaint.

22

137.    In response to the allegations contained in Paragraph 137 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

138.    In response to the allegations contained in Paragraph 138 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

139.    Defendants deny the allegations contained in the Paragraph 139 of Plaintiff's Complaint.

140.    In response to the allegations contained in Paragraph 140 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

### COUNT VI:  FALSE ARREST AND/OR FALSE IMPRISONMENT
### UNDER NEW MEXICO TORT CLAIMS ACT
### (Against Defendants Daniel Galvan, Amy Markwick and City of Albuquerque)

As to the allegations contained in the paragraph following the Count VI heading, Defendants incorporate by reference their answers to Paragraphs 1 through 140.

141.    In response to the allegations contained in Paragraph 141 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

142.     Defendants deny the allegations contained in the Paragraph 142 of Plaintiff's Complaint.

143.     Defendants deny the allegations contained in the Paragraph 143 of Plaintiff's Complaint.

144.     Defendants deny the allegations contained in the Paragraph 144 of Plaintiff's Complaint.

145.     Defendants deny the allegations contained in the Paragraph 145 of Plaintiff's Complaint.

146.     Defendants deny the allegations contained in the Paragraph 146 of Plaintiff's Complaint.

147.     Defendants deny the allegations contained in the Paragraph 147 of Plaintiff's Complaint.

148.     In response to the allegations contained in Paragraph 148 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

149.     In response to the allegations contained in Paragraph 149 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

150.     In response to the allegations contained in Paragraph 150 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no

admission or denial.   To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

151.    Defendants deny the allegations contained in the Paragraph 151 of Plaintiff's Complaint.

152.    Defendants deny the allegations contained in the Paragraph 152 of Plaintiff's Complaint.

153.    In response to the allegations contained in Paragraph 153 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.   To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

### COUNT VII:  DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1983 – EXCESSIVE, UNREASONABLE, AND/OR UNLAWFUL USE OF FORCE (Against Defendants Andy Fitzgerald and Akeem Powdrell)

As to the allegations contained in the paragraph following the Count VII heading, Defendants incorporate by reference their answers to Paragraphs 1 through 153.

154.    Defendants admit that Defendants Fitzgerald and Powell were acting within the course and scope of employment with the City of Albuquerque.  Defendants deny the remaining allegations contained in Paragraph 154 of Plaintiff's Complaint.

155.    In response to the allegations contained in Paragraph 155 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.   To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

156.    In response to the allegations contained in Paragraph 156 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no

admission or denial. To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

157. Defendants deny the allegations contained in the Paragraph 157 of Plaintiff's Complaint.

158. Defendants deny the allegations contained in the Paragraph 158 of Plaintiff's Complaint.

159. In response to the allegations contained in Paragraph 159 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial. To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

160. In response to the allegations contained in Paragraph 160 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial. To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

161. Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the Paragraph 161 of Plaintiff's Complaint and therefore deny the same.

162. Defendants deny the allegations contained in the Paragraph 162 of Plaintiff's Complaint.

163. In response to the allegations contained in Paragraph 163 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial. To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

26

164.     In response to the allegations contained in Paragraph 164 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.   To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

165.     Defendants deny the allegations contained in the Paragraph 165 of Plaintiff's Complaint.

166.     Defendants deny the allegations contained in the Paragraph 166 of Plaintiff's Complaint.

**COUNT VIII:  DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1983**
**-     FALSE ARREST/FALSE IMPRISONMENT –**
**(Against Defendants Andy Fitzgerald and Akeem Powdrell)**

As to the allegations contained in the paragraph following the Count VII heading, Defendants incorporate by reference their answers to Paragraphs 1 through 166.

167.     Defendants deny the allegations contained in the Paragraph 167 of Plaintiff's Complaint.

168.     Defendants deny the allegations contained in the Paragraph 168 of Plaintiff's Complaint.

169.     Defendants deny the allegations contained in the Paragraph 169 of Plaintiff's Complaint.

170.     In response to the allegations contained in Paragraph 170 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.   To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

171.    In response to the allegations contained in Paragraph 171 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial.  To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

172.    Defendants deny the allegations contained in the Paragraph 172 of Plaintiff's Complaint.

173.    Defendants deny the allegations contained in the Paragraph 173 of Plaintiff's Complaint.

174.    Defendants deny the allegations contained in the Paragraph 174 of Plaintiff's Complaint.

**COUNT IX:  DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1983**
**-    FALSE ARREST/FALSE IMPRISONMENT –**
**(Against Defendants Daniel Galvan and Amy Markwick)**

As to the allegations contained in the paragraph following the Count IX heading, Defendants incorporate by reference their answers to Paragraphs 1 through 174.

175.    Defendants deny the allegations contained in the Paragraph 175 of Plaintiff's Complaint.

176.    Defendants deny the allegations contained in the Paragraph 176 of Plaintiff's Complaint.

177.    Defendants deny the allegations contained in the Paragraph 177 of Plaintiff's Complaint.

178.    In response to the allegations contained in Paragraph 178 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no

admission or denial. To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

179. In response to the allegations contained in Paragraph 179 of Plaintiff's Complaint, the Defendants state that those allegations call for a legal conclusion and, therefore, require no admission or denial. To the extent it can be construed that those allegations do require an admission or denial, those allegations are denied.

180. Defendants deny the allegations contained in the Paragraph 180 of Plaintiff's Complaint.

181. Defendants deny the allegations contained in the Paragraph 181 of Plaintiff's Complaint.

182. Defendants deny the allegations contained in the Paragraph 182 of Plaintiff's Complaint.

**COUNT X:  MONELL CLAIM UNDER 42 U.S.C. § 1983
RESULTING IN THE DEPRIVATION OF CIVIL RIGHTS
(Against Defendant City of Albuquerque)**

As to the allegations contained in the paragraph following the Count X heading, Defendants incorporate by reference their answers to Paragraphs 1 through 182.

183. Defendants deny the allegations contained in the Paragraph 183 of Plaintiff's Complaint.

184. Defendants deny the allegations contained in the Paragraph 184 of Plaintiff's Complaint.

185. Defendants deny the allegations contained in the Paragraph 185 of Plaintiff's Complaint.

186.    Defendants deny the allegations contained in the Paragraph 186 of Plaintiff's Complaint.

187.    Defendants deny the allegations contained in the Paragraph 187 of Plaintiff's Complaint.

188.    Defendants deny the allegations contained in the Paragraph 188 of Plaintiff's Complaint.

189.    Defendants deny the allegations contained in the Paragraph 189 of Plaintiff's Complaint.

190.    Defendants deny the allegations contained in the Paragraph 190 of Plaintiff's Complaint.

191.    Defendants deny the allegations contained in the Paragraph 191 of Plaintiff's Complaint.

192.    Defendants deny the allegations contained in the Paragraph 192 of Plaintiff's Complaint.

193.    Defendants deny the allegations contained in the Paragraph 193 of Plaintiff's Complaint.

194.    Defendants deny the allegations contained in the Paragraph 194 of Plaintiff's Complaint.

195.    Defendants deny the allegations contained in the Paragraph 195 of Plaintiff's Complaint.

## REQUESTED RELIEF

196.    Defendants deny that the Plaintiff is entitled to the relief requested in the Paragraph following the heading, "Requested Relief", including subparagraphs A, B, C, D and E, in Plaintiff's Complaint.

197.    Any allegation contained in Plaintiff's Complaint that is not expressly admitted herein is hereby denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

To the extent the Complaint states, on its face, any valid federal claim(s) against Defendants, which is denied, Defendants affirmatively state this their actions were objectively reasonable under the circumstances and were done in good faith.   Defendants are entitled to qualified immunity.

### THIRD AFFIRMATIVE DEFENSE

The Complaint against Defendants are barred by the doctrine of qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

The alleged conduct of Defendants does not rise to the level of a constitutional violation.

### FIFTH AFFIRMATIVE DEFENSE

The actions of Defendants did not violate the U.S. Constitution or federal law and is not actionable under 42 U.S.C. Section 1983.

## SIXTH AFFIRMATIVE DEFENSE

Defendants, at all material to the allegations in the Complaint, acted in good faith, without malice, and within the scope of their lawful duties.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants did not violate any clearly established law.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants exercised due care in the execution or enforcement of the law.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges that Defendants were negligent or otherwise at fault under any theory, which is denied, Plaintiff and/or other third persons were negligent or otherwise at fault, thereby barring or reducing Plaintiff's recovery from Defendants under the principles of comparative fault.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise ordinary care and such failure proximately caused the injury and damages caused by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent the Complaint states, on its face, any valid federal claim(s) against Defendants, which is denied, then Defendants affirmatively state that Plaintiff's claims do not provide a basis for punitive damages.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred or reduced by his failure to mitigate his damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

The force alleged to have been exerted by Defendants were reasonable under the circumstances.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the New Mexico Tort Claims Act.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any claims for punitive damages are barred, in whole or in part, by law.

### SIXTEENTH AFFIRMATIVE DEFENSE

The alleged detention of Plaintiff was reasonable and necessary.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to rely upon such other defenses as may become known or available during discovery proceedings in this case and hereby reserve the right to amend their answer to include such defenses.

Defendants expressly reserve the right to amend their Answer and/or to assert cross-claims, counter-claims, third-party claims and/or defenses they may have based upon further investigation and discovery which will be conducted in this case.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendants hereby demand a trial by jury on all claims and issues raised in Plaintiff's Complaint filed in this cause.

WHEREFORE, having fully answered and affirmatively defended, Defendants respectfully request that this court dismiss Plaintiff's Complaint with prejudice, award Defendants with attorneys' fees and costs of this action and grant such other and further relief as the court deems just and proper.

Respectfully submitted,

CITY OF ALBUQUERQUE


/s/ Trisha A. Walker
Trisha A. Walker
Assistant City Attorney
P.O. Box 2248
Albuquerque, NM  87103
(505) 768-4500
*Attorney for City of Albuquerque,*
*Daniel Galvan and Amy Markwick*

I certify that a true copy of the
foregoing pleading was served via
Notice of Electronic Filing to:

Anna C. Martinez
Aequitas Law, LLC
P.O. Box 25304
Albuquerque NM 87125
(505) 750-8005

on this 14th day of November, 2014.

/s/ Trisha A. Walker
Trisha A. Walker
Assistant City Attorney