IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

    Plaintiff,

vs.                                                    NO. CIV-14-964 KG/SCY

CITY OF ALBUQUERQUE, et al.

    Defendants.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on December 23, 2014 via electronic mail and was attended by:

    Anna C. Martinez  for Plaintiff(s)

    Trisha Walker, Assistant City Attorney for Defendants City of Albuquerque, Galvan and Markwick

    Patricia Williams for Defendant Akeem Powdrell

    Jonlyn M. Martinez for Defendant Fitzgerald

## NATURE OF THE CASE

   The Plaintiff has filed a complaint for alleged violations of the New Mexico Tort Claims Act and alleged violations of the Plaintiff's civil rights.

   Defendants deny the Plaintiff's allegations, deny any constitutional or statutory violations of Plaintiff's rights and deny proximately causing any injury or damages to the Plaintiff.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

    Plaintiff intends to file: At this time, Plaintiff does not anticipate filing any amendments to the Complaint or naming any additional parties.

Plaintiff(s) should be allowed until January 23, 2015, to move to amend the pleadings and until January 23, 2015, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants intend to file: none at this time.

Defendants(s) should be allowed until February 23, 2015, to move to amend the pleadings and until February 23, 2015, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

## PLAINTIFF'S CONTENTIONS:

Plaintiff contends that he saw two City of Albuquerque Transit Security Officers detaining an individual at a bus stop. Through outreach work sharing food with homeless citizens, Plaintiff had heard many stories of Transit Security officers harming homeless citizens—particularly near the downtown transportation center. When Plaintiff approached the Transit Security Officers, who were later identified as Andy Fitzgerald and Akeem Powdrell, he was attacked. Plaintiff did not pose a threat to the security officers and the security officers had no lawful basis for using force against him. When APD Officers Daniel Galvan and Amy Markwick arrived on the scene they confounded the problem. Initially, APD Officer Daniel Galvan ordered a witness to leave the scene without even taking the witness's name and telephone number down. Officer Galvan shouted at Plaintiff falsely accused him of being intoxicated, and placed Plaintiff in fear of suffering further harm. Plaintiff remained in handcuffs

after the APD Defendants' arrival. Officer Markwick did not intervene or assist Plaintiff while he remained handcuffed and/or while Officer Galvan was causing Plaintiff to fear for his safety.

Plaintiff contends that the Transit Security Officers were law enforcement officers for purposes of the New Mexico Tort Claims Act. Plaintiff further contends that neither qualified immunity nor any other doctrine of immunity protects any of the named Defendants from suit. Plaintiff contends that the actions described more fully in his Complaint state valid causes of action for denial of his Constitutionally-protected rights under both the U.S. and New Mexico Constitutions, as well as for violations of the New Mexico Tort Claims Act. Plaintiff Contends that the individually-named Defendants' actions were willful, wanton, and perpetrated in such a manner as to entitle Plaintiff to seek punitive damages. Plaintiff contends that the City of Albuquerque is liable for violations of Plaintiff's Constitutionally-protected rights because the City's failure to properly screen applicants for hire, failure to supervise employees and/or failure to properly train its employees were a moving force resulting in the violation of Plaintiff's civil rights. Finally, Plaintiff contends that the City of Albuquerque is liable to Plaintiff for the Tort Claims Act violations alleged in his complaint under the doctrine of *Respondeat Superior*.

**DEFENDANTS' CONTENTIONS**

The Plaintiff intentionally interfered with the Defendants' interaction with an individual that was drinking alcohol on a City of Albuquerque bus. The Plaintiff then threatened the Defendants' and prevented them from doing their jobs. The Complaint fails to state a claim upon which relief may be granted against Defendants. To the extent the Complaint states, on its face, any valid federal claim(s) against the Defendants, which is denied, Defendants affirmatively state that their actions were objectively reasonable under the circumstances and were done in good faith. Defendants are entitled to qualified immunity. The Complaint against Defendants is barred

by the doctrine of qualified immunity. The alleged conduct of Defendants does not rise to the level of a constitutional violation. The actions of Defendants did not violate the U.S. Constitution or federal law and are not actionable under 42 U.S.C. § 1983.  Plaintiff seeks remedies that are not available under 42 U.S.C § 1983. The actions of Defendants did not violate Plaintiff's due process rights.  Defendants exercised due care in the execution or enforcement of the law. Defendants, at all times material to the allegations in the Complaint, acted in good faith, without malice, and within the scope of his lawful duties. The actions of Defendants, at all times material to the allegations made in the Complaint, were reasonable, proper and legal. To the extent the Complaint states, on its face, any valid federal claim(s) against the Defendants, which is denied, Defendants affirmatively state that they did not commit a clearly established constitutional violation.  Plaintiff's damages, if any, were due to an independent intervening cause rather than due to any fault on the part of the Defendants.  Plaintiff's injuries or losses, if any, were proximately caused by the negligence, intentional misconduct or other fault of the Plaintiff and/or third person for whom Defendants are not liable.  Plaintiff failed to exercise ordinary care and such failure proximately caused the injury and damages caused by Plaintiff. Defendants Powdrell and Fitzgerald are not law enforcement officers for purposes of the waiver of immunity under the New Mexico Tort Claims Act. To the extent the Complaint states, on its face, any valid federal claim(s) against Defendants, which is denied, then Defendants affirmatively state that Plaintiff's claims do not provide a basis for a punitive damage award.  Plaintiff failed to mitigate his damages, if such damages were in fact incurred. The Plaintiff did not suffer any detriment or damages in any amount whatsoever due to the actions of Defendants. Defendants were, at all times mentioned in the Complaint, engaged in the performance of his regularly scheduled duties as a transit officer. Defendants complied with the requirements of the Fourth Amendment to the United States Constitution.  The force alleged to have been exerted by Defendants was

reasonable under the circumstances Defendants are not liable for any injury resulting from their acts or omissions, where the acts or omissions were the result of the exercise of the discretion vested in them. Plaintiff's state law claims, if any, are subject to the provisions of the New Mexico Tort Claims Act and all of its limitations and immunities. Defendants did not batter Plaintiff.  Defendants did not assault Plaintiff.  Defendants did not falsely imprison Plaintiff.  Defendants did not falsely arrest Plaintiff.  Defendants' immunity for the alleged state claims is not waived under the New Mexico Tort Claims Act. The Plaintiff is not entitled to pre- or post-judgment interest from these Defendants under the facts of this case. The Plaintiff is not entitled to punitive damages.

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:  *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

**PLAINTIFF'S WITNESSES**

1. Plaintiff Alfonso Hernandez
   c/o Anna C. Martinez
   The Plaintiff has information about the events that give rise to his Complaint, the Defendants' conduct, his alleged damages and other relevant matters.

2. Andy Fitzgerald
   c/o The Law Office of Jonlyn M. Martinez

   Mr. Fitzgerald has information about the events that give rise to his Complaint, his conduct during the incident, and may provide other relevant and admissible testimony.

3. Akeem Powdrell
   c/o Wiggins, Williams and Wiggins, PC

   Mr. Powdrell has information about the events that give rise to his Complaint, his conduct during the incident, and may provide other relevant and admissible testimony.

4. Daniel Galvan
   c/o City of Albuquerque Legal Department

    Mr. Galvan has information about the events that give rise to his Complaint, his conduct during the incident, and may provide other relevant and admissible testimony.

5. Amy Markwick
   c/o City of Albuquerque Legal Department

   Ms. Markwick has information about the events that give rise to Plaintiff's Complaint, her conduct during the incident, and may provide other relevant and admissible testimony.

6. All witnesses listed by any other party;

7. Such records custodians as may be necessary;

8. Any witness offered, listed, identified or disclosed by any other party in any manner;

9. Any witnesses identified in discovery;

10. Any expert witness subsequently retained and identified by the Defendants;

11. Plaintiff reserves the right to supplement this witness list as additional witnesses are identified.

**PLAINTIFF'S EXHIBITS:**

1. Video recording made by Plaintiff of the incident;

2. Audio recording made by Plaintiff of the incident;

3. Video recording made by Defendant Daniel Galvan of the incident;

4. Disciplinary reports and personnel records regarding Defendant Andy Fitzgerald and/or Defendant Akeem Powdrell;

5. Any incident report or other reports created as a result of the incident;

6. Reports and investigatory records created by the Independent Review Officer as a result of Plaintiff's complaint regarding this incident;

7. Plaintiff's medical records;

8. Any and all documents listed by any other party in this matter;

9. Copies of depositions of parties or witnesses;

10. Copies of any and all pleadings regarding the Plaintiff or other documents filed with the Court;

11. Copies of any and all documents produced in or obtained by any party in discovery;

12. Any and all exhibits attached to any deposition in this matter;

13. Any and all exhibits disclosed, offered, or identified at any time and in any fashion by any other party.

14. Any and all documents provided to or relied on by any expert retained by any party in this lawsuit.

15. Plaintiff reserves the right to supplement this exhibit list as additional exhibits are identified.

**PLAINTIFF'S EXPERTS**:

Plaintiff has not yet identified any experts that he may retain and call at trial. Plaintiff reserves the right to retain experts and will supplement this disclosure in accordance with the Court's Scheduling Order, the Federal Rules of Civil Procedure, and the Local District Court Rules.

**DEFENDANTS' WITNESSES**

6. Plaintiff Alfonso Hernandez
   c/o Anna c. Martinez
   The Plaintiff has information about his conduct, the Defendants' conduct, his alleged damages and other relevant matters.

7. Andy Fitzgerald
   c/o The Law Office of Jonlyn M. Martinez
   Mr. Fitzgerald has information regarding the Plaintiff's conduct, his defenses and other relevant matters.

8. Akeem Powdrell
   c/o Wiggins, Williams and Wiggins, PC
   Mr. Powdrell has information regarding the Plaintiff's conduct, his defenses and other relevant matters.

9. Daniel Galvan
c/o City of Albuquerque Legal Department
Mr. Galvan has information regarding the Plaintiff's conduct, his defenses and other relevant matters.

10. Amy Markwick
c/o City of Albuquerque Legal Department
Ms. Markwick has information regarding the Plaintiff's conduct, his defenses and other relevant matters.

6. All witnesses listed by any other party;

7. Such records custodians as may be necessary;

8. Any witness offered, listed, identified or disclosed by any other party in any manner;

9. Any witness necessary for foundation, impeachment or rebuttal;

10. Any expert witness subsequently retained and identified by the Defendants;

11. The Defendants reserve the right to supplement this witness list as additional witnesses are identified.

**DEFENDANTS' EXHIBITS**:

1. Incident Report concerning Plaintiff's contact with Defendants;

2. Plaintiff's medical records;

3. Any and all documents listed by any other party in this matter;

4. Copies of depositions of parties or witnesses;

5. Copies of any and all pleadings regarding the Plaintiff or other documents filed with the Court;

6. Copies of any and all documents produced in or obtained by any party in discovery;

7. Any and all exhibits attached to any deposition in this matter;

8. Any and all exhibits disclosed, offered, or identified at any time and in any fashion by any other party.

9. Any and all documents provided to or relied on by any expert retained by any party in this lawsuit.

10. The Defendants reserve the right to supplement this exhibit list as additional exhibits are identified.

**DEFENDANTS' EXPERTS**:

Defendants have yet to identify any experts that it may retain and call at trial, but reserve the right to retain experts and will supplement this disclosure in accordance with the Court's orders, the Federal Rules of Civil Procedure, and the Local District Court Rules.

## DISCOVERY

Discovery will be needed on the following subjects:  *(Brief description of subjects on which discovery will be needed.)*

Maximum of **25** interrogatories and **25** requests for production by each party to any other party.  (Responses due **30** days after service).

Maximum of **25** requests for admission by each party to any other party.  (Response due **30** days after service).

Maximum of **8** depositions by Plaintiff(s) and **8** by Defendants(s).

Each deposition (other than of parties and experts) limited to maximum of **4** hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by **March 30, 2015**

from Defendants(s) by **April 29, 2015**

Supplementation under Rule 26(e) due within 20 days of receipt *(set time(s) or interval(s))*.

All discovery commenced in time to be complete by **May 29, 2015**.

Other Items:  *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file: Motions for Summary Judgment, Motions to Strike Unavailable Affirmative Defenses; Motions in limine as necessary; Motions to Compel discovery as necessary.

Defendants intend to file: motions to dismiss, motions for summary judgment, motions in limine and motions to compel discovery, as necessary or appropriate.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 4-5 days.

____ This is a non-jury case.

__X__ This is a jury case.

The parties request a pretrial conference at the Court's convenience.

## SETTLEMENT

The possibility of settlement in this case is considered cannot be evaluated prior to some discovery.  The parties request a settlement conference at the Court's discretion.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

***Approved and electronically submitted on 01/05/2015***
Anna C. Martinez For Plaintiff

***Defendants' Portion Approved via electronic mail December 24, 2014 as noted in prior filing.***
Trisha Walker, Assistant City Attorney for Defendants City of Albuquerque, Galvan and Markwick

***Defendants' Portion Approved via electronic mail December 24, 2014 as noted in prior filing.***
Patricia Williams for Defendant Powdrell

***Defendants' Portion Approved via electronic mail December 24, 2014 as noted in prior filing.***
Jonlyn M. Martinez for Defendant Fitzgerald