IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,
              Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　　No. CIV-14-964-KG-SCY

CITY OF ALBUQUERQUE,
      a Municipal Entity Organized Under
      the Laws of the State of New Mexico
      and its subsidiaries the Albuquerque
      the Albuquerque
      Police Department,

ANDY FITZGERALD,
      in his individual capacity as an security officer
      employed by the Albuquerque Transit Dept.,
      Security Div.,

AKEEM POWDRELL,
      in his individual capacity as an security officer
      employed by the Albuquerque Transit Dept.,
      Security Div.,

DANIEL GALVAN,
      in his individual capacity as an officer
      employed by the Albuquerque Police Dept.,

AMY MARKWICK,
      in her individual capacity as an officer
      employed by the Albuquerque Police Dept.,
            Defendants.

**PLAINTIFFS' MOTION IN LIMINE NO. 1: TO EXCLUDE TESTIMONY OR EVIDENCE OF PRIOR CIVIL CASES, PRIOR "PROPENSITY TO GET INTO PHYSICAL ALTERCATIONS," PRIOR ALLEGATIONS AGAINST EMPLOYEES OF THE CITY OF ALBUQUERQUE, AND OTHER IRRELEVANT TESTIMONY OR EVIDENCE**

      Plaintiff Alfonso Hernandez, through counsel, AEQUITAS LAW, LLC (Anna C. Martinez) and pursuant the Rules of Civil Procedure, moves, *in limine*, for an Order barring the introduction of certain testimony and/or evidence at trial. In support of this request, Plaintiff states:

**I.     Background**

Unlike many cases involving the allegation that a law enforcement officer violated the rights of an individual, this is not a "he-said-she-said" case. On the contrary, there is no factual question about the events that gave rise to this case. All of the events were recorded, either by video or audio or both. The undisputable evidence demonstrates that the actions that the Defendants took—particularly Defendants Fitzgerald and Powdrell—were clearly outside any lawful authority. There is no legitimate dispute that Defendants harmed Plaintiff. Faced with their inability to dispute the facts of this case, Defendants are apparently taking the axiom that the "best defense is a good offense" to heart. Indeed, much like the physical attack that Defendants Fitzgerald and Powdrell perpetrated against Plaintiff, the Defendants' litigation strategy seems to be to attack—and paint Plaintiff as a serial litigant engaged in barratry to make a fast buck. Nowhere is this more obvious than in the admission by Defendant Fitzgerald's attorney that he seeks to discover any possible physical altercation that Plaintiff may have been in, in order to demonstrate that Plaintiff "has a propensity" to get into such altercations.

Irrespective of whether this line of inquiry is a legitimate area of discovery, it is clear that this claim will form a cornerstone of Defendant Fitzgerald's defense, perhaps of all Defendant's trial strategy, and the parties will benefit from an early ruling as to the admissibility at trial of discussion of 1) Plaintiff's prior civil rights case against the City of Albuquerque and certain police officers employed by the City; 2) Plaintiff's prior unrelated citizen complaints to the Police Oversight Commission and the Independent Review Officer charged with investigating complaints of misconduct against Albuquerque police officers; and 3) any physical altercations Plaintiff may have been involved in with other people (outside the altercation in this case).

For the reasons set forth below, Plaintiff contends that no information related to any of these three areas of inquiry are relevant or probative to any issues present in the case at bar or, if there is any relevance or probative value to any evidence or testimony relating to these three areas of inquiry that such probative value is vastly outweighed by the prejudicial effect that any evidence in these three areas may have. As such, Plaintiff requests that this Court prohibit the introduction of evidence or testimony regarding his prior lawsuit against the City, regarding other complaints that he may have filed against any employees of the City of Albuquerque, and related to any unrelated physical altercations that Plaintiff may have been involved in.

II. **Evidence Of Past Civil Claims or Other Disputes with Law Enforcement Officers Employed by the City of Albuquerque is Inadmissible Under Federal Rules of Evidence 404(b) and 403 as such Proffered Evidence Consists of Improper Purported Propensity Evidence and Would Require a Mini-Trial on Each of These Allegations.**

Based on Defendants' conduct thus far in discovery, Plaintiff anticipates that the Defendants will attempt to introduce evidence of purported incidents documented in various police reports, along with past civil matters (primarily the lawsuit that Plaintiff filed against the City and certain police officers and which was settled for $40,000.00), and some unspecified disputes with other non-law enforcement individuals. Plaintiff expects Defendants to introduce this evidence in an attempt to persuade the jury that Plaintiff is "out to get paid" or has made "unfounded" claims in the past and that it is, therefore, likely that this claim is unfounded or that Plaintiff "set out" to be attacked by Defendants so that he could sue.

This is classically inadmissible propensity evidence. Indeed, counsel for Defendant Fitzgerald has admitted as much. *See, attached, Exhibit A: Letter from Jonlyn M. Martinez to Anna C. Martinez, received March 6, 2015*, in which Ms. Jonlyn Martinez explains that one of the issues that she believes that she is entitled to investigate during the discovery phase of the instant action is Mr. Hernandez's "propensity" for bringing civil rights claims as well as his "propensity to get

3

into physical altercations." *Id.* at p. 3.("…Plaintiff's propensity for bringing claims.." and "…Plaintiff's propensity to get into physical altercations.")

This Motion does not address Defendant Fitzgerald's contention that he is entitled to discover this purported propensity evidence—Plaintiff is cognizant of the fact that Defendant Fitzgerald may well be entitled to discover information that he is not entitled to introduce at trial. However, so that there is no confusion, Plaintiff asks that the Court enter an Order prohibiting the introduction of any such propensity evidence and/or testimony.

Defendants seek to introduce evidence that Plaintiff has a "propensity" for getting into physical altercations and that he has filed other, unrelated complaints and a lawsuit to try to paint a picture of Mr. Hernandez as a "bad" person who brings "unfounded" claims or who is trying to "get involved" in situations that may allow him to file a lawsuit. Presumably this would be offered as, somehow, proof of Mr. Hernandez's "bad character." Federal Rule of Evidence 404(b) provides that [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. The Tenth Circuit has "unequivocally stated" that before evidence of other wrongs is admissible, the proponent of the evidence must show the following:

> The evidence (1) must tend to establish intent, knowledge, motive, identity, or absence of mistake or accident; (2) must also be so related to the claim that it tends or serves to establish intent, knowledge, motive, identity, or absence of mistake or accident; (3) must have real probative value, not just possible worth; and (4) must be close in time to the current claim.

*U.S. v. Temple*, 862 F.2d 821, 823 (10th Cir. 1988). "In order to meet the test for admissibility, '[t]here must be a clear and logical connection between the earlier offense or misconduct and the case being tried.'" *Id*. The Tenth Circuit has also acknowledged that "[i]f weak circumstantial

evidence of prior bad acts is admitted under 404(b), there is an inherent danger of prejudice to the [person against whom the evidence is offered]." *Id*.

It is important to note that, in the present case, the "physical altercation" that Plaintiff "got himself into" was an ***unprovoked*** attack by two Albuquerque-employed Transit-department security officers. The entire episode was recorded either on video or audio or both. There is simply no doubt about what happened. Consequently, re-hashing past disputes and purported incidents are not so related to the events of this case that they tend to establish any of the exceptions listed under the first or second prongs of the four-part test laid out in *Temple*. Further, the third prong of the test is not met. The fact that a person who takes time out of his life every week to share food with Albuquerque residents and who goes out of his way to document police and other law enforcement officer interaction with citizens in this city has been party to many disputes with those law enforcement officers does not have the "real probative value" the third prong of the test contemplates. In order for the jury to be able to consider these disputes as "prior bad acts," defense counsel would first have to establish that these disputes were actually unfounded or were a result of Plaintiff's actions. Therefore, they only have very tenuous possible worth, rather than any real probative value.

According to the Tenth Circuit, "[e]vidence of other bad acts may have probative value when the uncharged misconduct is close in time and similar in method to the charged scheme." *U.S. v. Morgan*, 936 F.2d 1561, 1572 (10th Cir. 1991). However, the proponent of the evidence must demonstrate a "clear and logical connection between the alleged earlier offense or misconduct and the case being tried." *U.S. v. Hogue*, 827 F.2d 660, 662 (10th Cir. 1987). Furthermore, in this case, the defense clearly seeks to offer evidence against Plaintiff, requiring the additional backflip of proving the unfounded nature of the other claims brought by the plaintiff

5

to prove, somehow, that the claims at hand are unfounded. Such allegations of misconduct on the part of Plaintiff would themselves be unsubstantiated and completely unrelated to the facts of the case at bar. None of the events are sufficiently factually similar to the events of the case at hand and, therefore, have low probative value, particularly compared to the danger of unfair prejudice, which will come into play under Rule 403.[1]

This brings us to the inadmissibility of these disputes under Fed.R.Evid. 403. Even if the trial court finds that the other acts are admissible under 404(b), it must still conduct a separate balancing of the evidence's probative value and its prejudicial effect under 403. *U.S. v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001); see also *U.S. v. Hogue*, 827 F.2d 660, 663 (10th Cir. 1987). Rule 403 excludes evidence if the trial court determines that "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

Arguments that prior claims made by Plaintiff against other law enforcement officers will present, at most, weak circumstantial evidence of the existence of other "bad acts." In order to complete the clear goal—that is, to paint Plaintiff as a liar or a chronic complainer—the Defendants would then have to conduct a mini-trial on each of these disputes under the guise of 404(b). Indeed, such mini-trials will almost certainly be the precise result if Defendants are permitted to bring weak, circumstantial evidence relating to completely separate events into evidence in this trial. Evidence of each of these disputes will require Plaintiff's counsel to launch into a probing cross-examination into the specifics of each dispute and surrounding circumstances and to present

---

[1] Any probative value these dissimilar disputes might have is substantially outweighed by the possibility that the jury would simply consider this evidence, in some cases, for the impermissible purpose of proving bad character and is therefore inadmissible under the Rule 403 analysis that follows.

witnesses and evidence of their own (including the money that the City of Albuquerque paid in the prior civil case) in order to prevent Plaintiff from being smeared in front of the jury by defense counsel. Each would trigger a mini-trial, which would have the effect of drawing the jury's attention more and more away from the central issues in this case. None of this material or testimony is relevant in this matter, and to delve into it would be confusing and misleading to the jury and would lead to an unwarranted waste of the court's time and resources. Plaintiff therefore moves to exclude all previous claims against law enforcement officers, be they Police Oversight Commission complaints or lawsuits, it their entirety prior to trial.

**III.     Likewise, Plaintiff's Alleged "Propensity to Get into Physical Altercations" Does Not Have Any Probative Value or, in the Alternative Any Probative Value is Outweighed by the Prejudicial Effect that Evidence and Testimony Regarding Plaintiff's "Propensity to Get into Physical Altercations" Might Have.**

Relevant evidence is evidence that has a "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed.R.Evid. 401. Evidence that is not relevant is inadmissible. Fed.R.Evid. 402. Rule 404 limits the admissibility of certain evidence of character to demonstrate propensity to do a certain act, but allows for certain prior acts to be admitted for other purposes. However, this type of evidence, even if relevant, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. The term "unfair prejudice," as used in Rule 403, "refers to relevant evidence that has 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily an emotional one.'" *Stump v. Gates*, 211 F.3d 527, 538 (10th Cir. 2000). The Supreme Court points out that it is "clear that what counts as the Rule 403 'probative value' of an item of

evidence…may be calculated by comparing evidentiary alternatives." *Old Chief v. United States*, 519 U.S. 172, 184 (1997).

Arguing that Plaintiff has "a propensity" to "get into physical altercations" in a trial about a set of facts that leaves no room for Defendants to argue that their actions were anything other than an unprovoked assault upon a city resident will mandate the above-described "mini-trials," but more importantly will permit Defendants to shift the focus of the entire trial away from their documented bad-acts to supposed disputes about unrelated activities. "The competence of evidence in the end depends upon whether it is likely, all things considered, to advance the search for truth." *U.S. v. Krulewitch*, 145 F.2d 76, 80 (2d Cir. 1944).

Records or testimony that Plaintiff may have been involved in other "physical altercations" have no relevance to the case at hand as they do not have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.[2] Such "evidence" does not advance the search for truth in this case, as the truth of the events leading up to and including Plaintiff's violent beating at the hands of Defendants Fitzgerald and Powdrell are not in issue. The recorded evidence of the beating renders the facts surrounding that beating settled. The materials should be excluded under Fed. R. Evid. 402, which provides that irrelevant evidence is inadmissible.

Any testimony and/or evidence of other "physical altercations" that Plaintiff may have been involved in are also inadmissable under 404(b), as they involve unsubstantiated incidents and do not meet the test laid out by the Tenth Circuit for admissibility. They do not meet the first or second prong of the four-part test, as they do not tend to prove anything related to any of the appropriate purposes listed in the first or second prongs of the test. Further, they have, at best, only

---

[2] Definition of "Relevant Evidence" under Fed. R. Evid. 401.

"possible value" rather than any "real probative worth."[3] All of these proffered materials involve unsubstantiated allegations or inconsistent and strange remarks or notations in medical records and elsewhere. It is doubtful that any of these alleged incidents will yield any reliable evidence. Nor would any related testimony involving unsubstantiated and circumstantial evidence concerning Plaintiff and his alleged "propensity" for getting into "physical altercations" be of any worth at the trial, particularly in light of the fact that indisputable evidence exists about exactly what took place before, during, and after Plaintiff was beaten. Finally, even if this information had some probative value, that value would be vastly outweighed by the prejudicial and confusing effect its presentation would have on the case at bar. Plaintiff respectfully moves for the exclusion of any testimony or evidence related to the argument that he has a supposed "propensity" for "getting into physical altercations."

## IV.    Conclusion

The discovery disputes between Defendants and Plaintiff demonstrate that, in the absence of the ability to dispute what happened on the day in question, Defendants seek to paint Plaintiff in a negative light: a "whiner" or a person "with a propensity for getting into physical altercations" who, by insinuation, "got what he deserved." This is not a defense. It is the assassination of Plaintiff's character and an attempt to win a trial by innuendo and prejudice.

Plaintiff is aware that the discovery standard is much broader than the standard for admissible evidence at trial and makes no request of the Court with regard to discovery in this Motion. However, Plaintiff requests that facts, details, or claims arising from other interactions between Plaintiff and law enforcement officers (including Transit-department security officers) or Plaintiff's claims propensity to "get into physical altercations," be held to be inadmissible at trial.

---

[3] See Tenth Circuit's four-part test outlined above.

In short, Plaintiff respectfully requests that the Court grant this Motion in limine excluding any "propensity" evidence—be it "propensity" for "getting into physical altercations" or "propensity" for filing complaints against law enforcement officers and, in particular, city employees at the trial in this case.

Defendants oppose the relief requested in this Motion.

                                          Respectfully submitted,
                                          **AEQUITAS LAW, LLC**

                                          "**Electronically Filed**"
                           By:   /s/ Anna C. Martinez
                                            Attorney for Plaintiff
                                            P.O. Box 25304
                                            Albuquerque, NM 87125
                                            (505) 750-8005
                                            anna@aequitas.pro

I hereby certify that a true and correct copy of the foregoing pleading was submitted to the Court's CM/ECF electronic document filing and delivery service on the date indicated in the electronic header affixed to this pleading and that delivery to all counsel of record was performed by CM/ECF.

"**Electronically Filed**"
/s/ Anna C. Martinez