# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

     Plaintiff,

vs.                                                                                    CIV-14-964 KG/SCY

CITY OF ALBUQUERQUE, et al.

     Defendants.


## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE [Doc. No. 22]

     COMES NOW Defendants, by and through their counsel of record,  and hereby respond to Plaintiff's  Motion in Limine No. 1: to Exclude Testimony or Evidence of Prior Civil Cases, Prior "Propensity to Get into Physical Altercations," Prior Allegations Against Employees of the City of Albuquerque, and Other Irrelevant Testimony or Evidence as follows:

## BACKGROUND

     The Plaintiff testified at his deposition that he previously sued the City of Albuquerque and he received a settlement for this lawsuit.  Following this suit, the Plaintiff has repeatedly attempted to duplicate the conditions that would allow him to recover another settlement from the citizens of Albuquerque.  Therefore, the Plaintiff began insinuating himself into investigations and interactions between City of Albuquerque employees and third-parties in an attempt to start an altercation.[1]

---

[1] The Plaintiff claims that he is a concerned citizen and an advocate for homeless here in Albuquerque and he alleges that his behavior stems from his altruism and care of the under-privileged.  This contention appears disingenuous in light of the fact that the Plaintiff is a Mexican citizen and despite the poverty, murder and corruption taking place in his own state of Veracruz, Mexico, the  Plaintiff testified that he does not video or audiotape any officials in Mexico when he visits family and friends. It is axiomatic that the extreme poverty, kidnappings, murders, and corruption in Mexico are more problematic for Plaintiff's fellow citizens than the inconveniences

In the present case, Defendant Fitzgerald was calmly interacting with an individual who had been caught drinking alcohol at a bus-stop. Defendant Powdrell left the area to contact law-enforcement and to obtain documentation informing this individual that he would not be permitted to trespass at this location. No one was raising their voice, no one was handcuffed and Defendant Fitzgerald was speaking calmly to this individual at the bus-stop. The Plaintiff drove by the area in his private vehicle. He observed this interaction and decided to intervene. He walked to the bus-stop, and began surreptitiously video-recording and audio-recording his interaction with Defendant Fitzgerald. The Plaintiff pretended that he was waiting for the bus and began speaking with the man sitting at the bus-stop. The Plaintiff then insulted Defendant Fitzgerald and provoked a physical altercation. Defendants Fitzgerald and Powdrell then handcuffed the Plaintiff and they waited for the law enforcement officers to arrive at the scene.

Following the Plaintiff's interaction with the Defendants, he can be heard walking and then speaking to his friends. *See audiotape*, attached hereto as Exhibit A.[2] Plaintiff congratulates himself and his friends congratulate him as they watch the video-tape of his interaction with the Defendants. *Id*. The Plaintiff and his friend discuss that they have located attorneys to help them and they discuss disseminating recording devices amongst other individuals. *Id*. The Plaintiff can be heard describing himself as a lion leading lambs. *Id*. No one ever asks the Plaintiff whether he suffered from any injuries or whether he required medical attention, likely because the Plaintiff did not suffer from any injuries. *Id*. After celebrating his success, the Plaintiff picked up his fiancé and went to dinner

---

captured by video and audio by the Plaintiff here in Albuquerque. Thus, the motivation of the Plaintiff's conduct must be ascertained.

[2] This audiotape was produced by the Plaintiff in discovery and will be attached through a Notice of Lodging.

without ever telling her about his interaction with the Defendants. All of this information, as well as the Plaintiff's interaction with other city employees and law enforcement officers is discoverable, relevant and should be admitted at the trial of this matter.

The parties have just started discovery in this case. The Defendants have not had an opportunity to finish the Plaintiff's deposition or take any other depositions in this case. Moreover, Defendant Fitzgerald has been forced to file a Motion to Compel to require the Plaintiff to meet his basic discovery obligations. The Defendants have been unable to ascertain the nature of the Plaintiff's contact with other City employees or law enforcement officers, or any claims or demands the Plaintiff has made as a result of this contact. Thus, the Defendants are unable to meaningfully respond to the Plaintiff's Motion because they have not completed discovery in this case. Therefore, the Defendants request that Plaintiff's Motion in Limine be denied or a ruling on this Motion be stayed until the close of discovery so that the Defendants have an opportunity to obtain all relevant evidence so that it can properly be evaluated, its relevancy and potential prejudice can be determined in the appropriate context.

## POINTS AND AUTHORITIES

A federal district court's authority to manage trials includes the power to exclude evidence pursuant to motions in limine. *Alexander v. Mount Sinai Hosp. Medical Ctr.*, 2005 U.S. Dist. LEXIS 536, 4-6 (N.D. Ill. Jan. 14, 2005)*, citing Falk v. Kimberly Services, Inc.*, 1997 U.S. Dist. LEXIS 5268, 1997 WL 201568, *1 (N.D. Ill. 1997). However, a court has the power to exclude evidence in limine only when that evidence is clearly inadmissible on all potential grounds. *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). A district court should be mindful that some proposed evidentiary submissions cannot be accurately

3

evaluated in a pretrial context via a motion in limine. *Tzoumis v. Tempel Steel Co.*, 168 F. Supp. 2d 871, 873 (N.D. Ill. 2001). For this reason, certain evidentiary rulings should be deferred to trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context. *Hawthorne Partners*, 831 F. Supp. at 1400. Denial of a motion in limine does not automatically mean that all evidence contemplated by the motion will be admitted at trial. *Id.* at 1401. Instead, the court will entertain objections to individual proffers as they occur at trial. *Id.*

In *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988), the Supreme Court set out four procedural safeguards that apply to admissions under Rule 404(b). Such evidence is admissible if (1) it is offered for a proper purpose under Rule 404(b); (2) it is relevant under Rule 404(b); (3) it has probative value that is not substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the district court, if requested, instructs the jury to consider the evidence only for the purpose for which it is admitted.

The Rule is an inclusive one and generally provides for the admission of all evidence of other acts relevant to an issue at trial, unless the evidence is introduced to prove criminal propensity or is unfairly prejudicial. *See United States v. Segien*, 114 F.3d 1014, 1022 (10th Cir. 1997). The party seeking to introduce the evidence must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts. *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985). In addition, "the trial court must specifically identify the purpose for which such evidence is offered . . . [and] a broad statement merely invoking or restating Rule 404(b) will not suffice." *Id.*

Other act evidence that is relevant and offered for a proper purpose under Rule 404(b) must still survive a Rule 403 balancing test in order to be admitted. Evidence is excluded under Rule 403

if the district court determines that "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In the present case, the Plaintiff argues that Plaintiff's propensity to get into physical altercations and his propensity to bring claims against third parties should be excluded from the trial of this matter.  However, the Plaintiff's propensity to get in physical altercations, particularly with City employees demonstrates Plaintiff's motive, opportunity, intent, preparation, plan, knowledge, identity, lack of mistake, lack of accident and modus operandi. This evidence is permissible under Fed. R. Evid. 404(b)(2).   Moreover, this evidence demonstrates the lack of emotional distress damages or physical injuries as a result of this incident.  To the extent the Plaintiff has been in physical altercations prior to this incident, his allegations of emotional distress and physical injury are without merit.   Alternatively, the Plaintiff's alleged injuries may have been caused by a third-party.

In addition, the Plaintiff's conduct is admissible under Fed. R. Evid. 406.  Under Rule 406, a party may present evidence of a person's "habit" for the purpose of proving that the person or organization acted in conformity with that habit. See Fed. R. Evid. 406. While evidence of past wrongs or acts is inadmissible to establish a trait of character and "show action in conformity therewith," *Maples v. Vollmer*, 2013 U.S. Dist. LEXIS 55102, 30-31 (D.N.M. Mar. 31, 2013), *quoting* Fed. R. Evid. 404(b), but that same evidence may be admissible pursuant to rule 406 if it tends to establish a "habit" and is used "to prove that the conduct of the person or organization on a particular occasion was in conformity the habit or routine practice," Fed. R. Evid. 406. This distinction is not, however, merely terminological. "Habit 'describes one's regular response to a repeated specific situation.'" *Id., quoting Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 705

5

F. Supp. 2d 1265, 1269 (D.N.M. 2010)(Browning, J.)(quoting E. Cleary, McCormick on Evidence § 162, at 340 (6th ed.)). Examples of habits include "going down a particular stairway two stairs at a time, or . . . giving the hand-signal for a left turn, or . . . alighting from railway cars while they are moving." *Id.*, *quoting* E. Cleary, McCormick on Evidence § 162, at 340.  "The doing of the habitual acts may become semi-automatic." *Id.*, *quoting Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 705 F. Supp. 2d at 1269. *Id.*, *citing Perrin v. Anderson*, 784 F.2d 1040, 1046 (10th Cir. 1986)(defining habit as "a regular practice of meeting a particular kind of situation with a certain type of conduct, or a reflex behavior in a specific set of circumstances.")(*citing Frase v. Henry*, 444 F.2d 1228, 1232 (10th Cir. 1971)).  The Plaintiff's response to City employees and law enforcement is his habit as it is his regular practice.  Therefore, this evidence is admissible at the trial of this matter.

The Plaintiff concedes that this evidence is discoverable in his Motion in Limine.  Plaintiff states, "[t]his Motion does not address Defendant Fitzgerald's contention that he is entitled to discover this purported propensity evidence—Plaintiff is cognizant of the fact that Defendant Fitzgerald may well be entitled to discover information that he is not entitled to introduce at trial. However, so that there is no confusion, Plaintiff asks that the Court enter an Order prohibiting the introduction of any such propensity evidence and/or testimony." [Doc. 22] pg 4. Thus, there is no dispute that the Defendants are entitled to information concerning the Plaintiff's conduct and contact with other City employees and law enforcement officer.  Therefore, as set forth above, discovery is just beginning, and the Defendants have no ability to adequately argue about the admissibility of the Plaintiff's behavior or other evidence in this matter because this information has not yet been discovered. Therefore, the Defendants request that this Court deny the Plaintiff's Motion or defer ruling on it until after the close of discovery in this case.

**CONCLUSION**

Based on the foregoing, Defendants have obtained evidence that the Plaintiff orchestrated his contact with the Defendants and had previously engaged in similar conduct for the purpose of obtaining remuneration. The Defendants are entitled to conduct discovery regarding this issue and are entitled to present the reasons for its admissibility at the trial of this matter after the conclusion of discovery. Therefore, the Defendants request that this Court deny the Plaintiff's Motion or defer ruling on it until after the close of discovery in this case.

Respectfully submitted,

CITY OF ALBUQUERQUE LEGAL DEPARTMENT

By: *__Approved via email April 16, 2015__*
      TRISHA A. WALKER
      Attorney for Defendants
      City of Albuquerque, Galvan and Markwick
      P.O. Box 2248
      Albuquerque, NM 87103-2248
      (505) 768-4500

WIGGINS WILLIAMS & WIGGINS Plaintiff's Complaint

By: *__Approved via email April 16, 2015__*
      PATRICIA G. WILLIAMS
      Attorney for Defendant Powdrell
      PO Box 1308
      Albuquerque, NM 87103-1308
      (505) 764-8400

7

LAW OFFICE OF JONLYN M. MARTINEZ, LLC

By:     ***Electronically filed April 16, 2015***
        JONLYN M. MARTINEZ
        Attorneys for County Defendants
        P.O. Box 1805
        Albuquerque, NM 87103-1805
        (505) 247-9488

I hereby certify that a true and correct copy of this
pleading was served on all counsel of record via
CM/ECF system on April 16, 2015:

***Electronically Filed by Jonlyn M. Martinez***