# AEQUITAS LAW
## JUSTICE FOR ALL

P.O. Box 25304
Albuquerque, NM 87125

505.750.8005 office
505.750.9105 facsimile

Thursday, March 19, 2015

Jonlyn M. Martinez
Law Office of Jonlyn M Martinez, LLC
P.O. Box 1805
Albuquerque, NM 87103-1805
jonlyn@jmartinezlaw.net

Patricia G. Williams
Wiggins, Williams & Wiggins, P.C.
P.O. Box 1308
Albuquerque, NM 87103-1308
pwilliams@wwwlaw.us

Trisha A. Walker
City of Albuquerque Legal Department
P.O. Box 2248
Albuquerque, NM 87103-2248
twalker@cabq.gov

**VIA EMAIL (Originals Mailed to Ms. Martinez)**

    Re:    *Alfonso Hernandez vs. City of Albuquerque, et al.*
              *No. 1:14-cv-00964-KG-SCY*

Dear Counsel:

I am writing to respond to Ms. Williams' email, dated March 9, 2015, in which she is following up on Ms. Martinez's discovery requests. I will be mailing the original releases to Ms. Martinez as the discovery requests were sent by her on behalf of her client.

In her email, Ms. Williams asked me to inform her if there were any items included in her list of documents that I did not believe had been requested in Ms. Martinez's discovery requests. So that the record is clear as we go forward, these are the items that I do not believe that Ms. Martinez requested in her discovery requests and that I believe will have to be requested by Ms. Williams's client, if she contends that she is entitled to them:

1. Credit card information for Plaintiff's wife;

2. Property tax documents (I think these might be public record, but so that there is no confusion please make a formal request for exactly the documents you seek);

3. Customer list and addresses; and

4. Bank account information.

HTTP://WWW.AEQUITAS.PRO          EXHIBIT A

Letter to Opposing Counsel
Re: *Hernandez vs. City of Albuquerque, et al.*

Page 2 of 2
March 19, 2015

The following items were requested and are attached (originals mailed to Ms. Martinez):

1. Signed medical release; and
2. Signed employment release.

Although I am not sure that the following documents were requested by Ms. Martinez, Mr. Hernandez has no objection to producing them and they are attached:

1. Affidavit that Plaintiff does not pay rent at 406 Columbia SE;
2. A list of the names and addresses of the people that Mr. Hernandez can remember performing work for in the last year;
3. Copies of the records that Mr. Hernandez has relating to money sent that he sent to his wife;
4. Signed IRS Releases (Form 4506); and
5. The contact information for marital counseling. That information is: Immaculate Conception Catholic Church, 619 Copper Ave. NW, Albuquerque, NM 87102.

My client does not have phone records on the date of the incident (August 30, 2012). I believe that the only way to get those records, if they exist, is to subpoena them. Please let me know if you would prefer to subpoena them yourself, or if you would like Plaintiff to subpoena them and I will either send you the account information or issue the subpoena. I am also including the PNM bill information that Mr. Hernandez had. In order to get the date-of-incident PNM bill, I believe a subpoena will also be necessary. Please let me know if you will subpoena the information or if you would like Plaintiff to subpoena it.

Thank you for your attention to this matter.

Sincerely,

*[signature]*
ANNA C. MARTINEZ
Attorney for Plaintiff

cc: client

EXHIBIT A