IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ALFONSO HERNANDEZ,**
       **Plaintiff,**

vs.                       No. CIV-14-964-KG-SCY

**CITY OF ALBUQUERQUE,**
  **a Municipal Entity Organized Under**
  **the Laws of the State of New Mexico**
  **and its subsidiaries the Albuquerque**
  **the Albuquerque**
  **Police Department,**

**ANDY FITZGERALD,**
  **in his individual capacity as an security officer**
  **employed by the Albuquerque Transit Dept.,**
  **Security Div.,**

**AKEEM POWDRELL,**
  **in his individual capacity as an security officer**
  **employed by the Albuquerque Transit Dept.,**
  **Security Div.,**

**DANIEL GALVAN,**
  **in his individual capacity as an officer**
  **employed by the Albuquerque Police Dept.,**

**AMY MARKWICK,**
  **in her individual capacity as an officer**
  **employed by the Albuquerque Police Dept.,**
     **Defendants.**

## MOTION TO COMPEL ANSWERS ON BEHALF OF DEFENDANT CITY OF ALBUQUERQUE BY A PROPERLY DESIGNATED REPRESENTATIVE RATHER THAN BY DEFENDANT DANIEL GALVAN

   Plaintiff Alfonso Hernandez, through counsel, AEQUITAS LAW, LLC, (Anna C. Martinez) hereby moves the Court to compel Defendant City of Albuquerque to provide Answers and Responses to the Interrogatories, Requests for Production, and Requests for Admission served by Plaintiff to Defendant City of Albuquerque by a properly designated representative, in lieu (or

adopting if appropriate) the Answers and Responses propounded in which Defendant Daniel Galvan purports to be the designated representative for Defendant City of Albuquerque. In support of this Motion, Plaintiff states:

Plaintiff delivered Interrogatories, Requests for Production, and Requests for Admission to Defendant City of Albuquerque on or about March 26, 2015. Defendant City of Albuquerque informed the Court and the Parties that it had duly answered Plaintiff's Interrogatories and responded to Plaintiffs Requests for Production and Requests for Admission on April 27, 2015. At the same date, Defendant Amy Markwick and Defendant Daniel Galvan propounded their respective responses to Plaintiff's discovery requests to each of them. In reviewing the information provided, Plaintiff discovered that Defendant Amy Markwick answered and responded to the discovery directed to her. Defendant Daniel Galvan answered and responded to the discovery directed to him. However, Defendant Daniel Galvan also answered and responded to the discovery directed to Defendant City of Albuquerque.

Although the issue at bar is answers to interrogatories and responses to requests for production and requests for admission, rather than testimony given at a deposition, Plaintiff contends that the designation of the proper party to respond to written discovery delivered to an organization is sufficiently similar to Fed.R.Civ.P.30(b)(6) ["Notice or Subpoena Directed to an Organization"] to justify reliance on Rule 30 in this Motion. Specifically, Rule 30 provides, in pertinent part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; . . . **The persons designated must testify about information known or reasonably available to the organization.**

2

(emphasis added).

     Rule 30(b)(6) thus imposes a burden on the responding organization to produce one or more witnesses **who can testify** about the organization's knowledge of the noticed topics. *See, e.g., Great Am. Ins. Co. v. Vegas Constr. Co., Inc*., 251 F.R.D. 534, 539 (D. Nev. 2008). The testimony of a Rule 30(b)(6) witness at a deposition represents the collective knowledge of the organization, not of the specific individual deponent(s). Likewise, the Answers to Interrogatories and Responses to Requests for Production and Requests for Admission to an organization must represent the collective knowledge, in this case, of the City of Albuquerque. Plaintiff contends that it is preposterous to believe that a non-supervisory police officer who is himself a defendant in this case could meet that criteria. The organization in question should be held to have a duty to provide a proper party to respond to written discovery directed to it, just as such an organization has an affirmative duty to provide a witness who is able to provide binding answers on behalf of the organization at a deposition. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1147 (10th Cir. 2007).

     As noted in Plaintiff's Motion to Compel the individual defendants' personnel, IA, disciplinary, training, and human resources files, D.N.M.LR-CIV-26.6 requires that Plaintiff file this Motion to Compel today. Also as noted, in order to comply with Plaintiff's obligation to attempt to resolve this matter without the need for Court intervention while also complying with LR-26.6, by separate filing, Plaintiff will ask the Court to stay the Defendant City of Albuquerque's deadline to respond to this Motion while Plaintiff determines if Defendant City of Albuquerque is willing to agree to the relief sought in this Motion.

Although, Plaintiff intends to attempt to resolve this matter informally, Plaintiff believes that informal resolution is unlikely and presumes that Defendant City of Albuquerque opposes this Motion.

**WHEREFORE**, Plaintiff requests that the Court compel Defendant City of Albuquerque to provide written Answers and Responses to Plaintiff's Interrogatories, Requests for Production, and Requests for Admission to Defendant City of Albuquerque—propounded by a properly designated individual with sufficient knowledge to testify about the City's knowledge of those areas inquired into by Plaintiff within a reasonable timeframe set by the Court.

Respectfully submitted,<br>
**AEQUITAS LAW, LLC**<br>
_____<br>
Anna C. Martinez<br>
Attorney for Plaintiff<br>
P.O. Box 25304<br>
Albuquerque, NM 87125<br>
(505) 750-8005<br>
anna@aequitas.pro

I hereby certify that the foregoing was delivered to all counsel of record via the Court's CM/ECF electronic filing and document delivery service on May 20, 2015.

_____
Anna. C. Martinez

4