IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

    Plaintiff,

vs.                                            No. CIV-14-964 KBM-SCY

CITY OF ALBUQUERQUE,
a Municipal Entity Organized Under
the Laws of the State of New Mexico
and its subsidiaries the Albuquerque
Police Department,

ANDY FITZGERALD,
in his individual capacity as a security officer
employed by the Albuquerque Transit Dept.,
Security Div.,

AKEEM POWDRELL,
in his individual capacity as a security officer
employed by the Albuquerque Transit Dept.,
Security Div.,

DANIEL GALVAN,
in his individual capacity as an officer
employed by the Albuquerque Police Dept.,

AMY MARKWICK,
in her individual capacity as an officer
employed by the Albuquerque Police Dept.,

    Defendants.

**DEFENDANT POWDRELL'S MOTION TO STRIKE EXHIBIT TO PLAINTIFF'S RESPONSE TO POWDRELL'S MOTION FOR SUMMARY JUDGMENT AND <u>MEMORANDUM IN SUPPORT THEREOF</u>**

    Defendant Akeem Powdrell submits this motion to strike exhibits submitted by Plaintiff in his response to Defendant Powdrell's Motion for Summary Judgment and states in support of this motion:

1

1. On June 16, 2015, Mr. Powdrell submitted his Motion for Summary Judgment. Doc. 49 (the "Motion").

2. On July 6, 2015, Plaintiff submitted his response to the Motion. Doc. 52.

3. Plaintiff submitted Exhibit A in support of his response that was not sworn or certified as required by Rule 56 of the Federal Rules of Civil Procedure which states:

> E. Form of affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. . . When a motion for summary judgment is made and support as provided in this rules, ad adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial....

4. Plaintiff did not submit any affidavits in support of his response.

5. Mr. Powdrell objects to Plaintiff's Exhibit A, which purports to be a cover sheet, which is unsworn and unsigned by Mr. Powdrell, with an attached Standard Operating Procedure which purports to be applicable to Mr. Powdrell's employment with the City Transit Department. Doc. 52-1.

6. Exhibit A has not been properly authenticated, is irrelevant and inadmissible, constitutes hearsay, and is not proper summary judgment evidence.

7. Under the clear language of Rule 56, evidence presented to support or opposition to a motion for summary judgment, must be competent evidence that would be admissible at trial.

8. Only admissible evidence may be considered by a Court entertaining a summary-judgment motion, though "[e]vidence that is neither authenticated nor admissible' may be considered by the district court unless the opposing party affirmatively raises the issue of the

2

defect.'" Steele v. Jennings, 2005 WL 2124152 at *3 (S.D.Ohio 2005) (*quoting* McQuain v. Ebner Furnaces, Inc., 55 F.Supp.2d 763, 770 (N.D.Ohio 1999)). In Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), the Court stated: "A party opposing summary judgment 'may not rest upon the mere allegations or denials of his pleadings. A response, by affidavit or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial.'" See Richardson v. Glass, 114 N.M. 119, 121-22, 835 P.2d 835, 837-38 (1992) (affirming summary judgment where Plaintiff's opposition "[did] not controvert any facts in the manner mandated by Rule 1-056(D)(2)"); Oschwald v. Christie, 95 N.M. 251, 253, 620 P.2d 1276, 1278 (affirming summary judgment where nonmovant Plaintiff submitted no affidavits or depositions); Marquez v. Gomez, 116 N.M. 626, 631-32, 866 P.2d 354, 359-60 (Ct. App. 1991), *cert. quashed*, 116 N.M. 801, 867 P.2d 1183 (1993) (no error in court's refusal to consider unsworn statements and reports in opposition to summary judgment); Carter v. Burn Constr. Co. Inc., 85 N.M. 27, 30-31, 508 P.2d 1324, 1327-28 (affirming order striking incompetent affidavit).

9. Plaintiff in this case, seeks to submit non-sworn testimony to establish the truth of statements in the documents. Moreno v. Marrs, 102 N.M. 373, 380, 695 P.2d 1322, 1329 (Ct. App. 1984) (holding that unsworn statement cannot support summary judgment and reversing trial court's award of summary judgment).

10. Exhibit A is not sworn; it does not contain any signature, lacks foundation and should be excluded.

11. "Simply because the Defendants produced the documents does not make them authentic — production does not equate to authentication." Steele, 2005 WL 2124152 at *3.

3

12.     Exhibit A is also irrelevant.  According to Plaintiff, Exhibit A assures an employee can make a "citizen's arrest."  It is established that Mr. Powdrell did not arrest Plaintiff, whether by making a "citizen's arrest" or some other kind of arrest.  Plaintiff was not arrested.  He was given a citation by the police officers at the scene.  Exhibit 1, portions of deposition of Plaintiff, attached hereto and incorporated herein by reference at p. 170, lns. 8-24.

13.     Pursuant to Rule 56, Exhibit A should be excluded from the Court's consideration of the motion.

14.     Due to the nature of this motion, consent has not been sought from opposing counsel.

WHEREFORE, Mr. Powdrell respectfully requests that the following be granted:

A.     Strike Exhibit A from Plaintiff's response to the Motion.

B.     Grant such other and further relief as this Court deems just and proper.

        WIGGINS, WILLIAMS & WIGGINS
        A Professional Corporation

        Electronically Filed

By____*/s/ Patricia G. Williams*_____
        Patricia G. Williams
Attorneys for Defendant Akeem Powdrell
1803 Rio Grande Blvd., N.W. (87104)
P.O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400

We hereby certify that a copy of the foregoing
was served upon opposing counsel of record
through the Court's efile and serve system
on this 20th day of July, 2015.

WIGGINS, WILLIAMS & WIGGINS, P.C.

    Electronically Filed


By   */s/ Patricia G. Williams*
      Patricia G. Williams

Case 1:14-cv-00964-KG-SCY   Document 55   Filed 07/20/15   Page 6 of 6

Page 170

HERNANDEZ vs. CITY OF ALBUQUERQUE                Alfonso Hernandez
1:14- cv-00964 KG-SCY                            February 23, 2015

1   Q.   What happened next?

2   A.   Officer Galvan wanted me to sign a trespass
3   order.

4   Q.   Did you sign it?

5   A.   No.

6   Q.   Why not?

7   A.   I didn't have to.

8   Q.   What happened next?

9   A.   He threatened to arrest me.

10  Q.   What happened next?

11  A.   I asked him to give my wallet back, and
12  then I asked about my phone. Fitzgerald had it in
13  his hand; or, no, he had set it -- it was placed
14  there on the bench. When I went to reach down for my
15  phone, it wasn't there anymore, and Andy had it back
16  in his hand.

17       I looked at him, and I looked at the police
18  officer, and, you know, he gestured to him to give it
19  to me. So I -- he handed it to me.

20       MS. WALKER:  I didn't hear that part.  I'm
21  sorry.  He did what?

22       THE WITNESS:  He handed me the phone.

23  Q.   What happened next?

24  A.   I was allowed to leave.

25  Q.   What did you do after the police left or

EXHIBIT 1