IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

        Plaintiff,

vs.                                                 No. CIV-14-964 KG-SCY

CITY OF ALBUQUERQUE,
a Municipal Entity Organized Under
the Laws of the State of New Mexico
and its subsidiaries the Albuquerque
Police Department,

ANDY FITZGERALD,
in his individual capacity as a security officer
employed by the Albuquerque Transit Dept.,
Security Div.,

AKEEM POWDRELL,
in his individual capacity as a security officer
employed by the Albuquerque Transit Dept.,
Security Div.,

DANIEL GALVAN,
in his individual capacity as an officer
employed by the Albuquerque Police Dept.,

AMY MARKWICK,
in her individual capacity as an officer
employed by the Albuquerque Police Dept.,

        Defendants.

**DEFENDANT POWDRELL'S REPLY IN SUPPORT OF MOTION TO STRIKE EXHIBIT TO PLAINTIFF'S RESPONSE TO POWDRELL'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF**

    Defendant Akeem Powdrell submits this reply in support of his motion to strike exhibits submitted by Plaintiff in his response to Defendant Powdrell's Motion for Summary Judgment [Doc. 49] (the "Motion"). Both the Motion and the motion to strike exhibits should be granted

1

because the exhibits Plaintiff seeks to have admitted in support of his response to the Motion do not satisfy the requirements of Federal Rule of Civil Procedure 56 for admissible exhibits.

On June 16, 2015, Mr. Powdrell submitted the Motion. Plaintiff filed a response to the Motion, but included inadmissible documents in support of his response. [Doc. 52] To respond to a summary judgment motion, Rule 56 requires that affidavits be submitted based on personal knowledge and that the affidavits be sworn and under oath. *See* Rule 56(E). Further, Rule 56 requires that the party contesting a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

Plaintiff, in his initial response to the Motion, submitted Exhibit A, including what appears to be a cover sheet, which is unsworn and unsigned by Mr. Powdrell, with an attached Standard Operating Procedure which purports to be applicable to Mr. Powdrell's employment as a Transmit Security Office ("TSO") with the City of Albuquerque Transit Department. [Doc. 52-1] Exhibit A was not properly authenticated, is irrelevant and inadmissible, constitutes hearsay, and is inadmissible without further explanation and is not proper summary judgment evidence.

Plaintiff's response to Mr. Powdrell's motion to strike was that Plaintiff submitted "evidence" which would demonstrate the falsity of Mr. Powdrell's sworn testimony presented in Mr. Powdrell's affidavit submitted in support of the Motion. In his affidavit, Mr. Powdrell swore that, as a TSO, he had no power to arrest. Plaintiff argues that Exhibit A shows that TSOs can make "citizen's arrests." Making a citizen's arrest does not constitute the power of a TSO to make arrests as a law enforcement officer. *See, e.g.*, State v. Emmons, 2007 NMCA 82, ¶19, 141 N.M. 875. 965 (Ct. App. 2007), 161 P.3d 920 ("It is this last element of reasonableness - using

2

the power of citizen's arrest to facilitate lawful process as opposed to pure self-help that Defendant has ignored, and which now renders his defense incomplete"). Plaintiff confuses the standard between what constitutes state action for purposes of 42 U.S.C. § 1983 ("§ 1983") and what constitutes a law enforcement officer for purposes of the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1, *et seq.* ("TCA"). Whether a TSO can make an actual, as opposed to a citizen's arrest, is a major factor in deciding whether a TSO is a law enforcement officer for purposes of the TCA; that issue is not a major factor in deciding whether Mr. Powdrell was acting within the course and scope of his employment as a state actor under § 1983.

Plaintiff admits that Exhibit A to his response to the Motion "was not sworn or attested to." [Plaintiff's Response to Motion to Strike, Doc. 60, p. 2]. According to the response, Plaintiff was not able to produce these documents, sworn and attested to, because Defendant City of Albuquerque has not produced such documents in response to Plaintiff's request for production. Plaintiff, however, admits that the Court denied his motion to compel production of these documents, requiring that the documents be produced pursuant to a protective order, a form of which the Court approved. Id. While Mr. Powdrell does not admit the referenced documents are relevant to the Motion or admissible, he notes Plaintiff has still not signed the approved protective order, so Plaintiff's inability to get the referenced documents is his fault. .

Plaintiff, through his attorney's affidavit pursuant to Rule 56 in support of his response to Mr. Powdrell's motion to strike, states that Mr. Powdrell could voluntarily produce the documents which the Court ordered were to be produced under the protective order. According to the affidavit, counsel for Plaintiff has not reviewed the proposed and approved protective order with her client. [Doc. 60-1] This argument has three flaws. First, Plaintiff did not request these documents from Mr. Powdrell. Second, Mr. Powdrell does not have a sworn and attested

to copy of Exhibit A, or, indeed, any copy of Exhibit A in his possession. Third, if he had such a document, Mr. Powdrell would decline to produce it because Plaintiff has not indicated whether he will sign the protective order approved by the Court.

In his attorney's affidavit, Plaintiff also insists that, once he obtains Mr. "Powdrell's sworn Responses to Plaintiff's Requests for Production," that those responses will be admissible at trial. [Doc. 60-1, ¶¶ 11, 16 ("Plaintiff therefore requests that he be permitted to supplement the documentary support once he has received the sworn and attested to Responses to Requests for Production owed him by Defendant Powdrell")]. Plaintiff has not requested a copy of Exhibit A from Mr. Powdrell and Mr. Powdrell does not have a copy of Exhibit A. Mr. Powdrell served his responses to Plaintiff's requests for production on April 27, 2015 and no motion to compel additional responses or documents have been filed by Plaintiff. There is no outstanding discovery obligation on Mr. Powdrell. Even so, requests for production are not sworn and cannot be used as admissible evidence at trial without foundation or in support of a summary judgment motion.

The point of this briefing is to strike Plaintiff's Exhibit A submitted in support of his response to the Motion. The facts of the motion to strike are clear: Plaintiff did not submit admissible evidence to support his response to the Motion. Only admissible evidence may be considered by a Court entertaining a summary judgment motion, though "[e]vidence that is neither authenticated nor admissible' may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.'" Steele v. Jennings, 2005 WL 2124152 at *3 (S.D.Ohio 2005) (quoting McQuain v. Ebner Furnaces, Inc., 55 F.Supp.2d 763, 770 (N.D.Ohio 1999)). In this case, Mr. Powdrell affirmatively raised the issue that Exhibit A was not

authenticated.  Neither Plaintiff nor his attorney provided adequate foundation for Exhibit A. Exhibit A should be stricken.

Plaintiff also states that he "needs additional discovery in order to effectively demonstrate that "Mr. Powdrell's Motion is without merit." [Doc. 60, p. 3]  But he states, in his counsel's affidavit that: "Plaintiff does not allege that Defendant Powdrell has failed to provide these documents…  He timely filed his Answers and Responses to Plaintiff's written discovery requests." [Doc. 60-1, ¶ 6]  Additionally, the discovery deadline for serving written discovery in this case has passed and has not been extended.  Thus, there is no opportunity or need for Plaintiff to file a Rule 56 affidavit requesting more discovery, because according to Plaintiff, Mr. Powdrell has satisfied his discovery obligations regarding the production of documents.

The discovery dispute with another party, which this Court has already adjudicated, is irrelevant to the motion to strike.  Even if Exhibit A is admitted, despite the fact that it lacks any foundation, that document is irrelevant to the issues asserted in the Motion.  In the Motion, Mr. Powdrell asserted his entitlement to sovereign immunity under the TCA and qualified immunity under § 1983.  Whether Mr. Powdrell received the training referenced in Exhibit A does not bear on whether Mr. Powdrell was a law enforcement officer for purposes of the TCA or is entitled to qualified immunity under § 1983.

WHEREFORE, Mr. Powdrell respectfully requests that his motion to strike Exhibit A as an unsworn statement and lacking foundation be granted.  Mr. Powdrell requests that the Court decide his Motion without considering Exhibit A and grant the Motion.

        WIGGINS, WILLIAMS & WIGGINS
A Professional Corporation

          Electronically Filed

By   */s/ Patricia G. Williams*
     Patricia G. Williams
Attorneys for Defendant Akeem Powdrell
1803 Rio Grande Blvd., N.W. (87104)
P.O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400

We hereby certify that a copy of the foregoing
was served upon opposing counsel of record
through the Court's efile and serve system
on this 13th day of August, 2015.

WIGGINS, WILLIAMS & WIGGINS, P.C.

    Electronically Filed

By   */s/ Patricia G. Williams*
    Patricia G. Williams