**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ALFONSO HERNANDEZ,

      Plaintiff,

v.                                                   NO. CIV-14-964 KG/SCY

CITY OF ALBUQUERQUE, et al.,

      Defendants.

## ORDER GRANTING STAY OF DISCOVERY

      **THIS MATTER** is before the Court on Defendants City of Albuquerque, Daniel Galvan, and Amy Markwick's ("the City Defendants") Motion for a Stay of Discovery (ECF No. 75) pending resolution of their motion for summary judgment on the basis of qualified immunity. (ECF No. 73) Plaintiff did not file responsive briefing. Having reviewed the City Defendants' motion, the relevant law, and being otherwise fully advised, the Court finds that the motion to stay is well-taken and will be **granted**.

      "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). It is a broad doctrine, protecting officials not only from standing trial, but from bearing the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until th[e] threshold immunity question is resolved, discovery should not be allowed."). As a consequence, in the Tenth Circuit, when defendants file a dispositive motion based on qualified immunity, they are entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v.*

*Jordan,* 958 F.2d 332, 336 (10th Cir. 1992). The timing of this motion is inconsequential; defendants do not waive their right qualified immunity, i.e. their right to be free from suit, by failing to assert it at the earliest possible time. *See MacArthur v. San Juan County*, 495 F.3d 1157, 1162 (10th Cir. 2007) ("We have consistently held, however, that "qualified immunity can be raised at any time. . .").

Further, the protection afforded by the discovery stay to one defendant extends to all defendants. In *Iqbal*, the Supreme Court specifically addressed whether discovery for a defendant asserting qualified immunity can be deferred while pretrial proceedings continued for other defendants. The Supreme Court reasoned:

> It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

556 U.S. 662, 685 (2009).

The Court notes that Defendant Akeem Powdrell has also asserted qualified immunity in his motion for summary judgment. (ECF No. 49) The Court finds that a stay of discovery is appropriate. Therefore, the Court will grant a stay of discovery pending resolution of Defendant Powdrell and the City Defendants' motions for summary judgment on the basis of qualified immunity.

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

2