IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,
                Plaintiff,

vs.                                                                    No. CIV 14-964-KG-SCY

CITY OF ALBUQUERQUE,
       a Municipal Entity Organized Under
       the Laws of the State of New Mexico
       and its subsidiaries the Albuquerque
       the Albuquerque
       Police Department,

ANDY FITZGERALD,
       in his individual capacity as an security officer
       employed by the Albuquerque Transit Dept.,
       Security Div.,

AKEEM POWDRELL,
       in his individual capacity as an security officer
       employed by the Albuquerque Transit Dept.,
       Security Div.,

DANIEL GALVAN,
       in his individual capacity as an officer
       employed by the Albuquerque Police Dept.,

AMY MARKWICK,
       in her individual capacity as an officer
       employed by the Albuquerque Police Dept.,
                Defendants.

**PLAINTIFF ALFONSO HERNANDEZ'S NOTICE OF DISMISSAL, WITH PREJUDICE, OF ALL CLAIMS MADE AGAINST DEFENDANT DANIEL GALVAN AND DEFENDANT AMY MARKWICK.**

Plaintiff Alfonso Hernandez, through counsel, AEQUITAS LAW, LLC (Albert L. Hutchinson, Jr.), hereby gives Notice to the Court and Counsel that he hereby dismisses all Counts alleged in his Complaint against Defendant Daniel Galvan, in his individual capacity, as well as those against Defendant Amy Marwick, in her individual capacity. Those counts include Count VI

False Arrest and/or False Imprisonment under New Mexico Tort Claims Act (Against Defendants Daniel Galvan and Amy Marwick and City of Albuquerque); Count IX: Deprivation of Civil Rights under 42 U.S.C. § 1983 – False Arrest / False Imprisonment – (Against Defendants Daniel Galvan and Amy Marwick).

Plaintiff is also dismissing his claim against the City of Albuquerque for Negligent Hiring, Training, Supervision Resulting in Violations of New Mexico Tort Claims Act, which is set forth in Count II against Defendant City of Albuquerque involving Daniel Galvan and Amy Markwick; the claim for *respondeat superior* alleged against the City based upon actions taken by Defendants Galvan and Markwick, which are set forth in Count VI; the claims against the City for *Monell* liability arising from any acts by Defendants Galvan and Markwick, which are contained within Count X. Plaintiff does not seek to dismiss the claims against other Defendants in Count X or any claims of *respondeat superior* or *Monell* liability against the City based upon the actions of Defendants Andy Fitzgerald or Akeem Powdrell.

I.     **Background**

On October 21, 2015, Defendants City of Albuquerque, Daniel Galvan, and Amy Markwick requested that this Court enter a Summary Judgment for Defendants Daniel Galvan and Amy Markwick[1] (Doc. #73). Defendants concurrently requested that the Court Stay Discovery during the pendency of the Motion to Dismiss based upon Qualified Immunity (Doc. #75).

On November 10, 2015, the Court considered the request by Defendants to Stay Discovery and, based upon the filing-Defendants' position, ordered that all discovery is stayed. That stay includes the production of personnel files, internal affairs files, disciplinary files and other

---

[1] Defendants also sought dismissal of the allegations Plaintiff made against Defendants Andy Fitzgerald and Akeem Powdrell. Plaintiff is not ignoring this argument, but instead respectfully submits that the proper way to address this argument is through a Motion to Strike and through a Motion seeking certification of the issue to the New Mexico Supreme Court. Plaintiff will file these pleadings forthwith.

employment or files in the custody of the City of Albuquerque for each named Defendant (including the police and the transit department defendants). On the same day, the Court entered its Order granting the stay sought by Defendants. (Doc. #86).

Also on November 10, 2015, undersigned counsel requested an extension of time in which to respond to Plaintiffs' Motion for Summary Judgment. Counsel for Defendants, Trisha A. Walker, graciously granted the requested extension through Friday, November 13, 2015. However, after further consideration and consultation between undersigned counsel and Plaintiff, both Plaintiff and his attorney believe that it is in Plaintiffs' best interest to dismiss the Counts that he has alleged against Defendants Daniel Galvan and Amy Marwick.

**II.     Although it is in Plaintiff's Best Interest to Dismiss the Claims Against Galvan and Markwick and So that He Can Focus on Prosecuting the Claims Against Fitzgerald and Powdrell.**

The claims against Defendants Galvan and Markwick arose after the police officers at the scene after Plaintiff had already been attacked, beaten, handcuffed, threatened and placed in legitimate fear for his life. Defendants' actions when they arrrived—particularly those undertaken by Defendant Galvan, were not nearly as professional or respectful as Defendant Galvan would have the Court believe based upon his statement of claimed "Undisputed Material Facts" ("UMF").

For example, in UMF No. 12, Defendant Galvan states under oath that he "thought, incorrectly, that the **call** for the person drinking at the bus stop was the Plaintiff" (emphasis added). This statement is deceptive because it insinuates that Defendant Galvan's "incorrect" belief can be blamed on information that he received from the dispatch call. Defendant Galvan's lapel cam undermines this insinuation. Specifically, Defendant Galvan recorded himself telling Plaintiff: "Listen to me. Everyone here is drunk. I have yet to talk to a single sober person in this whole deal." *Exhibit C* to Defendants' Motion at 2:44:41. Throughout his lapel camera recording,

Defendant Galvan continuously claims, falsely, that he "can tell [the Plaintiff has] been drinking." *Id*., at 2:45:34. Pretending that he was simply given bad information prior to arriving on the scene ignores that accusations he made to Plaintiff that were recorded by his own lapel camera.

Likewise, as Mr. Galvan is aware, the Independent Review Officer determined that Defendant Galvan: "showed … impatience with the situation. [Defendant Galvan] resorted to shouting at the subjects when they were not as loud as [Defendant Galvan] perceived. The video showed [Defendant Galvan] made several assumptions of Mr. Hernandez's actions. [Defendant Galvan] made uncalled-for comments about Mr. Hernandez, such as the assumption that Mr. Hernandez has had several criminal trespass notices issued to him and he did not know how to behave. [Defendant Galvan] made an empty threat to arrest Mr. Hernandez if he did not sign the criminal trespass notice. Per APD SOP 3-3-2(B), if the person refuses to sign the criminal trespass notification form the officer is just to write refused." The IRO therefore found "the allegation of a violation of this SOP against [Defendant Galvan] was SUSTAINED, which means the allegation [that Defendant Galvan violated the standard operating procedure that: [p]ersonnel shall conduct themselves both on and off duty in such a manner as to reflect most favorably on the department.is supported by sufficient evidence." Defendant Galvan's actions in this case were not just the result of a mix up and did not result from information that he received from the dispatcher.

Similarly, Defendant Markwick's claim in UMF No. 21, that Plaintiff's complaint that she did not activate her lapel camera or did not submit her lapel camera recording to the City's database should be disregarded, because "Officer Galvan has a full recording of the encounter with the Plaintiff" ignores the fact that Defendant Markwick's lapel camera would have undoubtedly captured additional portions and/or did capture additional portions but those recorded portions are not unavailable.

### III.     Plaintiff believes that the Automatic Delay of Discovery will Unduly Delay this Case.

Plaintiff would like to be clear that he understands that in the this District such a stay of discovery is generally automatic, when a Defendant seeks dismissal and/or summary judgment on the basis of qualified immunity. Plaintiff does not argue that a stay is unusual but as other local attorneys have noted, Plaintiff too believes there is a question about whether such an automatic stay accomplishes the goal that the stay was designed to effect—that of relieving public employees from the burdens of discovery. Particularly in cases such as this one, in which discovery that has apparently been prepared and gathered is no longer available to Plaintiff as a result of the stay. Plaintiff adds his support to the argument that the intent of the authority to stay discovery was to protect defendants from "broad reaching" discovery—rather than all discovery. *Crawford-El v Britton*, 523 U.S. 574, 593 n.14. (1998).  Plaintiff notes that the District of Colorado, for example, has determined that in cases in which individual defendants will be involved in litigation regardless of the qualified immunity decision, discovery orders should balance the needs of all parties. *See, e.g., Rome v. Romero*, 225 F.R.D. 640, 643-45 (D.Colo. 2004); *Also, Bustos v United States*, 2009 U.S. Dist. Lexis 15928, *Wallin v Shanaman*, 2009 U.S. Dist. Lexis 1688 (D. Colo.).

Likewise, District Courts in the Fifth Circuit have allowed some discovery in the face of qualified immunity motions as well. *See, Sorrells v City of Dallas*, 192 F.R.D. 203, 210 (N.D. Tex. 2000)(noting that public officials are witnesses in the litigation who will need to give testimony regardless of the outcome of the qualified immunity defense); *Buckner v City of Victoria*, 2008 U.S. Dist. Lexis 66007 (S.D. Tex); *Del A. v Edwin Edwards*, 1988 U.S. Dist. Lexis 1791 (E.D. La. 1988)(discovery not stayed in case involving injunctive relief on foster care case).

Nevertheless, as stated, Plaintiff understands that stays in this Court during the pendency of a qualified immunity motion are granted as a matter of course. In this case, Plaintiff would like to avoid the delay that will ensue because of the stay. As noted herein, Plaintiff does not dispute that the filing-Defendants are entitled to the stay sought. Instead, Plaintiff believes that the original intent of such stays may not be served by an automatic stay and that the collateral effect of a blanket stay of discovery may justify reconsidering this practice.

**IV.     Regardless of the Potential Liability of either Defendant Galvan and/or Defendant Markwick, Plaintiffs' Core Claims Concern the Attack he Suffered at the Hands of the Transit Officers. Plaintiff is therefore `Relinquishing his Claims Against the Police Department Officers and All Claims Against the City Arising from those Claims.**

Although Plaintiff denies that his claims against Defendants Galvan and/or Markwick describe *de minimus* harm, it is possible that even after finding a Constitutional violation of Plaintiff's rights, the Court may disagree. A frank assessment of the claims alleged against these Defendants necessarily includes a consideration of the use of the Court's time and resources in managing this case. Under the present set of circumstances and given the much more serious claims against the transit officer defendants, Plaintiff concludes that extensive litigation about the potential liability of Defendants Galvan and/or Markwick is not a good use of the Court's time or Defendant's resources or his own.

**WHEREFORE**, Plaintiff respectfully gives notice that he is voluntarily dismissing all counts against Defendants Daniel Galvan and Amy Markwick together with all claims against the City for any liability against it arising from claims made against Defendants Daniel Galvan and Amy Markwick.

                                      Respectfully submitted,
                                      **AEQUITAS LAW, LLC**

                                      "**Electronically Filed**"
By:   /s/ Albert L. Hutchinson, Jr.
        Attorney for Plaintiff
        P.O. Box 25304
        Albuquerque, NM 87125
        505.750.8005
        al@aequitas.pro

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was delivered to opposing counsel through the Court's CM/ECF document filing and delivery service on November 17, 2015.

"**Electronically Filed**"
/s/ Albert L. Hutchinson, Jr.