## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

     Plaintiff,

vs.                                          NO. CIV-14-964-KG-SCY

CITY OF ALBUQUERQUE, et al.

     Defendants.

### DEFENDANT'S MOTION TO DISMISS FOR DISCOVERY VIOLATIONS

Defendant Fitzgerald, by and through his attorneys, Law Office of Jonlyn M. Martinez, LLC, moves this Court for an order dismissing the Plaintiff's claims against him with prejudice due to the Plaintiff's failure to comply with the Court's Order to provide complete discovery responses to Defendant Fitzgerald's discovery requests. Due to the nature of this Motion, it is deemed opposed. As grounds for the Motion, Defendant states as follows:

### BACKGROUND

Defendant Fitzgerald filed his First Motion to Compel on April 14, 2015. [Document No. 28]. In this Motion to Compel, the Defendant requested that the Plaintiff supplement various interrogatories including Interrogatory No. 16 and Interrogatory No. 20. *Id*., at p. 4. Interrogatory No. 16 requested any criminal actions involving the Plaintiff. Interrogatory No. 20 sought information concerning the Plaintiff's contact with law enforcement officers. *Id*. The Plaintiff interposed baseless form objections that the Interrogatories were not reasonably calculated to lead to the discovery of admissible evidence, overly broad and unduly burdensome

1

and designed to vex and harass the Plaintiff. [Document No. 28-2, pp.'s 14 and 16]. Despite the Defendant's requests that the Plaintiff supplement these Interrogatories, the Plaintiff refused to provide any supplementation thereto. [Document Nos. 28-5, p. 8 and p. 10, 28-6, p. 3, and 28-7, p. 2[1]]. Thus, the Defendant was required to file a Motion to Compel concerning these Interrogatories.

The Court ordered that the parties attend a hearing on April 30, 2015, and during this hearing, the Court ordered the parties to discuss the pending Motion to Compel. *See Clerk's Minutes* [Document No. 36]. Following the hearing, the Defendant received no supplementation of the Plaintiff's discovery responses and no response to his Motion to Compel. *See Notice of Completion of Briefing* [Document No. 37].

On June 2, 2015, the Court entered an Order granting the Defendant's Motion to Compel. [Document No. 43]. The Court ordered that the Plaintiff provide updated and detailed responses to Defendant Fitzgerald's Interrogatories Numbers 6, 8-10, 13-16, 18, 20 and Request for Production Number 7 by June 16, 2015 and provide a written response as to why the Court should not require Plaintiff or his counsel to reimburse Defendant Fitzgerald reasonable expenses

---

[1] The Plaintiff's final response concerning his willingness to supplement this Interrogatory was as follows "you asked Mr. Hernandez to: "…list all contact you have had with law enforcement over the past seven years. With regard to contact, please state the date of the contact, the location of the contact, the nature of the contact and the result of the contact, and the name address and telephone of all individuals involved." However, in your letter, sent March 6th (but dated February 17th), you claim that "The Plaintiff's interaction with law enforcement is relevant to both his claim of liability and damages." *If you will agree to limit this Interrogatory to any interactions with law enforcement that involved any claims of injury,* then I agree that the Interrogatory would be reasonably calculated to lead to the discovery of admissible evidence. Absent that limitation, however, your explanation of the basis for the Interrogatory fails to explain the breadth of the Interrogatory itself. If you will not agree to this limitation, I believe it will be necessary to litigate the matter."

he incurred filing this motion, as required by Fed. R. Civ. P. 37(a)(5)(A). *Id*.

On June 15, 2015, counsel for the Plaintiff filed Plaintiff's Response to the Court's Order of June 2, 2015 and Certificate of Service as to the Production of Answers and Responses to Defendant Fitzgerald's Discovery which was provided on May 29, 2015, and claimed that the Plaintiff produced Answers to the Interrogatories No. 9, 18, and 20. [Document No. 44].

The Defendant replied to the Plaintiff's response and noted the following:

> At no time on April 30, 2015, did counsel for Defendant Fitzgerald agree that the Plaintiff had provided all of the information available. During the meeting, the parties indeed reviewed the Defendant's Motion to Compel. Counsel for the Plaintiff agreed to provide complete responses to Interrogatories 6, 10, 13, 16, Request for Production No. 7 (discovery the Plaintiff had already agreed to supplement but failed to provide) **and** counsel for the Plaintiff agreed to supplement Interrogatories No. 9, 18, and 20. Counsel for the Plaintiff indicated the Court would be required to rule on the dispute concerning the remaining Interrogatories: 8, 14 and 15. Counsel for the Plaintiff also indicated that she had drafted correspondence with these responses that would be provided later that day. Instead, on April 30, 2015, counsel for the Plaintiff provided correspondence dated March 19, 2015. [Document No. 37-1] This correspondence did not supplement the Plaintiff's deficient discovery responses. At no time has the Plaintiff supplemented any discovery responses. In addition, the Plaintiff failed to file a response to the Defendant's Motion to Compel, thus conceding the validity of the Defendant's Motion. *See* D.N.M.LR-Civ. 7.1(b)(The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.) Further, the Plaintiff has failed to comply with any aspect of the Court's Order of June 2, 2015. The Plaintiff has not provided updated and detailed responses to Defendant Fitzgerald's Interrogatories Numbers 6, 8-10, 13-16, 18, 20 and Request for Production Number 7 and the Plaintiff has not provided this Court with any explanation as to why the Plaintiff or his counsel should not be required to reimburse Defendant Fitzgerald for the reasonable expenses he incurred filing this motion, as required by Fed. R. Civ. P. 37(a)(5)(A).

[Document No. 46, p. 2-3]. The Court held a hearing on July 28, 2015, and determined that the Plaintiff's failure to respond stemmed from a misunderstanding. *See Clerk's Minutes* [Document No. 57, p. 2]. Counsel for the Defendant sent a letter to the Court clarifying that the Plaintiff had

indeed sent a letter via electronic mail on May 29, 2015, supplementing Interrogatory Nos. 9, 18 and 20 only. *See letter to Court dated August 12, 2015*, attached hereto as Exhibit A.  However, the supplemental responses for Interrogatory 9 and Interrogatory No. 18 were incomplete. *Id*.  In addition, no supplementation in accordance with the Court's Order of June 2, 2015, had been provided as of August 12, 2015.

This Court scheduled a hearing on October 7, 2015, to discuss the outstanding discovery matters concerning the Defendant's Motion to Compel. [Document No. 66].  Counsel for the Plaintiff failed to appear at this scheduled hearing. [Document No. 67].   Therefore, this Court issued an Order to Show Cause which ordered the Plaintiff to show cause in writing within two (2) days as to why the Court should not impose sanctions for Plaintiff's counsel's failure to comply with its order to appear on October 7, 2015. [Document No. 68].  In response to this Order, counsel for the Plaintiff indicated that she did not have a valid excuse for her non-appearance. [Document No. 69, p. 1].

This Court held an additional motion hearing concerning the Defendant's Motion to Compel. [Document No. 76].  At this hearing the Court ordered counsel for the Plaintiff to confer with Plaintiff and supplement Plaintiff's discovery responses by October 23, 2015. [Document Nos. 76, p. 2 and 77]. The Court reiterated to Plaintiff's counsel that there are consequences associated with failing to comply with discovery requests or failing to supplement responses. *Id*. The Plaintiff provided his supplemental discovery responses on October 23, 2015. *See Supplemental Discovery Responses*, attached hereto as Exhibit B.

Thereafter, on December 4, 2015, the Court ordered the following:

1.      Plaintiff's former counsel, Anna Martinez, reimburse counsel for Defendant

4

Fitzgerald $410.53 in connection with her failure to appear at the October 7, 2015 hearing.

2.      Plaintiff shall pay $1348.42 to counsel for Defendant Fitzgerald in connection with the motion to compel.

3.      The payments must be made within ten business days of entry of this Order.

[Document No. 94].  The Plaintiff has failed to comply with this Order.

The Defendant recently obtained records directly from the Metropolitan Detention Center concerning the Plaintiff.  *See MDC records*, attached hereto as Exhibit C. The Defendant also obtained copies of incident reports concerning the Plaintiff directly from the Albuquerque Police Department and the Bernalillo County Sheriff's Department. *See Incident Reports*, attached hereto as Exhibits D  and E.   Both the records from the Metropolitan Detention Center and the Incident Reports reveal that the Plaintiff's Supplemental Discovery Responses provided on October 23, 2015, were inaccurate and failed to include the significant information.  For example: despite requesting information concerning Plaintiff's arrests in Interrogatory No. 16, the Plaintiff failed to list the arrests contained in the Metropolitan Detention Center records: arrest of September 12, 2010, arrest of April 26, 2006, arrest of September 26, 2003, and the arrest of January 10, 1997. *See Exhibit B and Exhibit C.* The Plaintiff also failed to disclose that he contacted the police when he claimed that items were stolen from his property. *See  Exhibit B and Exhibit D*. In addition, the Plaintiff failed to provide the Defendant with information concerning his behavior and contact with officers from the Albuquerque Police Department. *See Exhibit B and Exhibit E.*

## POINTS AND AUTHORITIES

Rule 37(b)(2)( c) of the Federal Rules of Civil Procedure permits a court to issue an order dismissing the action if a party fails to obey an order to provide or permit discovery. ***Whatcott v. City of Provo***, 231 F.R.D. 627, 630 (D. Utah 2005). Although dismissal is a drastic sanction, it is appropriate in cases of willful misconduct. ***Id***., citing ***Ehrenhaus v. Reynolds***, 965 F.2d 916, 920 (10th Cir. 1992). In ***Ehrenhaus***, the Tenth Circuit identified five factors a court should consider before dismissing an action as a sanction under Rule 37(b)(2): "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." ***Id***. at 921 (citations and quotations omitted). Furthermore, "some of these factors will take on more importance than others." ***Id***. at 922. "Because dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.'" ***Id***. at 922 (quoting ***Meade v. Grubbs***, 841 F.2d 1512, 1520 n. 6 (10th Cir. 1988)).

In the present case, the Defendant has been severely prejudiced by the Plaintiff's conduct. The Plaintiff claims that his rights were violated by the Defendant and that he was falsely imprisoned, assaulted and battered by the Defendant, a transit officer. Therefore, the Plaintiff's contact with authority figures and his arrest history is important to establish the Plaintiff's bias and modus operandi in this matter. Moreover, the Defendant only sent inquiries concerning the Plaintiff to the law enforcement agencies and the detention center here in Albuquerque. Based on the Plaintiff's lack of candor, it seems likely that there are other arrests and contact with other law

enforcement agencies that the Plaintiff has intentionally failed to disclose. Thus, the Plaintiff's intentional omissions prevent the Defendant from properly defending this action. The Plaintiff's conduct has delayed this matter from proceeding. As set forth herein, the Defendant filed his Motion to Compel in this matter on April 14, 2015. Based on the foregoing, the Defendant has been deprived of complete discovery responses for over nine months. The Plaintiff is culpable in this matter. The Defendant has been required to file a motion, write letters to the court, and attend multiple hearings for the purpose of obtaining discovery responses to which he is entitled under the Rules of Civil Procedure. Further, despite receiving a verbal warning from the Court and written Orders that he comply with his discovery obligations, the Plaintiff has failed to do so. The Court has already sanctioned the Plaintiff and ordered that he pay for the Defendant's fees incurred in obtaining the relief requested in his Motion to Compel. However, the Plaintiff has ignored the Court's Order in this regard. Thus, other sanctions have been completely ineffective. Therefore, dismissal is the only remedy available. As such, the Defendant requests that this Court dismiss the Plaintiff's claims against him in this matter.

## CONCLUSION

Based on the foregoing, the Plaintiff has been given every opportunity to comply with this Court's Orders concerning his discovery obligations in this matter. The Plaintiff has completely ignored the Court's Orders in every regard. Moreover, the Plaintiff has made intentional misrepresentations in his discovery responses. All of the factors set forth in *Ehrenhaus* have been satisfied in this case. Therefore, the dismissal of the Plaintiff's Complaint is warranted.

Respectfully submitted,

LAW OFFICE OF JONLYN M. MARTINEZ, LLC

By:   *Electronically filed January 22, 2016*
       JONLYN M. MARTINEZ
       Attorneys for County Defendants
       P.O. Box 1805
       Albuquerque, NM 87103-1805
       (505) 247-9488

I hereby certify that a true and correct copy of this
pleading was served on all counsel of record via
CM/ECF system on January 22, 2016:

***Electronically Filed by Jonlyn M. Martinez***

8