IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

    Plaintiff,

vs.                                                          NO. CIV-14-964-KG-SCY

CITY OF ALBUQUERQUE, et al.

    Defendants.

**DEFENDANT'S REPLY TO PLAINTIFF'S UNTIMELY RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR DISCOVERY VIOLATIONS**

Defendant Fitzgerald, by and through his attorneys, Law Office of Jonlyn M. Martinez, LLC, replies to the Plaintiff's Untimely Response to Defendant's Motion to Dismiss for Discovery Violations[1].

**BACKGROUND**

The current counsel for the Plaintiff entered his appearance on November 17, 2015 [Document No. 91]. In the Plaintiff's Response in Opposition to Defendants' Motion to Dismiss for Discovery Violations and Request That Response by Accepted as Timely [Document No. 101] (hereafter "Plaintiff's Response"), counsel for the Plaintiff stated that he failed to appropriately

---

[1] The Plaintiff's Response fails to cite to a single case in support his arguments. The Tenth Circuit has stated that it "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, "issues will be deemed waived if they are not adequately briefed." *Utahns for Better Transp. v. United States Dep't [390] of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002).

monitor the electronic notifications in this case. Based on the docket number of his Entry of Appearance, and the docket number of the Plaintiff's Response, ten docket entries were sent to counsel for the Plaintiff that he simply ignored. In fact, counsel for the Plaintiff admitted that Plaintiff was made aware of the Defendant's Motion to Dismiss when the Court, on its own initiative, sent a copy of the Order setting the Motion Hearing through the postal service. Thus, apparently, the Court had to go through the extraordinary measure of sending its Order to counsel for the Plaintiff because the Order provided in accordance with D.N.M.LR-Civ. 5 was ignored.

The Plaintiff's Response was filed March 1, 2016. However, the Plaintiff's Response was due February 8, 2016. Therefore, it is untimely and should not be considered by this Court. Counsel for the Plaintiff filed a Notice of Compliance with Payment of Attorneys' Fees by Anna C. Martinez [Document No. 100]. This Notice states that counsel for the Plaintiff provided counsel for Defendant Fitzgerald a check in the amount of $1,348.42 on February 29, 2016. However, this was only a portion of the fees the Court ordered be paid to counsel for Defendant Fitzgerald. ***See Court's Order*** [Document No. 94]. Thereafter, on March 1, 2016, another check in the amount of $410.53 was delivered to the office of counsel for the Defendant. However, in the Notice, counsel for the Plaintiff states that the second check was delivered with a "request that each attorney return whichever check was in error following the hearing on March 4, 2016." [Document No. 100, p. 2] This statement demonstrates that counsel for the Plaintiff failed to read the Court's Order Imposing Costs. Based on the foregoing, the flagrant disregard for the Court's Orders, the Federal Rules of Civil Procedure, this Court's Local Rules and the time and expense of the Defendants and their counsel in this matter could not be more evident.

**POINTS AND AUTHORITIES**

The court is vested with the authority to impose sanctions, including involuntary dismissal, for a party's failure to comply with court orders and the discovery requirements set by local and federal procedural rules. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). These sanctions are intended to penalize those whose actions warrant punishment and to deter those who might otherwise be tempted to such actions. *Nat'l Hockey League v. Met. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). Under Federal Rule of Civil Procedure 16(f), a party may be sanctioned for failing to obey a pretrial order. Rule 26(g) allows a court to impose any appropriate sanction against a party and counsel for signing incomplete or incorrect discovery disclosures. Furthermore, Rule 37 authorizes the imposition of appropriate sanctions for failures to comply with a court order, to disclose or supplement information or a witness as required by the rules, and/or to attend a properly noticed deposition. The authorized sanctions are described in Rule 37(b)(2)(A)(ii)-(vii). A sanction imposed for a discovery violation must be "both just and related to the particular claim which was at issue . . . ." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)) (internal quotation marks omitted). One of the sanctions available for misconduct in the course of pretrial litigation is the partial or complete dismissal of the case. FED. R. CIV. P. 37(b)(2)(A)(v).

Before dismissing a complaint, a court should consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d

at 921 (internal citations and quotation marks omitted). The determination of whether dismissal is an appropriate sanction is a highly fact-specific inquiry. *Id*. at 920.  The Tenth Circuit has found that cases were subject to dismissal due to less offensive misconduct. For example, where the district court found that the plaintiff withheld highly relevant medical information about possible pre-existing conditions with no explanation or excuse to the defendants or the court, the district court's decision to dismiss was affirmed. *Freddie v. Marten Transport, Ltd.*, No. 10-2094, 2011 WL 2438655, at *1, 3 (10th Cir. June 20, 2011) (unpublished) (slip op.). The court has also upheld the dismissal of a case where a plaintiff failed to produce documents in response to a discovery request and failed to produce the documents after two separate court orders requiring the production of the documents. *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1319-1320 (10th Cir. 2011). There, the plaintiff did produce some documents pursuant to the request and additional documents after each order compelling the production of the records. *Id*. The plaintiff also provided more records after the final motion for sanctions was filed. *Id*. at 1320. Nonetheless, the court concluded that dismissal was appropriate. The Tenth Circuit again found dismissal to be an appropriate sanction where the plaintiff moved for a protective order to delay his deposition, the court denied the motion and warned that sanctions would be imposed if he failed to attend the deposition, and the plaintiff failed
to appear for the deposition. *Ehrenhaus*, 965 F.2d at 918, 919.

   The conduct of the Plaintiff has substantially prejudiced Defendant Fitzgerald.  This litigation began August 14, 2014 [Document No. 1-2].  At the end of last year, due to the death of one of his parents, Defendant Fitzgerald moved back to Chicago, Illinois.  Therefore, he is no longer available to assist his counsel defend this litigation. In addition travel back and forth to

Albuquerque will be expensive and time consuming and may cause him to lose any employment he has obtained.  In addition, the Defendant has been prejudiced by the delay and expense caused by the Plaintiff's multiple transgressions.  Furthermore, the Defendant has been substantially prejudiced because the Plaintiff withheld information and gave misleading responses. "The withholding of evidence 'substantially prejudices an opposing party by casting doubt on the veracity of all of the culpable party's submissions throughout litigation.'" *Freddie v. Marten Transport, Ltd.*, No. 10-2094, 2011 WL2438655, at *3 (10th Cir. June 20, 2011) (unpublished) (slip op.) (quoting *Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1180 (10th Cir. 2009)). In the Plaintiff's Response, the Plaintiff argues that his discovery responses were satisfactory because the Plaintiff simply did not recall his incarcerations and contact with law enforcement.  The Plaintiff then admits that the information that was not disclosed was easily available.  If it was easily available, there is no justification for not providing the easily available information to Defendants after the Court ordered its production. Plaintiff never asserted the objection in his discovery responses or at any of the multiple hearings concerning the Defendant's Motion to Compel Discovery that the information was easily or equally available to all parties. Moreover, the Defendant has no ability to know all of the law enforcement agencies with which the Plaintiff has had contact or the other detention facilities in which the Plaintiff was incarcerated.  Therefore, absent a complete and truthful answer from the Plaintiff, the Defendant is deprived a discovery response. The Plaintiff was able to provide more complete and truthful information, but failed to do so as required by law and the order of this Court.

   Because of the Plaintiff's lackadaisical and dismissive approach to discovery, the Defendants are "'forced either to attempt independent corroboration of each submission, at

5

substantial expense of time and money,' or to accept the possibility that every document or statement submitted by [the plaintiff] . . . is incomplete or inaccurate." *Id.* (quoting *Garcia*, 569 F.3d at 1180) (alterations in original).  The conduct of discovery throughout this case demonstrates at best that the Plaintiff has neglected his discovery obligations and court orders. At worst, the actions of the Plaintiff demonstrate an affirmative attempt to conceal information from the Defendant and to mislead them about his criminal history.  "Parties cannot be permitted to jeopardize the integrity of the discovery process by engaging in halfhearted and ineffective efforts . . ." to produce discovery. *Id.* (quoting *Bratka v. Anheuser-Busch Co., Inc.*, 164 F.R.D. 448, 461 (S.D. Ohio 1995)).

This case has been pending for nineteen months.  The Defendant served the Plaintiff with the discovery requests at issue herein on January 7, 2015, almost fourteen months ago.  Despite filing a Motion to Compel (to which the Plaintiff failed to respond) and attending multiple hearings, the Defendant has not received complete responses to this discovery.  If this matter is permitted to continue, the Defendants will be prejudiced because further delay of these proceedings and additional expense will be required to allow the Defendants to complete discovery.

Often, the harsh sanction of dismissal is reserved for those cases where the actions of the attorney and his client demonstrate "flagrant bad faith" and "callous disregard" of their responsibilities. *State of Ohio v. Arthur Andersen & Co.*, 570 F.2d 1370, 1375, 1376 (10th Cir. 1978)(quoting *Nat'l Hockey League*, 427 U.S. at 643). However, such extreme bad faith is not necessary to find that dismissal is warranted. Rather, the Tenth Circuit has "upheld dismissals and defaults where the parties themselves neglected their cases or refused to obey court

orders . . ." but has "reversed dismissals and defaults . . . where inadvertence or simple neglect were the basis of the court's decision." ***Davis v. Miller,*** 571 F.3d 1058, 1063 (10th Cir. 2009) (quoting ***Ocelot Oil Corp. v. Sparrow Indus.***, 847 F.2d 1458, 1464-65 (10th Cir. 1988)).

In the present case, the Plaintiff and his counsel have engaged in "flagrant bad faith" and "callous disregard" of their responsibilities. The Plaintiff has refused to provide complete and truthful responses to the Defendant's discovery requests for almost fourteen months. He failed to respond to the Defendant's Motion to Compel, his lawyer failed to attend a hearing scheduled by the Court with no reasonable excuse, the Plaintiff and his counsel failed to comply with the Court's Order Imposing Costs, the Plaintiff failed to respond to the City Defendants' dispositive motion, and the Plaintiff failed to respond to the Defendant's Motion to Dismiss. It is difficult to fathom a more flagrant or callous disregard for this Court and the applicable Rules.

"Notice is not a prerequisite for dismissal under ***Ehrenhaus***." ***Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.***, 497 F.3d 1135, 1149 (10th Cir. 2007) (citing ***Link v. Wabash R.R. Co.***, 370 U.S. 626, 632 (1962) (upholding dismissal predicated upon trial court's inherent authority and stating that "absence of notice as to the possibility of dismissal . . . [does not] necessarily render such a dismissal void.")); ***Archibeque v. Atchinson, Topeka and Santa Fe Ry. Co.***, 70 F.3d 1172, 1175 (10th Cir. 1995) (affirming dismissal pursuant to ***Ehrenhaus*** test despite absence of warning about imminent dismissal)); ***see also Garcia v. Berkshire Life Ins. Co. of Am.***, 569 F.3d 1174, 1180 (10th Cir. 2009). Notice is an important factor, however, and constructive notice has been held to be sufficient to support dismissal. ***Ecclesiastes 9:10-11-12, Inc.***, 497 F.3d at 1149-50; ***Ehrenhaus***, 965 F.2d at 921 (finding notice satisfied where the court orally invited the defendant to file a motion to dismiss if plaintiff failed to attend a deposition).

7

Furthermore, the motion to dismiss itself may be sufficient to provide notice. *See Donaldson v. Clark*, 819 F.2d 1551, 1560 (11th Cir. 1987) (notice for imposition of Rule 11 sanctions sufficient if it comes from the party seeking sanctions).  The Tenth Circuit has found sufficient notice where a district court's second show cause order warned that "failure to properly show cause as to why petitioner failed to comply with this court's first show cause order could result in dismissal of this lawsuit." *Davis*, 571 F.3d at 1063 (internal quotation and alterations omitted). Here, this Court has warned the Plaintiff that failure to comply with the federal rules and court orders would have consequences. [Document Nos. 76, p. 2 and 77].

This Court has already imposed a substantial award of costs against the Plaintiff and his counsel. The Plaintiff failed to comply with this Order at any time prior to receiving notice of the hearing scheduled for March 4, 2016.  Thus, the Plaintiff has been undeterred from further misconduct. Moreover, the misconduct in this case is not limited to a single event; there is a pattern of willful disregard of discovery obligations and court orders. This Court can craft no sanction that will sufficiently remedy the prejudice to the Defendants, vindicate the Court's interest, punish the Plaintiffs for his transgressions, and deter future litigants from similar conduct aside from dismissal with prejudice.

## CONCLUSION

In sum, each *Ehrenhaus* factor weighs against the Plaintiff and in favor of dismissal. These factors, as applied to the facts of this case, outweigh the judiciary's strong interest in resolving claims on their merits. Therefore, dismissal with prejudice is warranted as a sanction for the Plaintiff's repeated and continuing misconduct.

## CONCLUSION

Based on the foregoing, the Plaintiff has been given every opportunity to comply with this Court's Orders concerning his discovery obligations in this matter. The Plaintiff has completely ignored the Court's Orders in every regard. Moreover, the Plaintiff has made intentional misrepresentations in his discovery responses. All of the factors set forth in *Ehrenhaus* have been satisfied in this case. Therefore, the dismissal of the Plaintiff's Complaint is warranted.

Respectfully submitted,

LAW OFFICE OF JONLYN M. MARTINEZ, LLC

By:   *Electronically filed March 3, 2016*
      JONLYN M. MARTINEZ
      Attorneys for County Defendants
      P.O. Box 1805
      Albuquerque, NM 87103-1805
      (505) 247-9488

I hereby certify that a true and correct copy of this pleading was served on all counsel of record via CM/ECF system on March 3, 2016:

*Electronically Filed by Jonlyn M. Martinez*