IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

    Plaintiff,

vs.                                            NO. CIV-14-964 KG/SCY

CITY OF ALBUQUERQUE, et al.,

    Defendants.

**DEFENDANT CITY OF ALBUQUERQUE'S RESPONSE TO PLAINTIFF'S "MOTION TO STRIKE ARGUMENT ADVANCED BY INAPPROPRIATE PARTY OR, IN THE ALTERNATIVE, TO DIRECT THE APPROPRIATE DEFENDANTS TO JOIN THE MOTION AND FOR RELATED RELIEF" [DOC. 103]**

**COMES NOW**, Defendant City of Albuquerque by and through its attorney, Trisha A. Walker, Assistant City Attorney, and hereby states the following in support of its Response to Plaintiff's Motion to Strike Argument Advanced by Inappropriate Party or, in the alternative, To Direct the Appropriate Defendants to Join the Motion and for Related Relief [Doc. 103]:

**INTRODUCTION**

Plaintiff's Motion to Strike Argument Advanced by Inappropriate Party or, in the Alternative, To Direct the Appropriate Defendants to Join the Motion and for Related Relief [Doc. 103] (hereinafter "Motion") is yet another example of the indifference and disregard that Plaintiff has for this Court, the Rules of Civil Procedure, and the deadlines in this case.[1] As will

---

[1] The Court has taken under advisement whether Plaintiff's lawsuit should be dismissed in its entirety as a sanction for his disregard for numerous Court Orders and deadlines, and discovery violations. A brief review of the Court docket evidences that the Court has filed numerous Orders regarding the conduct of the Plaintiff. [Docs. 43, 66, 68, 70, 77, 94]. The Court has already monetarily sanctioned the Plaintiff for failing to appear for a scheduled hearing (on a previously granted Motion to Compel regarding Plaintiff's deficient discovery answers) and Ordered payment of costs by a specified date. [Doc. 94] Plaintiff did not comply with that Order. Defendant Fitzgerald subsequently filed a Motion to Dismiss for Discovery violations after it was discovered that Plaintiff had been untruthful in his discovery answers and to alert the Court that the Plaintiff had not complied with the Court's ruling regarding the

be shown in this pleading, the Plaintiff makes demonstrably false assertions in his Motion that expose his continued disregard for this Court and its authority.

### I.     Plaintiff's Misrepresentations To The Court

Given the salient nature of the misrepresentations, Defendant will address them first. Plaintiff makes representations in his Motion that are demonstrably false in an attempt to mislead the Court that City Defendants' actions and assertions in this matter have been in bad faith. First, with respect to the Order of dismissal circulated by City Defendants, Plaintiff claims, "Although Defendants' counsel is aware that Plaintiff has never agreed that the City of Albuquerque had standing to ask for dismissal against the transit defendants- who each have their own attorney and who have not requested dismissal or joined Defendant Albuquerque's Motion- the proposed Order predictably asserts that Defendant City of Albuquerque is entitled to dismissal of counts brought against the other defendants." *See* [Doc. 103] at pg. 6. This statement is disingenuous at best, and at its worst, is a blatant untruth. First, Plaintiff is incorrect in his assertion that Defendants' counsel was "aware that Plaintiff has never agreed that the City of Albuquerque had standing to ask for dismissal against the transit defendants." Plaintiff's Motion to Strike was the first occasion that Plaintiff has made any standing argument. Defense counsel would have been made aware of Plaintiff's position on the subject had Plaintiff conferred with counsel before filing the Motion in accordance with the Rules of Civil Procedure.[2] Without said consultation, City Defendants were never made aware that Plaintiff was going to make a standing argument five months after the City Defendants' Motion for Summary

---

payment of monetary sanctions. [Doc. 95]  Defendant Powdrell joined in the Motion [Doc. 96] and the City of Albuquerque orally joined at hearing held on March 4, 2016.  Plaintiff failed to timely respond to that Motion- responding three weeks beyond his deadline to do so. [Doc. 101].

[2] Plaintiff failed to determine Defendants' position on the motion and discover whether his motion was opposed *contra* LR-CV 7.1(a).

2

Judgment was filed. Second, Plaintiff claims that both Defendant Powdrell and Defendant Fitzgerald have not requested dismissal or joined in City Defendants' Motion. *See* [Doc. 103] at pg. 6. Contrary to Plaintiff's assertions, Defendant Powdrell has requested dismissal of this matter on *the same grounds* as set forth by the City of Albuquerque (and actually did so prior to the City). *See* [Doc 49].

Plaintiff also erroneously proclaims in his Motion to Strike that "the proposed Order [circulated by City Defendants] predictably asserts that Defendant City of Albuquerque is entitled to dismissal of counts brought against the other defendants." *See* [Doc. 103] at pg. 6. This is also untruthful and a misrepresentation to the Court. Because it had been since November of 2015 when the Plaintiff's Notice of Dismissal was filed, and there had been no Order dismissing Defendant Markwick, Defendant Galvan and certain counts against the City of Albuquerque, City Defendants drafted the Proposed Order and circulated it to counsel. All parties responded agreeing to the proposed Order, except Plaintiff's counsel. Plaintiff's counsel did not indicate his approval or identify any concerns that he had with the proposed Order. Instead, he filed his Motion to Strike suggesting that defense counsel is attempting something improper with the proposed Order. City Defendants strongly encourage the Court to review the proposed Order attached to Plaintiff's Motion [Doc. 103-1] and compare it to the Notice filed by the Plaintiff to ascertain whether it was anything other than a recitation of Plaintiff's own concessions [Doc. 92].

Plaintiff argues in his Motion that "the City's argument regarding why it should be heard to argue for dismissal for Defendants that are sued individually and represented by other attorney [sic], essentially boils down to: we have to pay the bill for any tort claims violations proven against the officers and therefore we should be considered to have standing to challenge those

3

allegations." *See* Doc. 103 at pg. 13.  Plaintiff has fabricated this argument. A careful review of Defendants' Motion will prove this unfounded contention to be fallacious.  Nowhere has the City of Albuquerque argued that because it may have to pay for a judgment against the Transit Security Officers, it should be heard to argue their dismissal.  The City of Albuquerque contends that it has standing to argue dismissal on claims brought against it, and contends that is exactly what was accomplished in its Motion for Summary Judgment.

> II.    **Plaintiff's Motion To Strike Is A Pretext To An Untimely Response To City Defendants' Motion for Summary Judgment**

Plaintiff's inappropriately titled Motion is merely a belated attempt to respond to City Defendants' Motion for Summary Judgment [Doc. 73] months beyond the deadline. As the Court is well aware, City Defendants filed their Motion for Summary Judgment on October 21, 2015 and Plaintiff failed to file any response.  A Notice of Completion of Briefing was filed with the Court on November 10, 2015 [Doc. 83].  Plaintiff's counsel then contacted counsel for the City Defendants to ask for an extension by which to respond to the Motion for Summary Judgment. Despite the fact that the Notice of Completion had already been filed, counsel for City Defendants agreed that Plaintiff's counsel would have the ability to file a response out of time. Plaintiff did not file a notice with the Court identifying the new deadline as required by LR-CV 7.4(a).

Instead of filing a response, Plaintiff filed a Notice of Voluntary Dismissal [Doc. 92] dismissing all claims against Defendants Markwick and Galvan.  The Notice of Dismissal also voluntarily dismissed claims against the City of Albuquerque that were related to the actions of Markwick and Galvan, specifically Count II: Negligent Hiring, Training, Supervision Resulting in Violations of the New Mexico Tort Claims Act (regarding Markwick and Galvan), Count VI: *Respondeat superior* against the City of Albuquerque based upon the actions of Markwick and

4

Galvan and Count X: Monell liability for the City of Albuquerque pertaining to the actions of Markwick and Galvan. *See* [Doc. 92]. However, the Plaintiff never responded to the remaining Counts argued in City Defendants' Motion for Summary Judgment- Counts I, III, IV and V.[3] Plaintiff now claims in his Motion that "Plaintiff did not concur in the additional, unjustified relief sought by the City." *See* [Doc. 103] at pg. 5. However, the Plaintiff never filed anything opposing the relief requested. Instead, Plaintiff filed the instant Motion to Strike *contra* Fed. R. Civ. P. 12(f)(2)[4], citing no case law for his position, and then proceeded to argue the merits of City Defendants' Summary Judgment Motion[5]. Plaintiff's Motion to Strike was his first attempt to respond to the portions of City Defendants' Motion for Summary Judgment pertaining to the City of Albuquerque. Plaintiff's response is **over 130 days late**. *See* LR-CV 7.4(a)("A response must be served and filed within fourteen (14) calendar days after service of the motion"), LR-CV 7.1 ("the failure of a party to file and serve a response in opposition to the motion within the time prescribed for doing so constitutes consent to grant the motion.") and 16-103 NMRA of the Rules of Professional Conduct. Further, Plaintiff did not seek leave of the Court to file his "Motion to Strike" out of time and sets forth no reasonable basis for not complying within the specified period. *See* Fed. Civ. R. 6(b)(1)(B). "[A] finding of excusable neglect under Rule 6(b)[(1)(B)] requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1290 (10th Cir.1974). "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not

---

[3] City Defendants did not address claims that were levied solely against Defendant Fitzgerald or Defendant Powdrell. *See* Doc. 73 footnote 2.
[4] Rule 12(f) of the Federal Rules of Civil Procedures provides in pertinent part: The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. Fed. R. Civ. P. 12(f).
[5] Doing so effectively gives Plaintiff two bites at the apple regarding his argument in response to City Defendants' Motion for Summary Judgment, as he now has the ability to file a Reply brief to this Motion.

constitute excusable neglect for purposes of Rule 6(b)." *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005). Instead, Plaintiff filed with the Court a response that is over 130 days late under the guise of a new motion.

### III.     The City Of Albuquerque Has Standing To Argue Claims Against It

Even if the Court were to evaluate the merits of Plaintiff's late arguments regarding the "Motion to Strike" portion of Plaintiff's Motion, they fail as a matter of law. Plaintiff argues that the City of Albuquerque is not the appropriate party to make a summary judgment request and requests that "at a minimum" the Court Order Defendants Powdrell and Fitzgerald to join in the requested dismissal and that the Court set a reasonable briefing schedule to afford Plaintiff with the opportunity to respond. *See* Motion at pg. 1. First, Defendant Powdrell previously filed a Motion for Summary Judgment arguing this exact issue [Doc. 49] (which City Defendants referred to in their Motion for Summary Judgment) and Plaintiff responded [Doc. 52]. Second, Plaintiff was afforded an opportunity to respond to the City Defendants' Motion for Summary Judgment both with his original response deadline and by extension from defense counsel. He failed to comply with either deadline. Third, Plaintiff's argument that the City of Albuquerque is not the appropriate party to make arguments that pertain to claims made against it is absurd. The City of Albuquerque filed its Motion for Summary Judgment based upon the Counts that Plaintiff has levied against it. The Plaintiff cites to no authority for his position that the City of Albuquerque is an "inappropriate party" to make those arguments. The Plaintiff named the City of Albuquerque in Count I, III, IV, V and X and it is disingenuous to now state that the City of Albuquerque is an "inappropriate party" to defend those allegations or request summary judgment on those counts.

### IV. The City Of Albuquerque Is Entitled to Summary Judgment On The Remaining Claims (Count I, III, IV, V and X) And Dismissed From This Case With Prejudice

If the Court is inclined to entertain Plaintiff's newly asserted arguments in responding to the City Defendants' Motion for Summary Judgment, the City of Albuquerque is still entitled to Summary Judgment on the remaining claims. Defendant City incorporates by reference the points, authorities and arguments made in its Motion for Summary Judgment [Doc. 73]. The City of Albuquerque's arguments that it should have Summary Judgment granted in its favor flow from the fact that Plaintiff must prove that the immunity from tort liability has been waived for the acts alleged. Simply put, to prove Plaintiff's State Law Claims of Negligent Hiring, Training, Supervision, Assault, Battery or False Arrest and/or False Imprisonment against the City, the Plaintiff must be able to prove that there is a waiver of immunity. *See Noriega v. Stahmann Farms, Inc.*, 113 N.M. 441, 443, 829 P.2d 156, 158 (Ct. App. 1992) (stating that the TCA shields governmental entities and employees from liability for torts committed in the performance of their duties unless immunity has been specifically waived by a section of the TCA). Because the City of Albuquerque can only act through its employees, to do this against the City of Albuquerque, Plaintiff must show that Defendant Powdrell and Defendant Fitzgerald's intentional actions were committed by law enforcement officers as required by §41-4-12 of the New Mexico Tort Claims Act (NMTCA). If there is no waiver under the NMTCA for Defendants Powdrell and Fitzgerald's actions, Plaintiff's claims against the City of Albuquerque fail as well. Thus, despite the Plaintiff's contentions to the contrary, the argument advanced by the City of Albuquerque in its Motion for Summary Judgment is supported by well-established case law. Because there is no basis for the underlying tort claims against Defendant Powdrell and Fitzgerald as they are not law enforcement officers as required for a waiver of

immunity under §41-4-12 of the NMTCA, Plaintiff's remaining claims against the City of Albuquerque cannot stand.

**Defendant Powdrell and Fitzgerald are not Law Enforcement Officers Within The Meaning Of The Term In the New Mexico Tort Claims Act**

Section 41–4–3(D) defines a "law enforcement officer" as "any full-time salaried public employee of a governmental entity whose principal duties under law are to hold in custody a person accused of a criminal offense, to maintain public order or to make arrests for crimes ..." However, the definition of "law enforcement officer" within the confines of the NMTCA is strictly construed. *Chavez-Rodriguez v. City of Santa Fe,* 2008 WL 5992269, at *4. *See, e.g., Montes v. Gallegos*, 812 F. Supp. 1165, 1172 (D.N.M. 1992)(holding that mayor is not a law enforcement officer under the NMTCA, notwithstanding his statutory authority and obligation to exercise law enforcement functions and maintain public order); *Callaway v. N.M. Dep"t of Corr.*, 117 N.M. at 641, 875 P.2d at 397 (holding that correctional officers at penitentiary are not law enforcement officers under the NMTCA, notwithstanding their statutory power to make arrests); *Dunn v. State ex rel. Tax. and Revenue Dep't*, 116 N.M. 1, 4, 859 P.2d 469, 472 (Ct. App. 1993)(holding that Director of Motor Vehicle Division is not a law enforcement officer under the NMTCA, notwithstanding his statutory power to make arrests); *Vigil v. Martinez*, 113 N.M. 714, 721, 832 P.2d 405, 412 (Ct. App. 1992)(holding that probation and parole officers are not law enforcement officers under the NMTCA); *Anchondo v. Corr. Dep't*, 100 N.M. 108, 111, 666 P.2d 1255, 1258 (1983)(holding that the Secretary of Corrections and the Warden of a state penitentiary are not law enforcement officer under the NMTCA.) The Supreme Court of New Mexico explained: From looking at the statutes, we see that neither the Secretary of Corrections nor the Warden engage in any of the traditional duties of "law enforcement officers." They do not **deal directly with the daily custodial care** of prison inmates. Moreover, because they do

not have commissions, **they have no power to make arrests** or to take people into custody should a violation of the public order occur. They are merely administrative officers appointed by the governor to oversee, administer, and supervise the state's corrections system. *Anchondo* 100 N.M. at 109-10, 666 P.2d at 1256-57 (**emphasis added**). *See also Johnson v. Holmes*, 377 F. Supp. 2d 1069, 1083 (D.N.M. 2004)(Browning, J.)("Akin" to a law enforcement officer is, as a matter of law, insufficient to waive sovereign immunity under § 41-4-12 NMSA 1978."), aff'd, 455 F.3d 1133 (10th Cir. 2006).

The facts in the instant matter are established and not contradicted by Plaintiff in his recently filed Motion to Strike. Transit officers do not engage in many of the traditional duties of "law enforcement officers." Transit officers do not deal with criminal suspects, arrestees or convicted criminals in custody. *See* [Doc. 49-2 at ¶11], Affidavit of Bruce Rizzieri. Transit officers have no power to arrest. *See id* at ¶6]. Neither Defendant Powdrell nor Defendant Fitzgerald were licensed by the State of New Mexico as security officers. *See id* at ¶9. Further, Plaintiff attached as Exhibit A to his Response to Defendant Powdrell's Motion for Summary Judgment, a document which he purports to be Standard Operating Procedures of the City Transit Department. [Doc. 52-1]. That document states that "the authority for arrest is only the authority of a private citizen…" *See id.* As such, transit officers have no power to make arrests above that of a citizen's arrest power as per the written procedures. In fact, the facts of this case prove this to be true. Defendant Powdrell left the bus stop to call the Albuquerque Police Department to handle the individual who the Transit Officers were speaking with.

Plaintiff cites to *Baptiste v. City of Las Cruces*, 115 N.M. 178, 181, 848 P.2d 1105, 1008 (Ct. App. 1993) for his proposition that "when even an animal control officer may be considered a law enforcement officer, it seems clear the Defendants Fitzgerald and Powdrell should be

9

considered law enforcement officers." *See* Motion pg. 12. However, the Plaintiff mistakes the procedural history of *Baptiste*. The Court of Appeals reversed and remanded the District Court's dismissal because there was inadequate evidence to make a determination on this issue. The Court did not decide that animal control officers *were* law enforcement officers. In fact, a more recent case decided in 2004 indicates that an animal control officer did not maintain public order for majority of his time, and thus was not a "law enforcement officer" within meaning of New Mexico Tort Claims Act. *Tate v. Fish*, 347 F.Supp.2d 1049 (2004). The Defendant in the *Tate* case was entitled to sovereign immunity from liability for alleged battery of resident during an altercation. Similarly, Defendant Powdrell and Defendant Fitzgerald should be entitled to immunity as they are not law enforcement officers within the meaning of the definition.

Additionally, Plaintiff has come forward with no evidence in his response that his *Monell* claim against the City of Albuquerque has merit. In fact, Plaintiff does not even address Count X against the City of Albuquerque in his belated response. There is no mention of the Federal Claims still pending against the City of Albuquerque. A municipality may not be held liable under Section 1983 solely because it is an employer. *See Monell v. Department of Social Services*, 436 U.S. 658, 691-92 (1978). Because the Plaintiff cannot and did not show as a matter of law that a municipal policy or custom was the moving force behind any alleged constitutional infraction- as required to sustain a *Monell* claim- Count X should be dismissed. As the Court is aware, in order to warrant liability under Section 1983 against a municipality, any alleged policy must be a "policy, statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality's officers. *See Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996). A policy giving rise to liability cannot be established merely by identifying a policymaker's conduct that is properly attributable to the municipality, rather a

plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the alleged injury. *Board of County Com'rs of Bryan County, Okl v. Brown*, 520 U.S. 397, 404-05 (1997). Plaintiff has not cited to nor produced any specific policy, written or otherwise, that evidences his *Monell* claims alleged in his Complaint. Plaintiff has not advanced ANY argument in support of his claims or provided the Court with ANY evidence that would support a *Monell* claim against the City of Albuquerque.

## CONCLUSION

Plaintiff has unabashedly failed to follow even the simplest of deadlines, Rules or Orders in this case. Plaintiff's Motion is the latest example of his disregard. Plaintiff did not comply with the Local Rules when filing his Motion, his Motion was 130 days late, inappropriately titled as a façade to its true nature, and included several misrepresentations.

**WHEREFORE**, based on the aforementioned arguments, points and authorities, Defendant City of Albuquerque requests that this Court deny Plaintiff's Motion to Strike Argument Advanced by Inappropriate Party or In the Alternative, To Direct The Appropriate Defendants to Join the Motion and for Related Relief, grant City Defendants' Motion for Summary Judgment [Doc. 73], award Defendant's attorney's fees in drafting and filing a Response to Plaintiff's unsupported Motion, and for such other and further relief as this Court may deem just and necessary.

Respectfully submitted,

CITY OF ALBUQUERQUE
Jessica M. Hernandez, City Attorney

/s/ Trisha A. Walker
Assistant City Attorney
P. O. Box 2248
Albuquerque, New Mexico 87l03
(505) 768-4500

11

*Attorney for Defendant City of Albuquerque*

I hereby certify that a true and correct copy of this pleading was served on all counsel of record via CM/ECF system on March 30, 2016:

/s/ Trisha A. Walker, Assistant City Attorney