IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

      Plaintiff,

v.                                                                No. Civ. 14-964 KG/SCY

CITY OF ALBUQUERQUE, et al.,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before me on Defendant Andy Fitzgerald's Motion to Dismiss for

Discovery Violations (ECF No. 95), which was joined by Defendant Akeem Powdrell (ECF No.

96). The motion has been referred to me (ECF No. 97), and on March 4, 2016, I held a hearing in

this matter. ECF Nos. 99, 108. At the conclusion of the hearing, Defendant City of Albuquerque

orally joined in the motion to dismiss. ECF No. 108. Thus, presently all three Defendants are

seeking dismissal of this case with prejudice as a sanction for Plaintiff's alleged pattern of

discovery abuse throughout this litigation. Although I find that Plaintiff has engaged in discovery

abuse that warrants sanctions, I do not recommend that the sanction of dismissal with prejudice

be imposed in this matter. Accordingly, I recommend **denying** Defendants' motion to dismiss for

discovery violations and, instead, imposing lesser sanctions as set forth more fully below.

I.      **Factual and Procedural Background**

      This lawsuit arises from an encounter between Plaintiff and Defendants Andy Fitzgerald

and Akeem Powdrell near a city bus stop on August 30, 2012. *See* Pl.'s Compl. at 4-10 (ECF No.

1-2). As a result of this encounter, Plaintiff filed suit in state court asserting a number of claims

under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act (NMTCA) against the City of

Albuquerque, Fitzgerald, and Powdrell (collectively, Defendants).[1] *Id.* at 13-27. After the lawsuit

was removed to federal court, I held a Rule 16 scheduling conference on January 7, 2015, and

entered a Scheduling Order setting a discovery deadline of May 29, 2015. ECF Nos. 15, 16.

At issue in this motion to dismiss is Plaintiff and his counsel's conduct throughout the

discovery phase of this litigation. Specifically, Defendants seek dismissal of this suit with

prejudice as a sanction for Plaintiff's alleged failure to provide complete discovery responses to

two interrogatories as well as Plaintiff and his counsel's failure to timely comply with earlier

Court orders sanctioning them in connection with Defendant Fitzgerald's motion to compel (ECF

No. 28). The pertinent facts regarding these issues are set forth below.

### A. *Plaintiff's alleged failure to provide complete responses to Interrogatories No. 16 and No. 20*

On January 7, 2015 (the same date as the Rule 16 conference), Defendant Fitzgerald

served his first set of interrogatories and requests for production of documents on Plaintiff. ECF

No. 18. Three months later (on April 14, 2015), Defendant Fitzgerald filed a motion to compel

asserting that Plaintiff's discovery responses to multiple interrogatories and requests for

production were deficient. ECF No. 28. Although Defendant Fitzgerald pointed to issues related

to several interrogatories in his motion to compel, the Court focuses solely on Plaintiff's initial

and supplemental responses to Interrogatories No. 16 and No. 20 because it is responses to these

interrogatories that are at issue in the motion to dismiss. Both of these interrogatories concerned

Plaintiff's prior contact with law enforcement officials.

Interrogatory No. 16 asked Plaintiff to answer whether he has "ever been arrested,

charged with or convicted of any crime, whether it be a felony or a misdemeanor, cited for a

---

[1] Pursuant to Plaintiff's motion, the Court dismissed two other individually named Defendants, Daniel Galvan and Amy Markwick, on November 17, 2015. *See* ECF No. 92.

traffic violation, or had a warrant issued for [his] arrest."[2] ECF No. 95-2 (Exhibit B). Plaintiff's

initial response to this interrogatory was that: (1) in June 1993, he was charged and pled guilty to

battery in a domestic violence case, that (2) he has received traffic citations and parking

citations, and that (3) he was charged with crimes that formed the underlying basis of a prior

federal lawsuit (Civ. No. 12-394 KBM/ACT). *See* ECF No. 28-2 at 22.

Interrogatory No. 20 asked Plaintiff to "list all contact [he has] had with law enforcement

over the past seven years . . . [including] the date of the contact, the location of the contact, the

nature of the contact and the result of the contact, and the name address and telephone of all

individuals involved." *Id.* at 26. Plaintiff's initial response to this interrogatory was that he

"cannot remember every encounter with law enforcement in the past 7 years," that he was

"answering this [i]interrogatory to the best of [his] knowledge and recollection," and that he has

"frequently encountered police officers in [his] outreach work." *Id.* Plaintiff further responded

that he "would be happy to answer to the best of [his] recollection" if there were specific

instances of police encounters that Defendant Fitzgerald wanted to ask him about. *Id.*

Defendant Fitzgerald's motion to compel sought supplementation of Plaintiff's answers

to both of these interrogatories, among others. On June 2, 2015, the Court granted the motion to

compel due to Plaintiff's failure to respond to the motion. ECF No. 43. The Court ordered

Plaintiff's counsel to provide "updated and detailed responses" to several interrogatories,

including No. 16 and No. 20, and further ordered Plaintiff to submit a response detailing why he

or his counsel should not be required to reimburse Defendant Fitzgerald for the reasonable

expenses incurred in filing the motion to compel. *Id.* Plaintiff's counsel responded and argued

that cost-shifting was not appropriate because counsel for all parties had previously conferred

---

[2] Defendant Fitzgerald agreed to limit the scope of this interrogatory to 20 years. ECF No. 28 at 4.

regarding the discovery dispute following a status conference held by the Court on April 30, 2015 and reached an agreement regarding supplementation of the interrogatories. ECF No. 44. Plaintiff's counsel further represented that supplemental answers had already been provided to opposing counsel. *Id.*

On July 28, 2015, the Court held a discovery hearing at which it addressed, among other matters, the issue of cost-shifting on Defendant Fitzgerald's motion to compel. *See* Clerk's Minutes (ECF No. 57). During the hearing, counsel for Defendant Fitzgerald informed the Court that, contrary to Plaintiff's counsel's representation in her response, Defendant Fitzgerald had not received the supplemental discovery responses. *Id.* Plaintiff's counsel stated that she believed she had provided complete discovery responses to Defendant Fitzgerald. *Id.* In response to these representations and the need to end the hearing so that defense counsel could attend a separate hearing in another case, the Court asked the parties to meet and confer on their own to resolve and/or narrow what discovery still needed to be exchanged between Plaintiff and Defendant Fitzgerald. *Id.* On August 12, 2015, counsel for Defendant Fitzgerald sent the Court a letter stating that she still had not received supplemental discovery. ECF No. 66. It was not clear from the letter whether counsel met and conferred as the Court requested at the hearing. *Id.*

The Court then set a motions hearing for October 7, 2015. ECF No. 66. Plaintiff's counsel failed to appear for the hearing, thereby leading the Court to issue an Order to Show Cause. ECF Nos. 67, 68. Counsel for Plaintiff responded to the show cause order, indicating that her non-appearance at the hearing was due to "mistaken calendaring." ECF No. 69. The Court then set an October 15, 2015 hearing on Defendant Fitzgerald's motion to compel – its third hearing on the matter. ECF No. 70. At this hearing, the Court addressed in detail all interrogatories that were referenced in Defendant Fitzgerald's motion to compel. ECF No. 76.

With regard to Interrogatories No. 16 and No. 20, Plaintiff represented to the Court that all

supplemental and/or responsive information had now been provided. *Id.* At the conclusion of the

hearing, the Court ordered Plaintiff's counsel to supplement those interrogatories that were still

incomplete and ordered counsel for Defendant Fitzgerald to submit an affidavit detailing the

costs and fees incurred in connection with his motion to compel.  *See* ECF No. 77.

According to documents attached to Defendant Fitzgerald's motion to dismiss, Plaintiff

responded to Defendants' request to supplement Interrogatories No. 16 and No. 20 as follows.

Plaintiff did not supplement his response to Interrogatory No. 16 because he maintained that his

initial response regarding criminal actions was complete "to the best of [his] recollection." ECF

No. 95-2 at 3. With regard to Interrogatory No. 20, Plaintiff supplemented his answer to include

the following contacts with law enforcement officials: (1) interaction(s) with officers when

Plaintiff fed metro campers at Fourth Street Mall; (2) an incident involving Officers Jara and

Kelley that gave rise to a previous federal lawsuit brought by Plaintiff; (3) contact with Officer

Galvan about videotaping an incident; (4) traffic citations and tickets listed on nmcourts.gov; (5)

contact with APD officers after Plaintiff reported a break-in at his girlfriend's house in 2013; (6)

contact with APD after Plaintiff reported a metro camper was acting out of control; and (7)

contact with family members and friends who are police officers. ECF No. 95-1 at 6; ECF No.

95-2 at 5.

In November 2015, the Court took a number of actions in this case. First, with regard to

Defendant Fitzgerald's motion to compel, the Court shifted costs and ordered Plaintiff to pay

$1348.42 to counsel for Defendant Fitzgerald in connection with the motion to compel. ECF No.

94. This sanction was in addition to the amount the Court ordered counsel for Plaintiff, Anna

Martinez, to pay in connection with her failure to attend the October 7, 2015 hearing. ECF Nos.

77, 94. Second, the Court granted a stay of discovery pending resolution of the City of

Albuquerque and Defendant Powdrell's motions for summary judgment on the basis of qualified

immunity.[3] ECF No. 86. Third, the Court permitted Ms. Martinez to withdraw as counsel of

record and her law partner was substituted as counsel for Plaintiff in this case. ECF Nos. 91, 93.

On January 22, 2016, Defendant Fitzgerald filed the motion to dismiss that is now before

me to enter proposed findings and a recommended disposition. ECF No. 95. Defendant

Fitzgerald indicates in the motion to dismiss that he has obtained records from the Metropolitan

Detention Center, Albuquerque Police Department, and Bernalillo County Sheriff's Department.

*Id.* at 5. These records show that Plaintiff has a history of other arrests and contact with law

enforcement that Plaintiff did not disclose in either his initial or his supplemental responses to

Interrogatories No. 16 and No. 20. *Id.* Specifically, the BCSO records show that Plaintiff was

arrested on the following dates:

1. Sept. 12, 2010: for refusal to obey an officer, criminal trespass, permit unlawful use of license
2. April 26, 2006: on a warrant issued after failing to appear for court hearing
3. Sept. 26, 2003: for failure to appear, suspended license, and other minor alleged infractions.
4. Jan. 10, 1997: for failure to appear for court hearing

ECF No. 95-3. The APD records also show that Plaintiff had contact with law enforcement when

he reported larcenies and/or burglaries at his home in calendar years 2011 - 2012. ECF No. 95-4.

Plaintiff was listed as the "Victim" in these reports. *Id.* The APD records also included two

incidents on September 16, 2012 and September 28, 2012, arising from police contact with

Plaintiff in the Fourth Street Mall area but that apparently did not result in an arrest. ECF No. 95-

5.

_____

[3] At the time the discovery stay was granted, there was still time remaining in the discovery period. *See* ECF No. 62 (extending discovery deadline for conducting certain depositions to Dec. 18, 2015).

**B.  *Plaintiff and his counsel's failure to timely pay sanctions***

The Court imposed sanctions twice in this matter, first in connection with Ms. Martinez's failure to appear at the October 7, 2015 hearing and second in connection with the granting of Defendant Fitzgerald's motion to compel. ECF Nos. 77, 94. The Court's first sanctions order imposed a payment deadline of October 23, 2015. ECF No. 77. The second sanctions order required Plaintiff to pay by December 14, 2015. ECF No. 94. Plaintiff and Ms. Martinez inexplicably failed to pay either sanction within the deadlines imposed and only proceeded to make the payments a few days prior to the March 4, 2016 hearing on the motion to dismiss. ECF No. 100. In her written notice of compliance, Ms. Martinez offered no explanation for her or her former client's months-long delay in paying the sanctions. *Id.*

**II.      Analysis**

Before reaching the merits of the motion to dismiss, I address two preliminary matters: (1) Plaintiff's untimely response to the dismissal motion and (2) Plaintiff and his former counsel's failure to timely comply with the Court's prior sanction orders. After addressing these matters, I will set forth the applicable legal standards that govern the dismissal motion and then address the merits of the motion.

**A.  *Plaintiff's Untimely Response to Defendant Fitzgerald's Motion to Dismiss***

With regard to Plaintiff's failure to timely respond to Defendant Fitzgerald's motion to dismiss, the Court's local rules require a party to file a response to a motion "within fourteen (14) calendar days" in accordance with Fed. R. Civ. P. 6(a) and (d). *See* D.N.M. LR-Civ. 7.4(a). In this case, Defendant Fitzgerald filed his motion to dismiss for discovery violations on January 22, 2016. ECF No. 95. Plaintiff failed to file his response within the time period set forth in Local Rule 7.4(a) and also did not seek an extension from opposing counsel or the Court. On

February 9, 2016, after having received no timely response from Plaintiff, Defendant Fitzgerald

filed a notice of completion of briefing. ECF No. 98. The Court then set a hearing on the motion

for March 4, 2016. ECF No. 99.

Nearly one month later – and three days before the scheduled hearing – Plaintiff filed a

response to the motion to dismiss. ECF No. 101. Plaintiff's counsel's explanation for the

untimely response was that he "failed to appropriately monitor the electronic notifications in this

case" and that he only became aware of the motion to dismiss when the Court "sent a copy of the

Order setting the Motion Hearing through the postal service." *Id.* at 2. The timing of Plaintiff's

response then forced Defendant Fitzgerald to prepare and file a reply brief in the three days that

remained before the hearing. ECF No. 102. At the hearing, counsel for Defendant Fitzgerald

urged the Court to disregard the untimely response in its ruling. *See* Clerk's Minutes (ECF No.

108). For their part, Plaintiff's counsel reassured the Court that all notice-related issues had been

resolved. *Id.*

I have decided to consider Plaintiff's untimely response and Defendant Fitzgerald's

subsequent reply in my proposed findings and recommendation. While I do not view Plaintiff's

counsel's conduct favorably or find his neglectfulness excusable (particularly because it follows

a pattern of missed deadlines by Plaintiff's former counsel in this case), the delayed response

contained nothing that would affect the ultimate resolution of the motion to dismiss.

Additionally, although D.N.M.LR-Civ. 7.1(b) provides that a party's failure to timely file and

serve a response in opposition to a motion constitutes consent to grant the motion, the Tenth

Circuit has held that a court must address the merits of a motion seeking dismissal as a sanction

for failure to comply with federal procedural rules notwithstanding the plaintiff's failure to

respond to the motion. *See Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003). While,

at some point, a court may dismiss a lawsuit for failure to prosecute, Plaintiff's failure to respond

timely does not, in itself, constitute a failure to prosecute. Further, although the timing of

Plaintiff's response unfairly forced Defendant Fitzgerald to prepare a reply in a significantly

compressed period of time, Defendant Fitzgerald was able to file a reply brief prior to the

hearing and was also given an opportunity at the hearing to respond to specific arguments made

in Plaintiff's untimely response. Given the Tenth Circuit's preference that courts adjudicate

matters on their merits, the Court finds that consideration of the response and the reply is

appropriate. *See, e.g., Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) (indicating

that "our legal system strongly prefers to decide cases on their merits").

### B.  *Failure of Plaintiff's Former Counsel to Timely Pay Sanctions*

In the motion to dismiss, counsel for Defendant Fitzgerald also alerted the Court to the

failure of Plaintiff and his former counsel, Anna Martinez, to pay Court imposed sanctions.

Def.'s Mot. at 5 (ECF No. 95); *see also* ECF Nos. 77, 94 (sanctions orders). I find that Ms.

Martinez has exhibited a pattern of gross disregard for this Court's orders leading to the waste of

judicial resources and causing defense counsel to incur unnecessary expenses in their efforts to

seek Ms. Martinez's compliance. Nevertheless, in light of Ms. Martinez's withdrawal as counsel

of record in this case and the parties' agreement at the March 4, 2016 hearing that Ms. Martinez

has paid the sanctions in full, and in the interest of judicial efficiency, I will not sanction Ms.

Martinez further for her failure to timely pay the sanctions.

### C.  *Merits of Motion to Dismiss for Discovery Violations*

**Applicable Legal Standards**

The Federal Rules of Civil Procedure authorize a district court to impose sanctions,

including dismissal of a case with prejudice, for a party's failure to comply with court orders and

discovery requirements set by local and federal rules. Specifically, Rule 37(b) of the Federal

Rules of Civil Procedure provides that, if a party "fails to obey an order to provide or permit

discovery, including an order under Rule 26(f), 35, or 37(a)," the Court may impose sanctions

including the following:

> (i)   directing that the matters embraced in the order or other designated
> facts be taken as established for purposes of the action, as the prevailing
> party claims;
> (ii)  prohibiting the disobedient party from supporting or opposing
> designated claims or defenses, or from introducing designated matters in
> evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v)  *dismissing the action or proceeding in whole or in part*;
> (vi)  rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an
> order to submit to a physical or mental examination.

*See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii) (emphasis added). In addition, Rule 37(c) of the Federal

Rules of Civil Procedure provides that, if a party fails to disclose or supplement information as

required by Rule 26(a) or (e), "the party is not allowed to use that information . . . to supply

evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is

harmless." Fed. R. Civ. P. 37(c)(1). In addition to this sanction, the Court may impose other

sanctions including "payment of the reasonable expenses, including attorney's fees, caused by

the failure;" "inform[ing] the jury of the party's failure;" or the sanctions listed above in Rule

37(b)(2)(A)(i)-(vi). *See* Fed. R. Civ. P. 37(c)(1)(A)-(C).

    Here, Defendants seek dismissal of this lawsuit with prejudice as a sanction for the

conduct of Plaintiff and his counsel during the discovery phase. The Tenth Circuit has stated that

dismissal "is a severe sanction reserved for the extreme case, and is only appropriate where a

lesser sanction would not serve the ends of justice." *See Reed v. Bennett*, 312 F.3d 1190, 1195

(10th Cir. 2002) (internal citation omitted). "Because dismissal with prejudice defeats altogether

a litigant's right of access to the courts, it should be used as a weapon of last, rather than first,

resort." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (citations omitted). Because

dismissal is an extreme sanction, "a dismissal or default sanctions order should be predicated on

'willfulness, bad faith, or [some] fault' rather than just a simple 'inability to comply'." *Lee*, 638

F.3d at 1321; *see also Ehrenhaus*, 965 F.2d at 920 (stating that "dismissal represents an extreme

sanction appropriate only in cases of willful misconduct").

In *Ehrenhaus*, the Tenth Circuit identified five factors that a district court should consider

in deciding whether to exercise its discretion to issue a dismissal sanction: (1) the degree of

actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the

culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the

action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions."

965 F.2d at 921. This is a highly fact-intensive inquiry that should generally be conducted on the

record although the Tenth Circuit has affirmed dismissals even where the district court did not

consider all of the factors. *See Lee*, 638 F.3d at 1323. "Only when the aggravating factors

outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal

an appropriate sanction." *Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005)

(internal citation omitted). Ultimately, "the chosen sanction must be both just and related to the

particular claim which was at issue in the order to provide discovery." *Ehrenhaus*, 965 F.2d at

920.

Dismissal as a sanction for discovery violations is an extreme measure, imposed under

the most serious of circumstances. *Compare Maples v. Vollmer*, Civ. No. 12-0294 JB/RHS, 2013

WL 1009558 (D.N.M. Mar. 5, 2013) (denying defendants' motion to dismiss based on plaintiff's

apparently contradictory answers to interrogatories and questions in deposition), with *Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174 (10th Cir. 2009) (affirming district court's dismissal of case based on plaintiff's intentional fabrication or falsification of at least four documents she produced during discovery and her "evasive [and] inconsistent answers" during the hearing on the motion to dismiss), *and Lee*, 638 F.3d 1318 (affirming district court's dismissal of case when plaintiffs failed to produce documents in response to a discovery request and violated two judicial orders compelling production of the documents), *and Freddie v. Marten Transp., Ltd.*, 428 F. App'x 801, 804 (10th Cir. 2011) (unpublished) (affirming district court's dismissal when plaintiff in personal injury case lied in his deposition and answers to written discovery about his preexisting injuries and conditions and repeatedly failed to provide information about his past medical providers).

**Analysis**

Before I analyze the *Ehrenhaus* factors described above, I briefly consider Plaintiff's contention that he has not engaged in discovery misconduct warranting sanctions because he stated in his initial and supplemental responses to Interrogatories No. 16 and No. 20 that he did not "remember every contact that [he] has had with law enforcement" and was "answering to the best of [his] recollection." *See* Pl.'s Resp. at 2-3 (ECF No. 101). The nature of the information Plaintiff claims he simply forgot and the lack of diligence Plaintiff has displayed throughout the course of this litigation make it difficult to accept Plaintiff's representation that his memory simply failed. First, among the past events Plaintiff failed to disclose are four arrests and two incidents that, while not resulting in arrests, were serious enough to require police reports. These are not the types of events one easily forgets. Second, Plaintiff's history, which includes the failure to timely respond to discovery requests, the failure to respond to a motion to compel,

missing a hearing, and failing to timely respond to a motion to dismiss, demonstrates the cavalier

attitude with which Plaintiff has approached obligations associated with the lawsuit he chose to

file. As a result, I reject Plaintiff's argument and conclude that, in failing to provide information

responsive to Interrogatories No. 16 and No. 20, he failed to comply with his discovery

obligations. *See Villa et al. v. Dona Ana County, et al.*, Civ. No. 09-976 BB/WPL, ECF No. 135

at 4 (stating that the plaintiffs "had an affirmative duty to make [a] reasonable inquiry and to

conduct a reasonable investigation in order to provide answers to discovery requests."). That

being said, my analysis of the *Ehrenhaus* factors leads me to conclude that dismissal of

Plaintiff's case with prejudice is not an appropriate sanction for Plaintiff's conduct.

### *(1) Prejudice to the Opposing Party*

Plaintiff failed to provide complete discovery responses to Interrogatories No. 16 and No.

20 despite being given a five month period (from April 2015 to October 2015) during which the

Court and defense counsel made multiple attempts to resolve the dispute concerning the

completeness of Plaintiff's interrogatory responses. The Court held at least two status

conferences and three motions hearings on Defendant Fitzgerald's motion to compel. In addition,

the Court entered a number of orders directing Plaintiff to supplement his interrogatory

responses. Significantly, both the Court and opposing counsel relied on Plaintiff's counsel's

representation during the October 15, 2015 hearing that all responsive information had been

provided to Defendants with regard to Interrogatories No. 16 and No. 20. Based on this history, I

agree that Defendants have suffered some prejudice due to Plaintiff's failure to provide complete

discovery responses. Defendants were somewhat hampered in their ability to prepare their

defense because they did not receive information they assert is relevant to establishing their

theory of the case. In addition, Defendants incurred expenses and expended time and resources

13

over a lengthy period last year in an attempt to obtain complete interrogatory responses from

Plaintiff (although my prior orders shifting costs have alleviated some of these expenses).

Defendant Fitzgerald also unnecessary expended funds and resources to verify that Plaintiff's

discovery responses to Interrogatories No. 16 and No. 20 were complete.

However, while Defendants have suffered some prejudice, Plaintiff's incomplete

responses to Interrogatories No. 16 and No. 20 and his failure to timely pay sanctions have not

caused substantial prejudice. First, although Plaintiff should have provided the information to

Defendants, Defendants were easily able to obtain the information themselves through a simple

public records search that they would have likely done regardless of Plaintiff's response. Second,

while Defendants did not receive the information as soon as they should have, they obtained this

information before the close of discovery and, given the lengthy stay they have sought and

received, well in advance of any trial. Third, the information at issue has limited relevance. For

instance, APD records listing Plaintiff as a victim of theft and BCSO records showing that

Plaintiff was arrested for failing to appear for a court hearing do not directly bear on the issues in

this lawsuit and will not have significant impeachment value if allowed to be presented at trial.

Granted, Plaintiff's undisclosed arrests and his encounters with law enforcement in 2012 might

have greater impeachment value, but still are not events central to this case. And, even if they

were, Defendants now have this information available for use at trial. Further, no indication

exists that any of the information Defendants uncovered, or could have uncovered, bears on the

two motions for summary judgment pending before the Court. Thus, while I find that the

prejudice to Defendants weighs in favor of the imposition of sanctions, it does not support the

extreme sanction of dismissal with prejudice.

### (2) The Amount of Interference with the Judicial Process

"[W]hen considering whether there has been interference with the judicial process, courts have often looked to whether the willful abuse of the discovery process caused delays in the judicial proceedings." *See Maples*, 2013 WL 1009558 at * 21. While the Court and the parties unnecessarily spent a substantial amount of time resolving discovery disputes, the Court, through the past sanctions it has issued, has already addressed most of the interference to the judicial process that Plaintiff has caused. Beyond the interference already addressed, Plaintiff's failure to provide complete interrogatory responses to No. 16 and No. 20 has not caused a discernible impact on judicial proceedings. In particular, the impact on judicial proceedings has been limited by the fact that Defendant Fitzgerald found Plaintiff's additional arrest and law enforcement records after the imposition of the stay that remains in place.

### (3) Culpability of Litigant

The Court gave Plaintiff multiple opportunities over a five month period to provide complete discovery responses. In addition, Plaintiff failed to timely comply with the Court's order requiring him to pay Defendant Fitzgerald the costs and fees incurred in connection with the motion to compel. While serious, these failures do not support the relief Defendants request. Plaintiff did convey in his interrogatory responses and at the hearings held on Defendant Fitzgerald's motion to compel that he could not recall all of his prior arrests and contacts with law enforcement. Thus, rather than representing that he had disclosed all of his arrests and law enforcement encounters, Plaintiff apprised Defendants of the possibility that records of additional arrests and law enforcement encounters might exist. Thus, this factor weighs against dismissal.

### (4) *Whether the Court warned Plaintiff in advance that dismissal would be a likely sanction for non-compliance*

At the October 15, 2015 hearing, I asked counsel for Plaintiff to relay the importance of providing complete discovery responses to her client and further advised Plaintiff's counsel that severe consequences could result from the failure to disclose or supplement the responses. *See* October 15, 2015 Motions Hearing 1:44 – 1:46 pm; *see also* Clerk's Minutes (ECF No. 76 at 2). However, I did not warn Plaintiff or his counsel that the Court would consider dismissing this case with prejudice if Plaintiff failed to supplement his discovery responses or to pay the sanctions imposed by the Court. That being said, an explicit warning is not required under existing Tenth Circuit law. *See Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1175 (10th Cir. 1995) (explaining that although no warning had been given, this fact did not undermine the court's consideration of the other *Ehrenhaus* factors). I find this factor to be neutral.

### (5) *Efficacy of Lesser Sanctions*

Most of the potential sanctions set forth in Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vii) would not effectively address Plaintiff's misconduct. Because Plaintiff does not appear to dispute the information Defendant Fitzgerald has uncovered, deeming those undisputed facts as established at trial does not amount to much of a sanction. Further, as Judge Browning pointed out in *Maples*, which also involved counsel for Plaintiff, "some evidence is more persuasive to the jury and more effective coming from the trial attorneys, rather than from the person in the robe behind the bench." *See Maples*, 2013 WL 1009558 at \*26.

Addressing other possible Rule 37 sanctions, preventing Plaintiff from introducing the evidence does not constitute a sanction because excluding the evidence inures to the benefit of Plaintiff. Nor is a stay an available sanction because a stay is already in place. And most other

sanctions listed under Rule 37 would be tantamount to dismissing the case – a sanction I have already recommended against. Nonetheless, two sanctions are available that I recommend the Court impose. First, I recommend that the Court take an approach similar to what Judge Browning took in *Maples* and allow Defendants to cross-examine Plaintiff at trial regarding his failure to provide complete responses to Interrogatories No. 16 and No. 20. Second, I recommend cost-shifting on Defendant Fitzgerald's motion to dismiss. With regard to this latter recommendation, even though I recommend rejecting the specific sanction Defendants seek, I find that Defendants' motion is meritorious because it supports the lesser sanctions I recommend. I also recognize that previous imposition of monetary sanctions against Plaintiff and his counsel arising from their failure to comply with Court orders did not prevent their continued misconduct. I am concerned by this misconduct as "[t]he federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources." *See United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005). Nonetheless, I believe allowing Defendants to cross-examine Plaintiff about his failure to provide complete discovery and requiring Plaintiff to pay for Defendants' costs associated with their motion to dismiss will be effective and serve the ends of justice.

## III.   Conclusion

My evaluation of the *Ehrenhaus* factors leads me to conclude that dismissal with prejudice is not warranted. The "aggravating factors" that are present here do not "outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ehrenhaus*, 965 F.2d at 921.

Based on the foregoing, I recommend **denying** the motion to dismiss (ECF No. 95). I

further recommend the imposition of lesser sanctions against Plaintiff. Specifically, Plaintiff

should be ordered to pay the reasonable expenses, including costs and fees, incurred by

Defendant Fitzgerald as a result of his investigation of public records and preparation of the

motion to dismiss. Plaintiff should also be required to pay the expenses incurred by counsel for

all Defendants in their preparation for and attendance at the March 4, 2016 hearing. I further

recommend that the Court allow Defendants to cross-examine Plaintiff at trial regarding his

failure to provide complete responses to Interrogatories No. 16 and No. 20.


_____
UNITED STATES MAGISTRATE JUDGE


---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---