IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

    Plaintiff,

vs.                                                   Civ. No. 14-964 KG/SCY

CITY OF ALBUQUERQUE, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

This matter is before the Court on Plaintiff's Motion to Strike Argument Advanced by Inappropriate Party or, in the Alternative, to Direct the Appropriate Defendants to Join the Motion[1] and for Related Relief (Motion to Strike), filed March 16, 2016. (Doc. 103). On March 30, 2016, Defendant City of Albuquerque (City) filed a response. (Doc. 104). Plaintiff filed a reply on April 18, 2016. (Doc. 106). After considering the submissions and arguments of the parties, as well as the applicable law, the Court finds that the Motion to Strike is not well-taken and should be denied for the following reasons.

Plaintiff seeks to strike the argument advanced by the City in its Motion for Summary Judgment, filed October 21, 2015. (Doc. 73). The City's motion seeks summary judgment on all claims against, Defendants Daniel Galvan and Amy Markwick, all claims against the City, and the claims against Defendants Andy Fitzgerald and Akeem Powdrell brought under the New Mexico Tort Claims Act (NMTCA), NMSA 1978, § 41-4-1 et seq. (Repl. Pamp. 1996). *Id.*[2]

---

[1] Defendant Akeem Powdrell joined the City's Motion for Summary Judgment on March 30, 2016. (Doc. 105).

[2] As a practical note, when moving to a strike an argument, the movant should clearly identify the argument in the record. Plaintiff failed to cite to a document number, leaving the Court to ascertained the motion at issue based on Plaintiff's reference to the date it was filed (October 21,

Plaintiff alleges that the City is "not the appropriate party" to request summary judgment and that the motion "is not based upon sound application of the law." (Doc. 103) at 1. Plaintiff provides a lengthy but largely irrelevant factual background, presumably in an attempt to explain why he did not properly raise these issues in a response to the City's Motion for Summary Judgment. (Doc. 103) at 2-6. Instead of a response, after the City filed a Notice of Completion of Briefing (Doc. 83), on November 10, 2015, Plaintiff filed a Notice of Dismissal on November 17, 2015, dismissing all claims involving Defendants Galvan and Markwick. (Doc. 92). Then, 120 days later, Plaintiff filed this Motion to Strike. (Doc. 103).

Plaintiff has shown a persistent and troublesome disregard for the Federal Rules of Civil Procedure throughout this litigation, including discovery violations and missed deadlines. This Motion to Strike, replete with procedural errors, is another glaring example of Plaintiff's disregard for the rules. First, Plaintiff could, and should, have properly asserted the arguments and authorities contained in his Motion to Strike as part of a timely response to the City's Motion for Summary Judgment. Plaintiff offered no acceptable explanation for failing to do so. Plaintiff also did not seek the City's position on his Motion to Strike as required by local rules. D.N.M. LR–Civ. 7.1(a) ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied.").

Moreover, motions to strike pursuant to Rule 12 only apply to matters in pleadings and "courts have been unwilling to construe the term broadly." *Estate of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 630 (D.N.M. 2013) (internal citation and quotation omitted). "The Federal Rules of Civil Procedure define pleadings as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim…." Ysais *v. N.M. Judicial*

---

2015). (Doc. 103) at 4. Plaintiff finally referenced the motion by name in the last paragraph of the brief. *Id.* at 14.

*Standard Comm'n*, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009) (internal citation and quotation omitted). "Motions…may not be attacked by the motion to strike." *Estate of Anderson*, 291 F.R.D. at 630. The City's Motion for Summary Judgment is not a pleading; therefore, it cannot be the subject of a motion to strike. Nonetheless, motions to strike are generally disfavored. *Dorato v. Smith*, 163 F.Supp.3d 837, 864 (D.N.M. 2015) (describing striking pleading, thought within the court's discretion, as "drastic" and "disfavored" remedy). Finally, even if Plaintiff could attack the arguments raised in the City's Motion for Summary Judgment under Rule 12, Plaintiff's Motion to Strike is untimely because it was not raised within 21 days after being served with the pleading. FED. R. CIV. P. 12(f).

Putting aside the various procedural issues, Plaintiff's Motion to Strike also lacks sufficient legal support. Plaintiff begins his legal analysis by explaining how a waiver of statutory immunity under the NMTCA is "wholly unrelated" to the issue qualified immunity. (Doc. 103 at 7). While the Court agrees that the issues of NMTCA waiver and qualified immunity are unrelated, it is unclear how this argument is relevant. Plaintiff dismissed Defendants Galvan and Markwick and all the claims against them, and the City clearly states that the Section 1983 claims against remaining Defendants Fitzgerald and Powdrell are not addressed in its Motion for Summary Judgment. (Doc. 73 at 2, fn. 1). Hence, the defense of qualified immunity does not arise with respect to the Section 1983 claims against Defendants Fitzgerald and Powdrell.

Likewise, Plaintiff's protracted discussion of the history and purpose of the NMTCA is unnecessary. What is clear is that the City can only be found liable for Defendants Fitzgerald and Powdrell's actions if immunity is waived under the NMTCA. *See Abalos v. Bernalillo Cty. Dist. Attorney's office et al.*, 1987-NMCA-026, ¶ 18, 734 P.2d 794. Immunity is only waived

under the circumstances of this case if Defendants Fitzgerald and Powdrell are considered law enforcement officers as defined by the NMTCA. NMSA 1978, § 41-4-3(D) (Repl. Pamp. 1996). This very narrow issue was properly raised in the City's Motion for Summary Judgment and is addressed by the Court in a corresponding opinion. (Doc. 73). The argument is both moot and inappropriate for a motion to strike.

In a final argument, Plaintiff complains that permitting the City to seek summary judgment on the NMTCA waiver issue allows Defendants Fitzgerald and Powdrell the opportunity to "re-litigate the same matter at a later date." This argument is not helpful. By filing a lawsuit, Plaintiff chose to bring specific claims against specific defendants. He deliberately included the City as a defendant for the claims brought under the NMTCA. (Doc. 1-2). "An entity or agency can only act through its employees." *See Abalos*, 1987-NMCA-026, ¶ 18. Naturally, the City will seek to defend itself against the NMTCA claims. To do so, the City must defend the actions of its employees Defendants Fitzgerald and Powdrell. Obviously, Defendants Fitzgerald and Powdrell also are allowed, and expected, to assert any individual defenses as well. In fact, Defendant Powdrell already raised the very same arguments as the City in his own Motion for Summary Judgment filed nearly four months earlier. (Doc. 49). Plaintiff proposes that the City would not have standing to defend itself and its employees from claims asserted against it, but fails to offer any legal authority in support. Therefore, this proposition easily is disregarded.

IT IS ORDERED that Plaintiff's Motion to Strike (Doc. 103) is denied.

_____
UNITED STATES DISTRICT JUDGE