IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

    Plaintiff,

vs.                                                                                         Civ. No. 14-964 KG/SCY

CITY OF ALBUQUERQUE, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT POWDRELL'S MOTION TO STRIKE EXHIBIT TO PLAINTIFF'S RESPONSE TO POWDRELL'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant Powdrell's Motion to Strike Exhibit to Plaintiff's Response to Powdrell's Motion for Summary Judgment and Memorandum in Support Thereof[1] (Motion to Strike), filed July 20, 2015. (Doc. 55). Plaintiff Alfonso Hernandez filed his response on August 6, 2015, and Defendant Akeem Powdrell filed a reply on August 14, 2015. (Docs. 60 and 63). After considering the submissions and arguments of the parties, the applicable law, and the record, the Court denies the Motion to Strike.

Defendant Powdrell filed a Motion for Summary Judgment on June 19, 2015. (Doc. 49). Plaintiff filed a Response on July 6, 2015, that included an "Exhibit A" that is the subject of this Motion to Strike. (Docs. 52 and 52-1). Exhibit A is an Interoffice Memorandum with a cover

---

[1] As previously explained in the Court's opinion deciding Plaintiff's Motion to Strike (Doc. 119), "[o]nly material included in a *pleading* may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly." *Estate of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 630 (D.N.M. 2013) (internal citation and quotation omitted) (emphasis added). "The Federal Rules of Civil Procedure define pleadings as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim…" *Ysais v. N.M. Judicial Standard Comm'n*, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009) (internal citation and quotation omitted). "*Motions*…may not be attacked by the motion to strike." *Estate of Anderson*, 291 F.R.D. at 630 (emphasis added). The proper form for Defendant Powdrell's argument would have been an objection to Exhibit A under FED. R. CIV. P. 56(c)(2).

page labeled, "Transit Department Security Section." (Doc. 52-1) at 2. The cover page includes an acknowledgment to be signed and dated after reading and reviewing standard operating procedures guidelines. *Id.* The cover page is followed by five pages of standard operating procedures titled "Legal Issues." *Id.* at 3-7. The document was undated and unsigned. *Id.* at 2.

Defendant Powdrell alleges that Plaintiff seeks to submit Exhibit A for its truth. (Doc. 55) at ¶ 9. Defendant Powdrell, however, claims Exhibit A is unsworn, uncertified, inadmissible and irrelevant, contrary to FED. R. CIV. P. 56, and should not be considered by the Court in its summary judgment analysis. (Doc. 55) at ¶¶ 3, 6 (citing FED. R. CIV. P. 56). Moreover, Defendant Powdrell specifically argues that Exhibit A is irrelevant because it pertains to a citizen's arrest and Defendant Powdrell made no such arrest, as Plaintiff's own testimony demonstrates. *Id.* at ¶ 12; (Doc. 55) at 6, citing Hernandez Dep. 170:9, 24.

Plaintiff argues that he offers Exhibit A to refute Defendant Powdrell's claim in his Motion for Summary Judgment that he was not empowered to make arrests. (Doc. 60) at 2. Plaintiff admits that Exhibit A has not been sworn or attested to, but he claims the parties' protracted discovery dispute made it impossible for Plaintiff to obtain information necessary to properly verify the Exhibit. *Id.* at 2-3. Plaintiff provides a lengthy, though largely irrelevant, explanation of his frustrations in obtaining discovery, and requests additional time under Rule 56(d) to discover admissible evidence in order to properly respond to Defendant Powdrell's Motion for Summary Judgment. (Doc. 60-1) at 2. To forestall a ruling on summary judgment due to a need for discovery, a party must move for postponement under Rule 56(d) and "file an affidavit that explains why facts precluding summary judgment cannot be presented." *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006) (brackets and internal quotation marks omitted). Plaintiff must state with specificity in an affidavit how additional time would enable him to meet

his burden opposing summary judgment, and it is not enough to merely state that discovery is incomplete or that necessary facts are unavailable. *Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986). In this case, having reviewed Plaintiff's affidavit, the Court finds that additional discovery is unnecessary to decide the Motion for Summary Judgment.

Plaintiff also argues several legal issues unrelated to the Motion to Strike, including whether Defendant Powdrell had the authority to make an arrest and whether Defendant Powdrell actually arrested Plaintiff. (Doc. 60) at 2-4. The question this Motion to Strike poses to the Court is whether the Court should consider Exhibit A in deciding Defendant Powdrell's Motion for Summary Judgment. (Docs. 55, 60 and 63). After reviewing all the briefing for the Motion for Summary Judgment, the Court finds that Exhibit A is irrelevant to its summary judgment assessment. Defendant Powdrell's Motion for Summary Judgment boils down to two questions: (1) is Defendant Powdrell entitled to qualified immunity on Plaintiff's Section 1983 claims of excessive force and false arrest, and (2) does Defendant Powdrell fit the law enforcement officer waiver under the New Mexico Tort Claims Act (NMTCA), NMSA 1978, § 41-4-1 et seq. (Repl. Pamp. 1996). Exhibit A, and its implications about Defendant Powdrell's authority, or lack thereof, to make arrests, is immaterial to the Court's analysis of either of these questions, as explained fully in the Court's opinion on Defendant Powdrell's Motion for Summary Judgment.

IT IS ORDERED that Defendant Powdrell's Motion to Strike (Doc. 55) is denied.

_____
UNITED STATES DISTRICT JUDGE