IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

    Plaintiff,

vs.                                                            Civ. No. 14-964 KG/SCY

CITY OF ALBUQUERQUE, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION IN LIMINE NO. 1

This matter is before the Court on Plaintiff's Motion in Limine No. 1: To Exclude Testimony or Evidence of Prior Civil Cases, Prior "Propensity to Get into Physical Altercations," Prior Allegations against Employees of the City of Albuquerque, and Other Irrelevant Testimony or Evidence (Motion in Limine No. 1), filed April 1, 2015. (Doc. 22). Defendants filed a response on April 16, 2015. (Doc. 29). Plaintiff filed a Notice of Completion of Briefing on June 15, 2015. (Doc. 45). Having considered the briefing and the relevant law, the Court now denies the Motion in Limine No. 1 without prejudice.

Plaintiff seeks to exclude testimony and evidence concerning 1) Plaintiff's prior civil rights cases against the City of Albuquerque (City) and police officers, 2) his prior unrelated citizen complaints to the Police Oversight Commission and the Independent Review Officer, parties responsible for investigating claims of misconduct by police officers, and 3) physical altercations Plaintiff may have been involved in unrelated to the conflict that led to this litigation. (Doc. 22) at 2. Plaintiff argues that any evidence related to these topics would be irrelevant to a trial in this matter. *Id.* at 3. Moreover, even if the Court determined this information is relevant, Plaintiff asserts that any probative value is substantially outweighed by the risk of prejudice. *Id.*

Plaintiff claims that Defendants seek to offer this "propensity" evidence as impermissible proof of bad character. *Id.* at 3-9.

Defendants, on the other hand, argue that this evidence is clearly discoverable, relevant, and admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, lack of mistake, lack of accident and modus operandi" as well as "habit." (Doc. 29) at 5-6. However, Defendants claim they need additional discovery to obtain the evidence necessary to fully address Plaintiff's arguments related to inadmissibility. (Doc. 29) at 3, 6. Defendants request that the Court either deny or stay Plaintiff's Motion in Limine No. 1 until the close of discovery. *Id.* Discovery is currently stayed[1] in this matter pending rulings on Defendant Powdrell and Defendant City's Motions for Summary Judgment, which raise the defense of qualified immunity. (Docs. 49 and 73). The Court recently issued rulings on the pending summary judgment motions. (Docs. 123 and 120).

I. <u>Legal Authority</u>

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

The Tenth Circuit has reminded district courts that they should be "mindful" that "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." *United States v. Smalls*, 605 F.3d 765, 787

---

[1] *See* the Court's Order dated November 12, 2015. (Doc. 86).

(10th Cir. 2010). Evidence should be excluded under Rule 403 only if the probative value is *substantially* outweighed by unfair prejudice. *Sec. & Exch. Comm'n v. Peters*, 978 F.2d 1162, 1171 (10th Cir. 1992) (emphasis added). In performing the 403 balancing test, "the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Id.* (internal quotation omitted). "Rule 403 does not protect a party from all prejudice, only unfair prejudice." *Deters v. Equifax Credit Information Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000).

Evidence of other acts may be admissible for purposes other than proof of a defendant's bad character or general propensity to commit a crime, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b). Evidence admitted under Rule 404(b) must satisfy a four-factor test:

> 1) the evidence must be offered for a proper purpose; 2) the evidence must be relevant; 3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and 4) pursuant to Rule 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*U.S. v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000). Rule 404(b) generally excludes evidence of other acts offered to prove that a person acted similarly on other occasions, based on the assumption that any slight probative value of such evidence is outweighed by the risk of prejudice. *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 776 (10th Cir. 1999) (explaining that testimony relevant to motive or intent may still be disallowed if unduly prejudicial).

On the other hand, a party may present evidence of a person's "habit" for the purpose of proving that the person acted in conformity with that habit. FED. R. EVID. 406. Habit has been defined as "a regular practice of meeting a particular kind of situation with a certain type of conduct, or a reflex behavior in a specific set of circumstances." *Perrin v. Anderson*, 784 F.2d

3

1040, 1046 (10th Cir. 1986) (internal citation omitted). Accordingly, while evidence of past wrongs or acts is inadmissible to establish a character trait and "show action in conformity therewith" under Rule 404(b), the same evidence may be admissible under Rule 406.

District courts have the power to exclude evidence only when evidence is clearly inadmissible on all potential grounds. *Cf. Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) (describing federal district courts' authority to make in limine rules pursuant to authority to manage trials). This power to exclude even relevant evidence is "extraordinary" and should "be exercised sparingly." *Boardwalk Apartments, L.C. v. State Auto Prop. And Cas. Ins. Co.*, 816 F.3d 1284, 1289 (10th Cir. 2016) (internal citation and quotation omitted). "[I]n many cases, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context." *Garcia v. Crossmark, Inc.*, 157 F.Supp.3d 1046, 1054 (D.N.M. 2015) (internal citation and quotation omitted).

II. Discussion

In his Complaint for Violations of the Tort Claims Act and Deprivation of Civil Rights (Complaint), Plaintiff acknowledges a previous arrest and lawsuit resulting from his prior actions in support of his "strong religious conviction …to extend help to…'metrocampers'[2]…in the Albuquerque area…." (Doc. 1-2) at ¶ 18. Plaintiff further states that he "has made it a point to stop and video-record and ask questions when he sees a metrocamper who may be being harassed, arrested, or harmed by anyone—including security officers…." *Id.* at ¶ 22. This routine behavior is the very reason Plaintiff approached Defendants Andy Fitzgerald and Akeem

---

[2] "Metrocamper" is a term used by Plaintiff to describe "homeless people and people suffering hardships."

4

Powdrell[3] as they were detaining a homeless man (later identified as Manuel Bustamante) on August 30, 2012. *Id.* at ¶ 26. The subsequent altercation between Plaintiff and the TSOs resulted in this litigation. (Doc. 1-2).

Given these circumstances, Plaintiff's prior civil rights cases against the City and police officers and Plaintiff's previous citizen complaints of misconduct by police officers are likely relevant under the broad scope of FED. R. EVID. 401. Likewise, evidence of Plaintiff's prior physical altercations may also be probative. However, without more specific details regarding the nature of such prior claims, complaints, altercations, and whether Defendant Fitzgerald was aware of those actions, the Court is unable to adequately evaluate whether any potentially probative value is substantially outweighed by the dangers of, *inter alia*, prejudice, confusion, or delay, as described in FED. R. EVID. 403. Furthermore, absent precise details about the evidence, the Court cannot appropriately weigh the parties' additional arguments related to the evidence, i.e. whether it is improper propensity evidence of bad character under FED. R. EVID. 404(b), or permissible habit evidence under FED. R. EVID. 406.

For these reasons, the Court denies the Motion in Limine No. 1 without prejudice to Plaintiff refiling it when the evidence has been more fully developed and the Court is in a better position to effectively address the parties' admissibility arguments.

IT IS ORDERED that Plaintiff's Motion in Limine No. 1 (Doc. 22) is denied without prejudice to refiling it at the close of discovery in this matter.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Defendants Andy Fitzgerald and Akeem Powdrell are Albuquerque Transit Department transit security officers (TSOs). Akeem Powdrell is no longer a party to this lawsuit.