IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

    **Plaintiff,**

v.                                                               Case No.: 14-cv-00964 KG/SCY

CITY OF ALBUQUERQUE, *ET AL.*,

    **Defendants.**

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE WITNESSES AND MEMORANDUM IN SUPPORT THEREOF

Plaintiff, Alfonso Hernandez, by and through his attorneys of record, GORENCE & OLIVEROS, P.C. (Louren Oliveros and Amye Green) and AEQUITAS LAW, LLC (Anna C. Martinez), and for his Reply in Support of his Motion to Strike Witnesses, states as follows:

    **1.**    **Defendant's untimely disclosure of Erin Hays and Lori Trujillo was unduly prejudicial to Plaintiff.**

Defendant misconstrues the Court's September 28, 2016 Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition in an attempt to argue that he may call Erin Hays and Lori Trujillo, two untimely disclosed character witnesses. In its September 28, 2016 Order, the Court held that "[t]he Court shall allow Defendants to cross-examine Plaintiff at trial regarding his failure to provide complete responses to Interrogatories No. 16 and No. 20." *See* Doc. 111. The Court's Order solely indicates that Defendant would be allowed to cross-examine the Plaintiff at trial regarding his failure to provide complete discovery responses, not that Defendant is allowed to present witnesses to testify regarding Plaintiff's criminal history or present extrinsic evidence related thereto. As such, Defendant's proposed character witnesses, who will provide testimony regarding evidence of accusations of domestic violence, do not fall

within the Court's September 28, 2016 Order.

Even assuming, *arguendo,* that Erin Hays and Lori Trujillo fell within the purview of the Court's September 28, 2016 Order, despite his knowledge that he intended to rely upon the Order to present witnesses to testify regarding Plaintiff's criminal history, Defendant Fitzgerald failed to disclose such witnesses until December 5, 2017, more than a year after the Court entered the Order. *See* Doc. 154, Plaintiff's Motion to Strike, Exhibit 1, Defendant's Rule 26(a) Disclosures. Defendant Hernandez's willful bad faith in failing to timely disclose such witnesses, the immense disruptive effect that such witnesses would have upon the trial,[1] and the immense prejudice against Plaintiff justify exclusion of such witnesses. *See World Wide Ass'n of Specialty Programs v. Pure, Inc.,* No. 2:02-CV-00010 PGC, 2004 WL 5620058, at *6 (D. Utah July 20, 2004) (finding that the failure to timely disclose witnesses unfairly prejudiced the opposing party, meriting exclusion of the untimely disclosed witnesses).

### 2. Defendant's untimely disclosure of Nathan Krantz was unduly prejudicial to Plaintiff.

Defendant's untimely disclosure of Nathan Krantz was also unduly prejudicial to Plaintiff, rendering exclusion of this witness proper. In the Tenth Circuit, the court considers four factors in determining whether to exclude undisclosed evidence: 1) the prejudice or surprise to the party against whom the testimony is offered; 2) the ability of the party to cure the prejudice; 3) the extent to which introducing such evidence would disrupt the trial, and 4) the moving party's bad faith or willfulness. *See Woodworker's Supply, Inc. v. Principal Mutual Life Insurance, Co.,* 170 F.3d 985, 993 (10th Cir. 1999). In this case, Defendant claims that Plaintiff's February 10, 2015 listing of "the City Bus Driver," whose identity was not known to Plaintiff at that time, excuses Defendant's non-

---

[1] On February 5, 2018, Plaintiff filed a Motion *In Limine* to Exclude All Testimony and Evidence of Plaintiff's Familial Matters and Alleged Criminal Conduct which fully sets forth the disruptive effect that such witnesses would have upon this trial. Doc. 151.

disclosure of such a witness for over two years and that the late disclosure was merely a "formality" which was "meant to bring all of the witnesses' names together in one place." *See* Doc. 165, Defendant's Response in Opposition to Plaintiff's Motion to Strike Witnesses, at 1-3. However, Plaintiff was clearly unaware of the name of the bus driver in February 2015. Despite Defendant Fitzgerald's awareness of the identity of this witness well in advance of such disclosures, Defendant Fitzgerald kept Plaintiff in the dark regarding Nathan Krantz until December 5, 2017. *See* Doc. 154, Plaintiff's Motion to Strike, Exhibit 1, Defendant's Rule 26(a) Disclosures.

   As Defendant previously argued in his Motion to Strike, the contention that Plaintiff "should somehow have divined that these people may be called as witnesses is of course unavailing." *See* Doc. 152, Defendant Fitzgerald's Motion to Strike All Witnesses not Previously Disclosed, at 4; *see also D.L. v. Unified School District # 497,* 270 F.Supp.2d 1217, 1241 (D. Kan. 2002) (granting a defendant's motion to strike eleven of its current and former employees and two news reporters from a plaintiff's witness list because "[p]laintiffs' assertion that defendants had knowledge of the existence of the witnesses is simply insufficient to put defendants on notice that these individuals would be potential witnesses in the case."). Defendant Fitzgerald cannot argue that disclosures are merely a "formality" when his own witnesses are involved, but that disclosures are mandatory when Plaintiff's witnesses are at issue.

   WHEREFORE, because Defendant Andy Fitzgerald has failed to comply with Fed. R. Civ. P. 26(a)(1)(C), Plaintiff Alfonso Hernandez hereby respectfully requests the Court to strike witnesses disclosed by Defendant Andy Fitzgerald, and for such other relief that this Court deems just and proper.

Respectfully submitted,

GORENCE & OLIVEROS, P.C.

*/s/ Amye Green*
Louren Oliveros
Amye G. Green
300 Central Avenue SW, Suite 1000E
Albuquerque, New Mexico 87102
Telephone: (505) 244-0214
Facsimile: (505) 244-0888
oliveros@golaw.us
green@golaw.us

and

Anna C. Martinez
AEQUITAS LAW, LLC
P.O. Box 23504
Albuquerque, New Mexico 87125
Telephone: (505)750-8005
Facsimile: (505)212-0249
anna@eaquitas.pro

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2018, I filed the foregoing through this Court's CM/ECF filing system causing an electronic copy of the foregoing to be served upon all counsel of record.

*/s/ Amye Green*
Louren Oliveros