IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ALFONSO HERNANDEZ,**

    **Plaintiff,**

vs.                                      NO. CIV-14-964 KG/SCY

**CITY OF ALBUQUERQUE, et al.**

    **Defendants**.

## DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST MICHAEL HERRICK

COMES NOW Defendant Fitzgerald, by and through his attorney, Law Office of Jonlyn M. Martinez, LLC (Jonlyn M. Martinez, Esq.), and hereby moves this Court for an Order compelling Mr. Herrick to appear for his deposition, this time duces tecum, and to respond to all questions asked by counsel for Defendant. The Defendant further requests that Mr. Herrick pay for the cost of this deposition and the cost of counsel for the Defendant's time.

Mr. Herrick was warned that if he failed to respond to questions from the undersigned, this Motion would be filed. Mr. Herrick also spoke to his counsel, Anna Martinez, about this issue privately. However, Mr. Herrick refused to respond to the questions asked by counsel for the Defendant.[1] Therefore, this Motion is deemed opposed.

---

[1] 5· Q.· ·Okay.··Well, you understand that it's not
·6· ·up to you to determine what's relevant.··Correct?··
·7· ·I'm entitled to ask you background information.
·8· · · · A.· ·I'm here to answer specific questions that
·9· ·you may have about what I may or may not have
10· ·witnessed on a particular date.··Let's get to that.
11· · · · Q.· ·Well, I appreciate that that's your
12· ·understanding of why we're here.··I get to ask you
13· ·whatever questions I believe are relevant.··And if
14· ·you --

As grounds for the foregoing Movant states:

1.     In order to take the deposition of Mr. Herrick, the Defendant was forced to file a Motion for Order to Show Cause. [Document No. 183]   Thereafter, this Court entered an Order directing Mr. Herrick to cooperate with the taking of his deposition. [Document No. 187]

2.      Mr. Herrick's deposition was taken on May 31, 2018. *See Exhibit A*, attached hereto. During his deposition, Mr. Herrick refused to answer questions. *See e.g.:*

> Q.· ·Okay.· ·How many times, sir, do you think
> ·5· ·that you've been arrested by the Albuquerque Police
> ·6· ·Department?
> ·7· · · · · A.· ·I don't see how that's relevant.

*Exhibit A*, at p. 8.

> Q.· ·All right.· ·So, Mr. Herrick, before the
> ·3· ·break, I asked you how many times you've been
> ·4· ·arrested by APD.· ·Do you recall that?
> ·5· · · · · A.· ·I won't answer.
> ·6· · · · · Q.· ·So you're still refusing to answer --
> ·7· · · · · A.· ·Correct.

*Exhibit A*, at p. 9.

> · Q.· ·There's no privileged communication.· ·Your
> 18· ·communications with Mr. Hernandez are not
> 19· ·privileged.· ·They're subject to discovery.
> 20· · · · · A.· ·Great.· ·Discover them.
> 21· · · · · Q.· ·I'm attempting to.· ·Did you assist Mr.
> 22· ·Hernandez in submitting any complaints to the City
> 23· ·of Albuquerque that related to this incident?
> 24· · · · · A.· ·I won't answer.

---

15· · · · · A.· ·Very well.
16· · · · · Q.· ·-- refuse to answer, then I can go back
17· ·and petition the Court for yet another deposition
18· ·and ask that you pay sanctions for my time and the
19· ·time of counsel.
20· · · · · A.· ·Very good.
*See Deposition of Herrick*, at p. 7, attached hereto as Exhibit A

*Exhibit A*, at p.21.

  3. Counsel for the Defendant is aware that Mr. Herrick has filed lawsuits against the City of Albuquerque and its employees. Mr. Herrick has also been arrested multiple times and submitted multiple complaints against the City of Albuquerque and its employees.   In addition, upon information and belief, Mr. Herrick previously operated a website for the purpose of complaining about the City of Albuquerque and its employees.   Therefore, the Defendant should be permitted to inquire about this witnesses' interaction with other City of Albuquerque employees and his biases.

  4. The Plaintiff testified that Mr. Herrick helped him submit a written complaint about the Defendant in this matter. *See Deposition of Plaintiff*, attached hereto as Exhibit B, p. 126, lines 3-14 and p. 128, lines 5-9. Yet, Mr. Herrick refused to testify regarding this issue. *See Exhibit A*, at p. 21. The Defendant is entitled to ascertain the information and assistance that Mr. Herrick provided to the Plaintiff in this matter.

  5. Finally, the Mr. Herrick admitted that he just happened upon the scene of the incident, that prior to the incident he had contacted lawyers that wanted to take these type of cases and that he took possession of the Plaintiff's audio recordings. *Exhibit A*, at p. 14, lines 1-11, p. 30, line 20 to p. 31, line 1, and p. 37, lines 14-25.

  6. Based on this information, it appears that the Plaintiff colluded with Mr. Herrick to provoke and record this incident in order to obtain remuneration from the Defendant in this litigation. Thus, the Plaintiff's and Mr. Herrick's motives are necessary parts of the Defendant's defense in this matter. The Defendant is entitled to take a complete deposition of Mr. Herrick in order to adequately defend against the Plaintiff's claims in this matter.

## POINTS AND AUTHORITIES

In ***Kingston v. Nelson***, No. 2:04-cv-00156-DB-PMW, 2007 U.S. Dist. LEXIS 78294, at *7-8 (D. Utah Oct. 11, 2007), the Court dealt with an identical issue:

> The subject of Defendants' motion to compel is the May 14, 2007 deposition of Ted Kingston ("Ted"). Defendants ask the court to order Ted to appear again to be deposed and to specifically answer certain questions. Defendants also request an award of sanctions against Ted, pursuant to rule 37(a)(4)(A). In essence, Defendants argue that the transcript of Ted's deposition speaks for itself and supports their motion to compel. The court agrees.

In ***Kingston***, Ted refused to answer questions because he believed that some of the questions were not relevant. After reviewing the transcript, the Court stated the following:

> These portions of the transcript demonstrate to the court that Ted and his counsel have little or no regard for rule 30 of the Federal Rules of Civil Procedure, which governs depositions. Ted's and his counsel's actions during Ted's deposition directly violated several provisions of that rule. Ted's refusal to answer the questions posed by Defendants' counsel without an explanation of their relevance was wholly inappropriate. *See* Fed. R. Civ. P. 30(d)(1) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under [r]ule 30(d)(4)."). Further, given the subject matter of Defendants' counsel's questions to Ted, Ted's counsel's failure to instruct Ted that he was obligated to answer those questions was likewise inappropriate. *See id*.
>
> Pursuant to rule 30, Ted's counsel had two options, neither of which was exercised. First, they could have lodged objections to Defendants' counsel's questions for the record, but Ted would still have been required to answer the questions, with his testimony being taken subject to the objections. *See* Fed. R. Civ. P. 30(c) ("All objections made at the time of the examination to the qualifications of the officer taking the deposition, to the manner of taking it, to the evidence presented, to the conduct of any party, or to any other aspect of the proceedings shall be noted by the officer upon the record of the deposition; but the examination shall proceed, with the testimony being taken subject to the objections." (emphasis added)). Second, if Ted's counsel believed that Defendants' counsel was conducting the deposition in bad faith or in a way that unreasonably annoyed, embarrassed, or oppressed Ted, they could have stopped the deposition and sought a protective order under rule 26(c) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30(d)(4) ("At any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in

which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in [r]ule 26(c).").

*Kingston v. Nelson*, No. 2:04-cv-00156-DB-PMW, 2007 U.S. Dist. LEXIS 78294, at *12-14 (D. Utah Oct. 11, 2007)

The Federal Rules of Civil Procedure provide that the court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent. *See* Fed.R.Civ.P. 30(d)(2). Mr. Herrick has delayed, impeded and frustrated his fair examination in this matter.

WHEREFORE the Defendant respectfully requests that the Court compel Mr. Herrick to attend his deposition and respond fully and truthfully to all questions asked, to bring with him any complaints made on his own behalf or on behalf of the Plaintiff concerning the City of Albuquerque or its employees and to bring with him any and all communications or documents or other tangible items in his possession regarding any of the parties to this litigation including former parties. The Defendant further requests that Mr. Herrick be required to pay for the cost of his deposition and for the fees incurred by the Defendant for the preparation of and the taking of this deposition.

    Respectfully submitted,

    LAW OFFICE OF JONLYN M. MARTINEZ, LLC

    *Electronically filed on June 8, 2018*
By: */s/ Jonlyn M. Martinez*
    JONLYN M. MARTINEZ
    Attorney for Defendants
    P.O. Box 1805
    Albuquerque, NM 87103-1805
    Telephone: (505) 247-9488
    jonlyn@jmartinezlaw.net

I hereby certify that a copy of the foregoing
pleading was sent via CM/ECF to all
counsel of record on June 8, 2018:

and a copy of the foregoing was mailed to:

Michael Herrick
400 Gold, Ste 605
Albuquerque, NM 87102


　*/s/ Jonlyn M. Martinez*
Jonlyn M. Martinez, Esq.
*Attorney for Defendants*