IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

       Plaintiff,

vs.                                                                 Civ. No. 14-0964 KG/SCY

ANDY FITZGERALD, *in his individual capacity*
*as a security officer employed by the*
*Albuquerque Transit Dept. Security Div.,*

       Defendant.

## CONSOLIDATED SUMMARY ORDER ON PENDING MOTIONS

This matter comes before the Court on the following pending motions:

1. Plaintiff's Motion to Take Deposition from Mateo Caffery in Lieu of Live Testimony at Trial, filed February 5, 2018 (Doc. 150); and Response in Opposition, filed February 25, 2018 (Doc. 163);

2. Plaintiff's Motion in Limine to Exclude All Testimony and Evidence of Plaintiff's Familial Matters and Alleged Criminal Conduct, filed February 5, 2018 (Doc. 151); Response in Opposition, filed February 26, 2018 (Doc. 164); and Reply in Support, filed March 12, 2018 (Doc. 174);

3. Defendant's Motion to Strike Undisclosed Witnesses, filed February 5, 2018 (Doc. 152); Response in Opposition, filed February 26, 2018 (Doc. 167); and Reply in Support, filed March 12, 2018 (Doc. 173);

4. Plaintiff's Motion to Strike Witnesses, filed February 5, 2018 (Doc. 154); Response in Opposition, filed February 26, 2018 (Doc. 165); and Reply in Support, filed March 12, 2018 (Doc. 172);

5. Plaintiff's Motion in Limine to Exclude Testimony or Evidence of Prior Civil Cases, Prior "Propensity to get into Physical Altercations," Prior Allegations Against Employees of the City of Albuquerque, and Other Irrelevant Testimony or Evidence, filed February 5, 2018 (Doc. 156); and Response in Opposition, filed February 26, 2018 (Doc. 168);

6. Plaintiff's Motion in Limine to Exclude Testimony of Evidence of Prior Criminal and/or Bad Acts, filed February 5, 2018 (Doc. 158); and Response in Opposition, filed February 26, 2018 (Doc. 166); and

7. Plaintiff's Motion in Limine to Exclude Testimony or Evidence of Immigration Status, filed February 5, 2018 (Doc. 159); and Response in Opposition, filed February 26, 2018 (Doc. 169).

On January 30, 2019, the Court held a telephonic status conference and hearing on the above motions. Louren Oliveros, Amye Green, and Victor Sanchez represented Plaintiff at the telephonic status conference and hearing while Jonlyn Martinez represented Defendant.

Having considered the motions, the accompanying briefing, and the comments of counsel at the telephonic status conference and motions hearing, and for the reasons explained on the record at the telephonic status conference and motions hearing,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Take Deposition from Mateo Caffery in Lieu of Live Testimony at Trial is granted in part and denied in part. (Doc. 150). Dr. Caffery must appear live at trial. Plaintiff will produce Dr. Caffery for a deposition in New Mexico at least forty-eight (48) hours before his live trial testimony, and will pay the costs of that deposition, not including Defendant's attorney's fees. If Dr. Caffery does not appear live at trial, no portion of his deposition may be used at trial.

2. Defendant's Motion to Strike Undisclosed Witnesses is granted in part and denied in part. (Doc. 152). Dr. Caffery may testify as outlined above. The remaining disputed witnesses may not testify during Plaintiff's case-in-chief.

3. Plaintiff's Motion to Strike Witnesses is denied in part as moot. (Doc. 154). Plaintiff withdrew the Motion as to Michael Herrick. Defendant does not intend to call Erin Hays or Lori Trujillo, rendering that portion of the Motion moot. Nathan

Krantz may testify under the same conditions as Dr. Caffery.

4. Plaintiff's Motion in Limine to Exclude Testimony or Evidence of Immigration Status is taken under advisement. (Doc. 159). The parties are urged to meet and confer on a stipulation regarding this Motion.

5. Plaintiff's Motion in Limine to Exclude All Testimony and Evidence of Plaintiff's Familial Matters and Alleged Criminal Conduct; Plaintiff's Motion in Limine to Exclude Testimony of Evidence of Prior Civil Cases, Prior "Propensity to get into Physical Altercations," Prior Allegations Against Employees of the City of Albuquerque, and Other Irrelevant Testimony or Evidence; and Plaintiff's Motion in Limine to Exclude Testimony or Evidence of Prior Criminal and/or Bad Acts are denied in part and reserved in part. (Docs. 151, 156, and 158). Defendant will submit a proffer of evidence intended to be used pursuant to the Court's discovery sanction no later than 5:00 p.m. on February 5, 2019. Plaintiff may file additional motions in limine by 5:00 p.m. on February 12, 2019. Defendant may respond by 5:00 p.m. on February 15, 2019.

6. The Court imposes the following amended deadlines:

    - Final Witness Lists                       February 11, 2019
    - Final Exhibit Lists                       February 11, 2019
    - Deposition Designations                   February 11, 2019
    - Proposed Jury Instructions                February 11, 2019
    - Statement of the Case                     February 11, 2019
    - Objections to Deposition Designations     February 18, 2019
    - Amended Pretrial Order                    February 18, 2019

_____<br>
UNITED STATES DISTRICT JUDGE