IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

    Plaintiff,

vs.                                                      NO. CIV-14-964 KG/SCY

CITY OF ALBUQUERQUE, et al.

    Defendants.

**DEFENDANT FITZGERALD'S MOTION IN LIMINE TO EXCLUDE EVIDENCE CONTAINED IN CITY OF ALBUQUERQUE RECORDS**

COMES NOW Defendant Fitzgerald, by and through his counsel of record, the Law Office of Jonlyn M. Martinez, LLC, and hereby moves this Honorable Court for an Order prohibiting the Plaintiff from using any materials found in Defendant Fitzgerald's personnel files with the City of Albuquerque, including discipline and termination records, training records, Standard Operating Procedures related to Defendant Fitzgerald's employment with the City of Albuquerque, any complaints related to Defendant Fitzgerald's employment with the City of Albuquerque and any investigations into any complaints related to Defendant Fitzgerald's work as a transit officer or as an employee of the City of Albuquerque.

Counsel for the Plaintiff was contacted and opposes this Motion.

**BACKGROUND**

In the present case, the only remaining claims are the Plaintiff's claims against Defendant Fitzgerald for the alleged use of excessive force and for the alleged false imprisonment of the Plaintiff brought pursuant to 42 U.S.C. § 1983. The claims against the City of Albuquerque have been dismissed from this litigation.

**POINTS AND AUTHORITIES**

1

The Court's first inquiry is whether the evidence that is the subject of the parties' motions in limine is relevant under the legal standard that the Court is required to apply in excessive-force cases. The standard for determining whether Defendants' use of force in this case was unreasonable or excessive is defined by the interpretation of the Fourth Amendment provided by the Supreme Court and the Tenth Circuit. *See generally Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001); *Romero v. Bd. of County Comm'rs.*, 60 F.3d 702, 705 (10th Cir. 1995); *Wilson v. Meeks*, 52 F.3d 1547, 1554 (10th Cir. 1995), abrogated on other grounds by *Saucier v. Katz*, 533 U.S. 194 (2001). In particular, Plaintiff's excessive-force claim under 42 U.S.C. § 1983 must be analyzed under the Fourth Amendment standard of "objective reasonableness" as articulated by the Supreme Court in *Graham v. Connor*, 490 U.S. 386 (1989).

The subjective intentions or state of mind of the Plaintiff or the individual Defendants are not relevant to determining whether an officer's use of force is objectively reasonable under the Fourth Amendment. *See Arkansas v. Sullivan*, 532 U.S. 769, 771-72 (2001); *United States v. Sanchez*, 89 F.3d 715, 718 (10th Cir. 1996). Rather, "the reasonableness of an officer's conduct must be assessed 'from the perspective of a reasonable officer on the scene,' recognizing the fact that the officer may be 'forced to make split-second judgments' under stressful and dangerous conditions." *Medina*, 252 F.3d at 1131 (quoting *Graham*, 490 U.S. at 396-97). This assessment must be "based upon the information the officers had when the conduct occurred," *Saucier*, 533 U.S. at 207, and is not to be judged "with the 20/20 vision of hindsight," *Graham*, 490 U.S. at 396; see *Kopf v. Skyrm*, 993 F.2d 374, 379 (4th Cir. 1993) (concluding that so long as "probable cause is present, the actual guilt or innocence of the arrestee is irrelevant to the amount of force that may be used").

A.     **Records Related to Defendant Fitzgerald's Discipline or Termination Contained In His Personnel File Must Be Excluded From the Trial of this Matter.**

Records related to Defendant Fitzgerald's discipline or termination contained in his personnel file are not relevant to these proceedings. Under the Federal Rules, all evidence that is relevant is admissible -- unless another law or rule excludes the evidence -- and any evidence that is not relevant is not admissible. *See Fed. R. Evid*. *402*. The evidence need only have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. *See United States v. Leonard*, 439 F.3d at 651. "[A] fact is 'of consequence' when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict," but it only need to have "any tendency" to do so. *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007). *See United States v. Leonard*, 439 F.3d at 651; *United States v. McVeigh*, 153 F.3d at 1190. In the present case, documents contained in Defendant Fitzgerald's personnel will not provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict. Therefore, Defendant Fitzgerald's personnel file documents related to any discipline and/or his termination should be excluded from the trial of this matter.

Further, the Rules of Evidence do "not sanction the carte blanche admission of whatever evidence a party would like admit. The trial judge is the gatekeeper under the Rules of Evidence." *United States v. Jordan*, 485 F.3d at 1218. As the advisory committee noted, "certain circumstances call for the exclusion of evidence which is of unquestioned relevance." Fed. R. Evid. 403 advisory committee's note. Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of

3

time, or needless presentation of cumulative." Fed. R. Evid. 403. A district court has "broad discretion to examine whether the probative value of evidence substantially outweighs the danger of unfair prejudice." *United States v. Reddeck*, 22 F.3d 1504, 1508 (10th Cir. 1994); *United States v. Poole*, 929 F.2d 1476, 1482 (10th Cir. 1991). In the present case, to the extent the Plaintiff can establish that Defendant Fitzgerald's personnel file and any disciplinary records are relevant, they must be excluded because they are unfairly prejudicial. A determination that Defendant Fitzgerald violated any internal policy of the City of Albuquerque does not establish that he violated the Plaintiff's rights in this matter. Therefore, this information must be excluded from the trial of this matter.

**B.    Evidence of Defendant Fitzgerald's Training and/or Standard Operating Procedures Are Not Relevant and Must Be Excluded.**

The "objective reasonableness" of Defendant's use of force or conduct in this case is not determined by the training or by the standard operating procedures promulgated by the City of Albuquerque. The fact that an officer did not comply with his or her employer's training or standard operating procedures, or did not use a less intrusive alternative means of detaining or disarming a suspect, does not necessarily mean that the officer's conduct was "unreasonable" under the Fourth Amendment. *See Medina*, 252 F.3d at 1133; *Romero*, 60 F.3d at 705; *Wilson*, 52 F.3d at 1554. Accordingly, the Defendant requests that this Court exclude any testimony or evidence concerning Defendant Fitzgerald's training or the standard operating procedures because this supplants the test of objective reasonableness that has been defined by the Supreme Court and the Tenth Circuit. Moreover, any training records or the standard operating procedures are not probative in this case, and the limited probative value of such evidence is substantially outweighed by the danger of confusing the jury as to the applicable legal standard for

determining the reasonableness of the Defendant's conduct. See Fed. R. Evid. 403. Therefore, evidence of Defendant Fitzgerald's training and the applicable Standard Operating Procedure must be excluded from the trial of this matter.

### C. Complaints Received by the City of Albuquerque and Investigations Conducted by the City of Albuquerque Must Be Excluded From The Trial Of This Matter.

Evidence concerning complaints received by the City of Albuquerque and investigations conducted by the City of Albuquerque must be excluded from the trial of this matter because they are not relevant or admissible at trial for the following reasons. The Court has previously granted summary judgment as to all claims of municipal liability in this case. This prior ruling eliminates any need for evidence concerning standard operating procedures or a supervisory or the City of Albuquerque's knowledge of the contents of complaints or investigations into Defendant Fitzgerald.  Any complaints or investigations regarding Defendant Fitzgerald are not relevant to the remaining claims against the individual Defendants. *See generally Medina*, 252 F.3d at 1133; *Romero*, 60 F.3d at 705; *Wilson*, 52 F.3d at 1554.

The reasonableness of the individual Defendants' conduct is to be judged from the information that was before the officers in question at the time of his allegedly excessive use of force, not from information about other incidents in which these officers may have been involved. *See Graham*, 490 U.S. at 396. Similarly, evidence of Defendant Fitzgerald's other acts is not admissible for the purpose of showing their subjective intent or motives in the present case because their subjective intent or motives is not a factor under the "objective reasonableness" test. *See Sullivan*, 532 U.S. at 771-72; *Sanchez*, 89 F.3d at 718.  Similarly, findings in any investigation regarding Defendant Fitzgerald are not relevant to these proceedings. Any minimal probative value of such evidence is outweighed by the danger of unfair prejudice, confusion of the jury as to the applicable legal standard, and the need to avoid a

mini-trial on collateral issues. *See* Fed. R. Evid. 403.

## CONCLUSION

Based on the foregoing, the Defendant respectfully requests that this Court grant this Motion in Limine and exclude Defendant Fitzgerald's personnel files with the City of Albuquerque, including discipline and termination records, training and Standard Operating Procedures related to Defendant Fitzgerald's employment with the City of Albuquerque, any complaints related to Defendant Fitzgerald's employment with the City of Albuquerque and any investigations into any complaints related to Defendant Fitzgerald's work as a transit officer or as an employee of the City of Albuquerque from the trial of this matter.

Respectfully submitted,

LAW OFFICE OF JONLYN M. MARTINEZ, LLC

*Filed electronically on February 11, 2019*
By: */s/ Jonlyn M. Martinez*
    JONLYN M. MARTINEZ
    Attorney for Defendant Fitzgerald
    P.O. Box 1805
    Albuquerque, NM 87103-1805
    P: (505) 247-9488
    jonlyn@jmartinezlaw.net

I hereby certify that a true
and correct copy of the foregoing
was served via CM/ECF to all counsel
of record this 11th day of February 2019.

*/s/ Jonlyn M. Martinez*
Jonlyn M. Martinez, Esq.