**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**ALFONSO HERNANDEZ,**

       **Plaintiff,**

**v.**                                                    **Case No.: 14-cv-00964 KG/SCY**

**ANDY FITZGERALD,**

       **Defendant.**

### <u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>

      Plaintiff, Alfonso Hernandez, by and through his attorneys of record, GORENCE &

OLIVEROS, P.C. (Louren Oliveros and Amye Green) and AEQUITAS LAW, LLC (Anna C.

Martinez), hereby submits his proposed jury instructions, with citations.  Plaintiff reserves the

right to amend or submit additional jury instructions as necessary.

      Respectfully submitted,

      GORENCE & OLIVEROS, P.C.

      */s/ Louren Oliveros*
      Louren Oliveros
      Amye G. Green
      300 Central Avenue SW, Suite 1000E
      Albuquerque, New Mexico 87102
      Telephone: (505) 244-0214
      Facsimile: (505) 244-0888
      oliveros@golaw.us
      green@golaw.us

      and

      Anna C. Martinez
      AEQUITAS LAW, LLC
      P.O. Box 23504
      Albuquerque, New Mexico 87125
      Telephone: (505)750-8005
      Facsimile: (505)212-0249
      anna@eaquitas.pro

      *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 11, 2019, I filed the foregoing through this Court's
CM/ECF filing system causing an electronic copy of the foregoing to be served upon all counsel
of record.

*/s/ Louren Oliveros*

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4

**Statement of Claims**

In this case the Plaintiff, Alfonso Hernandez, seeks compensation from Defendant Andy Fitzgerald for damages that he claims he suffered because Defendant violated the Fourth Amendment to the United States Constitution by using unnecessary, unreasonable, and excessive force against him and by falsely imprisoning him.

Section 1983 of Title 42 of the United States Code provides that a person may sue for an award of money damages against any person who, "under color" of any state law or custom, intentionally violates his or her rights under the Constitution of the United States.  In this case, Plaintiff claims that Defendant Andy Fitzgerald, while acting under color of authority of the County of Bernalillo as a Transit Officer with the City of Albuquerque, violated Plaintiff's constitutional right to be free from the use of excessive force and right to be free from false imprisonment.

To establish each of his claims under 42 U.S.C. §1983 on the part of Defendant, the Plaintiff has the burden of proving each of the following by a preponderance of the evidence:

1) That Defendant Andy Fitzgerald acted "under color" of the authority of the State of New Mexico; You need not consider this element.  The parties have agreed that Defendant Andy Fitzgerald were acting "under color" of the authority of the State of New Mexico and that this element has been satisfied;

2) That Defendant Andy Fitzgerald intentionally committed acts, and that one or more of these intentional acts violated the Plaintiff's federal constitutional rights that I have described to you;

3

3)  That Defendant Andy Fitzgerald's acts were the legal cause of Plaintiff's damages.

**<u>Excessive Force:</u>**

To establish the constitutional violation of excessive force in violation of the Fourth Amendment to the United States Constitution, the Plaintiff must prove by a preponderance of the evidence:

I.  Some harm, that

II.  Resulted directly and only form the use of force that was clearly excessive to the need; and the excessiveness of which was

III.  Objectively unreasonable in light of the facts and circumstances at the time.

Some of the things you may want to consider in determining whether the Defendant used excessive force are (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible official, and (5) any efforts made to temper the severity of a forceful response.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable transit officer on the scene, rather than with the 20/20 vision of hindsight.  This reasonableness inquiry is an objective one: the question is whether the transit officer's actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

An intentional act by Defendant Andy Fitzgerald violates Plaintiff's constitutional rights and makes the force used by Defendant Andy Fitzgerald in making the detention or arrest unnecessary, unreasonable, or excessive.  The force used is unnecessary, unreasonable, or

excessive if, considering all of the facts and circumstances known to Defendant Andy Fitzgerald when he intentionally committed a particular act of force against Plaintiff, the amount of force he used exceeded that degree of force which a reasonable and prudent transit officer would have applied in making the detention or arrest under the same circumstances.   A transit officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will a transit officer's good intentions make an objectively unreasonable use of force constitutional.

The Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the Defendant was a direct cause of the damage Plaintiff suffered.  An act or failure to act is a direct cause of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages.

The Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the Defendant was a proximate cause of the damage Plaintiff suffered.  An act or omission is a proximate cause of the Plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

It is your responsibility to decide whether Plaintiff has proven his claims against Defendant Fitzgerald by a preponderance of the evidence, as that term is defined in these instructions. If you should find for the Plaintiff and against the Defendant on this claim, then you must decide the issue of damages.

**False Imprisonment:**

To establish his claim of false imprisonment against Defendant Fitzgerald, the Plaintiff must prove by a preponderance of the evidence:

I.      The Defendant Andy Fitzgerald acted "under color" of the authority of the State

of New Mexico; You need not consider this element.  The parties have agreed that

Defendant Andy Fitzgerald was acting "under color" of the authority of the State

of New Mexico and that this element has been satisfied;

II.     The Defendant Andy Fitzgerald confined Plaintiff without his consent and with

knowledge that he had no lawful authority to do so;

III.    The Defendant Andy Fitzgerald acted intentionally or with deliberate or reckless

intent to falsely imprison the Plaintiff; and

IV.     The Defendant Andy Fitzgerald's acts were the legal cause of Plaintiff's damages.

It is your responsibility to decide whether Plaintiff has proven his claims against the

Defendant by a preponderance of the evidence, as that term is defined in these instructions. If

you should find for the Plaintiff and against the Defendant on this claim, then you must decide

the issue of damages.

NM UJI 13-302A, NMRA 2011 (modified); Plaintiff's Complaint (modified); FIFTH CIRCUIT
PATTERN JURY INSTRUCTIONS (Civil) 10.2 (2006) (Alternative excessive force section 1983 jury
charge) (modified);  *Graham v. Connor*, 490 U.S. 386, 397 (1989) (stating "the reasonableness
inquiry in an excessive force case is an objective one: the question is whether the officers'
actions are objectively reasonable in light of the facts and circumstances confronting them.");
*Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985) ("If the suspect threatens the officer with a
weapon or there is probable cause to believe that he has committed a crime involving the
infliction or threatened infliction of serious physical harm...."); *Sevier v. City of Lawrence*, 60
F.3d 695, 699 (10th Cir. 1995) ("The reasonableness of [the officers'] actions depends both on
whether the officers were in danger at the precise moment that they used force and on whether
[the officers'] own reckless or deliberate conduct during the seizure unreasonably created the
need to use such force."); *Lester v. City of Chicago*, 830 F.2d 706, 712 (7th Cir.1987) (observing

that "[a]n objectively unreasonable seizure violates the Constitution regardless of an officer's good intent; likewise, an objectively reasonable seizure does not violate the Constitution despite the officer's bad intent."); *Lubsy v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423, 1433 (10th Cir. 1984) ("an officer who fails to perform a duty may be liable under § 1983 if that failure causes deprivation of protected rights"), *vacated on other grounds by City of Lawton, OK v. Lusby*, 474 U.S. 805, 106 S.Ct. 40 (1985); *Montoya v. City of Albuquerque*, 2004 WL 3426436, *6 (D.N.M. 2004) (a person must be able to intervene to stop the force used on another); *Bober v. New Mexico State Fair*, 111 N.M. 644, 653-54 (1991) ("a transit officer or agency may be held liable under Section 41–4–12 for negligently causing infliction of one of the predicate torts"); *Ortiz v. New Mexico State Police,* 112 N.M. 249, 251-52 (Ct.App. 1991) (discussing negligence claims against transit officers); *Taylor v. Phelan*, 799 F.Supp. 1095, 1099-1100 (D.Kan. 1992) (same); UJI 14-301; UJI 14-320; *State v. Ortega*, 113 N.M. 437, 440, 827 P.2d 152, 155 (Ct.App. 1992) (discussing elements of assault and battery); *Fuerschback v. Southwest Airlines Co.*, 439 F.3d 1197, 1208-09 (10th Cir. 2006) (same).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5

**Opening Statements**

A trial begins with the lawyers telling you what they expect the evidence to show.  These statements and other statements made by the lawyers during the course of the trial can be of considerable assistance to you in understanding the evidence as it is presented at trial.  Statements of the lawyers, however, are not themselves evidence.  The evidence will be the testimony of witnesses, the exhibits, and any facts agreed to by the parties.  After you have heard all the evidence, I will give you final instructions on the law.  The lawyers will argue the case, and then you will retire to the jury room to arrive at a verdict.

UJI 13-119, NMRA (2013) (unmodified).  Opening statements.

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 7

**Elements of Claim for Unreasonable and Excessive Force
under 42 U.S.C. § 1983**

Plaintiff claims that Defendant Andy Fitzgerald, while acting under color of authority of the County of Bernalillo as a Transit Officer with the City of Albuquerque violated Plaintiff's constitutional right to be free from the use of excessive force by a transit officer.

To recover damages for this alleged constitutional violation, the Plaintiff must prove by a preponderance of the evidence that:

1.    Defendant Andy Fitzgerald committed an act that violated the constitutional rights Plaintiff claims were violated;

2.    That in so doing, Defendant Andy Fitzgerald acted "under color" of the authority of the State of New Mexico. You need not consider this element. The parties have conceded that Defendant Andy Fitzgerald was acting "under color" of the authority of the State of New Mexico and that this element is satisfied; and

3.    Defendant Andy Fitzgerald's acts were the cause of Plaintiff's damages.

Plaintiff claims that Defendant Andy Fitzgerald violated the Fourth Amendment by using excessive force in detaining him. The Constitution prohibits the use of unreasonable or excessive force while detaining a person, even when the detainment is otherwise proper. To prevail on a Fourth Amendment excessive-force claim, Plaintiff must prove the following by a preponderance of the evidence:

1.    An injury;

2.    That the injury resulted directly from the use of force that was excessive to the need; and

9

3.      That the excessiveness of the force was objectively unreasonable.

To determine whether the force used was reasonable under the Fourth Amendment, you must carefully balance the nature and quality of the intrusion on Plaintiff's right to be protected from excessive force under the government's right to use some degree of physical coercion or threat of coercion to detain an individual. Not every push or shove, even if it may later seem unnecessary in hindsight, violates the Fourth Amendment. In deciding this issue, you must pay careful attention to the facts and circumstances, including the severity of the crime at issue, whether Plaintiff posed an immediate threat to the safety of the transit officer or others, and whether he was actively resisting or attempting to evade arrest.

The reasonableness of a particular use of force is based on what a reasonable transit officer would do under the circumstances and not on this defendant's state of mind. You must decide whether a reasonable transit officer on the scene would view the force as reasonable, without the benefit of 20/20 hindsight. This inquiry must take into account the fact that officers are sometimes forced to make split-second judgments- in circumstances that are tense, uncertain, and rapidly evolving- about the amount of force that is necessary in a particular situation.

FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (Civil) 10.1 (modified), Alternative excessive force section 1983 jury charge (2014) (modified); *Graham v. Connor*, 490 U.S. 386, 397 (1989) (stating "the reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them.")

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 8

**Elements of Claim for False Imprisonment
under 42 U.S.C. § 1983**

Plaintiff claims that Defendant Andy Fitzgerald, while acting under color of authority of the County of Bernalillo as a Transit Officer with the City of Albuquerque, violated Plaintiff's constitutional right to be free from the use of false imprisonment by a transit officer.

To recover damages for this alleged constitutional violation, the Plaintiff must prove by a preponderance of evidence that:

1.       Defendant Andy Fitzgerald confined Plaintiff without his consent and with knowledge that he had no lawful authority to do so;

2.       Defendant Andy Fitzgerald acted intentionally or with deliberate or reckless intent to falsely imprison the Plaintiff; and

3.       Defendant Andy Fitzgerald's acts were the legal cause of Plaintiff's damages.

The Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the Defendant caused Plaintiff's damages.

If you should find for the Plaintiff and against the Defendant, then you must decide the issue of damages.

FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (Civil) 10.1, Alternative excessive force section 1983 jury charge (2014) (modified); *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Chavez v. County of Bernalillo*, 3 F. Supp. 3d 936 (D.N.M. 2014)

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 9

**Reasonableness of Force**

The use of force by a City of Albuquerque Transit Officer is not reasonable under the law if there is no need for force.  It is unreasonable for a transit officer to use physical force on a person who has been restrained and who is securely under the control of the transit officer.

*Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008)("[I]t would be apparent to a reasonable officer that the use of force adequate to tear a tendon is unreasonable against a fully restrained arrestee"); *Weigel v. Broad*, 544 F.3d 1143, 1155 (10th Cir. 2008)("the law [is] clearly established that applying pressure to [a person's] upper back, once he was handcuffed and his legs restrained, was constitutionally unreasonable"); *Cox v. Treadway*, 75 F.3d 230, 234 (6th Cir. 1996)(an arrestee must be restrained and must be completely under the control of the police for the "no force" rule to apply); *Lewis v. Downs*, 774 F.2d 711, 714 (6th Cir. 1985)(beating and kicking restrained suspects who are in the control of the police is "plainly excessive" force).

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 10

**Proportionality of Force**

The amount of force applied by a City of Albuquerque Transit Officer must be proportional to the need for the force.

*Kobel v. Dunkle,* No. 16-3227, 2018 WL 572053, at *6 (D. Kan. Jan. 25, 2018) (The amount of force applied is proportional to the need for force."); *Estate of Booker v. Gomez,* 745 F.3d 405, 424 (10th Cir. 2014) ("Because Mr. Booker was handcuffed and on his stomach, we conclude the force was not proportional to the need presented."); *Perea v. Baca,* 817 F.3d 1198, 1203 (10th Cir. 2016) ("Repeated use of the taser exceeded the minimal force that would be proportional to Perea's crime.")

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 11

**Right to Record**

A citizen has a legal right to record or film the conduct of a City of Albuquerque Transit Officer. It is unreasonable for a transit officer to use physical force on a person solely on the basis that he or she is recording or filming the transit officer.

*Allen v. Thompson*, 14 F.Supp.3d 885, 888 (D. Ken. 2014) (finding that recording of interaction with law enforcement poses no risk to safety of officer or those present); *Garcia v. City of Santa Clara,* No. C 10-2424 SI (pr), 2015 WL 5299460, at *4 (N.D. Cal. Sept 9, 2015) (same); *McCormick v. City of Lawrence,* 130 F. App'x 987, 1304-05 (10th Cir. 2015) (finding that police officers were not entitled to qualified immunity for their use of force against handcuffed activity who was arrested while attempting to film traffic stops).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12

**42 U.S.C. § 1983**

Section 1983 of Title 42 of the United States Code, the federal Civil Rights Act under which Plaintiff brings this lawsuit, was enacted by Congress to enforce the United States Constitution.

This statute provides that a person may seek damages in this Court against any individual who, under color of any state law or custom, deprives such person of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

You are instructed as a matter of law that under the Fourth Amendment to the United States Constitution, every citizen has the right to be free from the use of excessive force before or during an arrest.

In this case, Plaintiff claims that Defendant Andy Fitzgerald, while acting under color of authority of the State of New Mexico as a City of Albuquerque Transit Officer, violated Plaintiff's constitutional right to be free from the use of excessive force by a transit officer.

42 U.S.C. § 1983 (modified)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13

**Intent of Defendant**

To find a violation of Plaintiff's constitutional rights, it is not necessary to find that the Defendant had any specific intent to deprive Plaintiff of his constitutional rights, or that the Defendant acted with malice or ill will towards Plaintiff. It is sufficient to find that the Defendant intended the actions which resulted in a violation of Plaintiff's rights.

*Graham v. Connor*, 490 U.S. 386, 397 (1989); *Scott v. United States*, 436 U.S. 128, 137-39 (1978); *Terry v. Ohio*, 392 U.S. 1, 22-27 (1968); *Stringer v. Dilger*, 313 F.2d 536, 540 (10th Cir. 1963); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Gomez v. Toledo*, 446 U.S. 635 (1980); *Hudson v. New York City*, 271 F.3d 62, 70-71  (2d Cir. 2001) (reversing judgment for defendants where court instructed jury than an intentional violation of constitutional rights was required).

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 14

**Testimony of Public Officials**

The testimony of a public official is entitled to no special or exclusive sanctity.  An official who takes the witness stand subjects his/her testimony to the same examination and the same tests that any other witness does.  In the case of transit officers, you should not believe them merely because they are transit officers.  You should recall their demeanor on the stand, their manner of testifying and the substance of their testimony.  You should weigh and balance their testimony just as carefully as you would the testimony of any other witness.  People employed by the government, including transit officers, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight on that basis alone.

*Lopez v. House,* No. CIV 87-1261 JB (D.N.M. 1989)(modified); *Stewart v. Donges*, No. CIV 87-0476 JC (D.N.M. 1988), *rev'd on other grounds*, 915 F.2d 72 (10th Cir. 1990)(modified); *Salazar v. Rodriguez,* No.  CIV 80-049 JB (D.N.M. 1981)(modified); *Roberts v, Hollocher*, 664 F.2d 200 (8th Cir. 1981); *Darbin v.  Nourse*, 664 F.2d 1109 (9th Cir. 1981).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18

**Impeachment Instructions**

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness or by evidence that the witness has been convicted of a crime or by specific acts of wrongdoing of the witness.

If you believe that any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness only such credit as you may think it deserves.

Gen. 11 (modified)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21

**Exclusion of Witnesses**

The rule of exclusion of witnesses is in effect.  This means that, until excused as a witness by me, all witnesses will remain outside the courtroom except when testifying.  They will wait in the areas directed by the bailiff unless other arrangements have been made with the attorney who has called them.  The rule also forbids witnesses from telling anyone but the lawyers what they will testify about or what they have testified to.  If witnesses do talk to the lawyers about their testimony, other witnesses and jurors should avoid being present or overhearing.

The lawyers are directed to inform all witnesses of these rules and to remind them of their obligations.  The parties and their lawyers should keep a careful lookout to prevent any potential witness from remaining in the courtroom if they enter by mistake.

UJI 13-118, NMRA (2013) (unmodified).  Exclusion of witnesses.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 16

**Deposition Testimony**

Deposition testimony is testimony that was taken under oath before trial and has been preserved in writing or by video.  This testimony is entitled to the same consideration that you give any other testimony at this trial.

Gen. 16 (modified)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26

**Proximate Cause**

An act is a "cause" of injury or harm if it contributes to bringing about the injury or harm. It need not be the only explanation for the injury or harm, nor the reason that is nearest in time or place.  It is sufficient if it occurs in combination with some other cause to produce the result.  To be a "cause," the act or omission, nonetheless, must be reasonably connected as a significant link to the injury or harm.

Gen. 19A (modified)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30

**Compensatory Damages**

You must determine an amount that is fair compensation for Plaintiff's damages. These damages are called compensatory damages. In calculating the compensatory damages, you should consider the following elements, to the extent you find them proved by a preponderance of the evidence:

The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injury;

The nature, extent and duration of the injury including disfigurement;

Any mental and emotional distress, including personal humiliation, and mental anguish and suffering Plaintiff experienced, and is reasonably certain to experience in the future;

Any aggravation of a preexisting ailment or condition, but you may allow damages only for the aggravation itself and not for the preexisting ailment or condition; and

The reasonable expense of necessary medical care, treatment, and services received and the present cash value of the reasonable expenses of medical care, treatment and services reasonably certain to be received in the future.

Whether any of these elements of damages have been proved by the evidence is for you to determine. Your verdict must be based upon proof and not upon speculation, guess, or conjecture. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

Sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

The guide for you to follow in determining compensation for pain and suffering, if any, is the enlightened conscience of impartial jurors acting under the sanctity of your oath to compensate Plaintiff with fairness to all parties to this lawsuit.

FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (Civil) 15.2, 15.4, 15.6, 15.13 (2006) (Modified); UJI 13-1802, NMRA (2013) (Measure of Damages; General) ; UJI 13-1804, NMRA (2013) (Medical Expense); UJI 13-1806 NMRA (2013) (Nature, Extent, Duration); UJI 13-1807, NMRA (2013) (Pain & suffering); *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 307 (1986).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 32

**Punitive Damages**

If you find that the Plaintiff should recover compensation for damages, and if you further find that the conduct of the Defendant was malicious, willful, reckless, wanton, or in bad faith, then you may award punitive damages against the Defendant.

Punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses.

The amount of punitive damages must be based on reason and justice taking into account all of the circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown.  The amount awarded, if any, must be reasonably related to the actual damages and injury and not disproportionate to the circumstances.

Malicious conduct is the intentional doing of a wrongful act with knowledge that the act was wrongful.

Willful conduct is the intentional doing of an act with knowledge that harm may result.

Reckless conduct is the intentional doing of an act with utter indifference to the consequences.

Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's rights or safety.

Gen. 26 (modified)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 33

**Medical Testimony**

A medical witness may testify about statements concerning a person's medical history and condition that were made for purposes of diagnosis or treatment. Such statements are not evidence of their own truth, but they may be considered to show the information upon which the witness's diagnosis or medical opinion was based. To whatever extent the opinion of the witness is based upon such statements, you may consider the trustworthiness of the statements in determining the weight to be given to the medical witness's opinion.

UJI 13-205 NMRA (2013) (modified). Patient's History as Told to Doctor.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 36

**Closing Arguments**

After these instructions on the law governing this case, the lawyers may make closing arguments, or statements, on the evidence and the law.  These summaries can be of considerable assistance to you in arriving at your decision and you should listen carefully.  You may give them such weight as you think proper.  However, neither these final discussions nor any other remarks or arguments of the attorneys made during the course of the trial are to be considered by you as evidence or as correct statements of the law, if contrary to the law given to you in these instructions.

UJI 13-2007, NMRA (2013) (unmodified).  Closing arguments.

PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM

## **SPECIAL VERDICT FORM**

1. Do you find by a preponderance of the evidence that Defendant Fitzgerald violated Plaintiff Alfonso Hernandez's constitutional right to be free from the use of excessive force?

    Yes _____          No _____

2. Do you find by a preponderance of the evidence that Defendant Fitzgerald violated Plaintiff Alfonso Hernandez's constitutional right to be free from false imprisonment?

    Yes _____          No _____

If you answered "No" to both questions above as to Defendant Fitzgerald, then have the foreperson sign and date the special verdict form without answering Questions 3, 4 or 5. If you answered "Yes" to either Question No. 1 or Question No. 2, then proceed to Question No. 3.

3. Indicate the amount of compensatory or actual damages or nominal damages that you find should be awarded to Plaintiff for Defendant Fitzgerald's violation of Plaintiff's constitutional right to be free from the use of excessive force:

    $ _____

4.  Indicate the amount of compensatory or actual damages or nominal damages that you

    find should be awarded to Plaintiff for Defendant Fitzgerald's violation of Plaintiff's

    constitutional right to be free from false imprisonment:

        $ _____


5.  Do you find by a preponderance of the evidence that Defendant Fitzgerald's conduct was

    willful, reckless, wanton, fraudulent or in bad faith?

        Yes _____          No _____

If you answered "No" to Question No. 5, then have the foreperson sign and date the special

verdict form without answering Question No. 6. If you answered "Yes" to Question No. 5 then

proceed to Question No. 6.


6.  Indicate the amount of punitive damages that you find should be awarded to Plaintiff for

    Defendant Fitzgerald's violation of Plaintiff's constitutional right to be free from the use

    of excessive force:

        $ _____

7.  Indicate the amount of punitive damages that you find should be awarded to Plaintiff for

    Defendant Fitzgerald's violation of Plaintiff's constitutional right to be free from false

    imprisonment:

        $ _____


_____          _____
DATE                          JURY FOREPERSON