IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

      **Plaintiff,**

v.                                               Case No.: 14-cv-00964 KG/SCY

ANDY FITZGERALD,

      **Defendant.**

## PLAINTIFF ALFONSO HERNADEZ'S RESPONSE TO DEFENDANT FITZGERALD'S MOTION IN LIMINE TO EXCLUDE EVIDENCE CONTAINED IN CITY OF ALBUQUERQUE RECORDS

Plaintiff, Alfonso Hernandez, by and through his attorneys of record, GORENCE & OLIVEROS, P.C. (Louren Oliveros) and AEQUITAS LAW, LLC (Anna C. Martinez), hereby respond to Defendant Fitzgerald's Motion in Limine to Exclude Evidence Contained in City of Albuquerque Records. As grounds, Plaintiff states as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

On January 30, 2018, the Court set the pretrial motions deadline to February 5, 2018. Doc. 148. On February 11, 2019, Defendant Fitzgerald untimely filed his Motion in Limine to Exclude Evidence Contained in the City of Albuquerque Records ("Motion in Limine"). Doc. 212. Defendant Fitzgerald has not filed a motion to extend the deadline.

In Defendant Fitzgerald's Motion in Limine, Defendant Fitzgerald requests the Court to prohibit Plaintiff from using any material regarding his discipline, training, termination records, as well as any complaints against Defendant Fitzgerald and investigations into those complaints. Doc. 212, at 1. On February 11, 2019, Plaintiff filed his Final Exhibit List that does not include any of these materials. Doc. 217. Plaintiff, however, seeks to elicit testimony at trial regarding these areas.

1

Defendant Fitzgerald also requests that the Court proscribe Plaintiff from using the Standard Operating Procedure concerning Defendant Fitzgerald's employment with the City of Albuquerque; however, Plaintiff intends to admit the Transit Department Security Section's Standard Operating Procedures ("Standing Operating Procedures"). *See* Doc. 212, at 1; Doc. 217. Plaintiff's remaining claims include excessive force committed by Defendant Fitzgerald under Count VII, as well as claims of *false imprisonment and false arrest*. *See* Doc. 1-2.

## ARGUMENT

"A creature of neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence, the motion in limine gives the court the opportunity to take up before trial those certain and limited evidentiary issues in order to minimize interruptions at trial." *Deghand v. Wal-Mart Stores, Inc.*, 980 F. Supp 1176, 1180 (D. Kan. 1997). As the Court is well aware, "[e]vidence is relevant if . . . it has a tendency to make a fact more or less probable than it would be without the evidence; and . . . *the fact is of consequence in determining the action.*" Fed. R. Evid. 401 (emphasis added). "A fact is of consequence when its existence would provide the factfinder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict." *United States v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998), *disapproved on other grounds by Hooks v. Ward*, 184 F.3d 1206 (10th Cir. 1999); Doc. 212 at 3 (agreeing with the same standard for "fact is of consequence"). "The court may [also] exclude relevant evidence if its probative value is substantially outweighed by danger of . . . unfair prejudice, confusing the issues, and misleading the jury[.]" Fed. R. Evid. 403. "[T]o be unfairly prejudicial, the evidence must have an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Sec. & Exch. Comm'n v. Goldstone*, 317 F.R.D. 147, 163 (D.N.M. 2016). "The danger of confusion of the issues and misleading the jury

2

arises when circumstantial evidence would tend to sidetrack the jury into consideration of factual disputes only tangentially related to the facts at issue in the current case." *Sec. & Exch. Comm'n v. Goldstone*, 233 F. Supp. 3d 1149, 1168 (D.N.M. 2017).

> **A. The Court Should Not Consider Defendant Fitzgerald's Motion in Limine due to the Fact that Defendant Fitzgerald has Missed the Deadline by Over a Year.**

The Court should not consider Defendant Fitzgerald's untimely motion. Defendant Fitzgerald filed his Motion in Limine over a year past the deadline, *see* Doc. 148; Doc. 212, and neither filed a motion showing good cause, nor excusable neglect for the late filing. *See* Fed. R. Civ. P. 56 ("When an act may or must be done within a specified time, the court may for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). Because Defendant Fitzgerald untimely filed his Motion in Limine and because he did not file a motion to extend the deadline satisfying the appropriate standard, the Court should deny the Motion in Limine. *See United States v. Scheckel*, No. 91-20049-01, 1993 WL 33493, at *1 (D. Kan. Jan. 15, 1993) (unpublished) ("Because defendant failed to file his present motion prior to the deadline established by the court, and because defendant has failed to show good cause for the late filing of the present motion, the court finds that defendant's present motion was untimely filed and should therefore be denied.").

> **B. The grounds for Defendant Fitzgerald's discipline, training, termination records and complaints against him are relevant to the merits of the case.**

Defendant Fitzgerald wants to prohibit a substantial amount of material that has not been listed as an exhibit for Plaintiff. Defendant Fitzgerald wants to proscibe Plaintiff from using any material regarding Defendant Fitzgerald's discipline, training, termination records and any complaints against Defendant Fitzgerald as an employee of the City of Albuquerque and investigations into those complaints. Doc. 212, at 1. Defendant Fitzgerald intends to "discredit

3

the Plaintiff's allegations that he was injured as a result of his conduct with the Defendant and to establish his motivation for bringing this lawsuit." Doc. 209, p. 2. The City of Albuquerque, in their admissions, concedes that Defendant Fitzgerald was terminated as a result, in whole or in part, of his actions toward Plaintiff on August 30, 2012. See Ex. A, City of Albuquerque Admissions. Defendant Fitzgerald's termination and the investigation surrounding it are relevant to corroborate Plaintiff's version of the events and to refute Defendant Fitzgerald's contention that Plaintiff's motivation for the lawsuit was anything other than due to the fact that Plaintiff had a legitimate claim against Defendant Fitzgerald and that he filed a lawsuit as was his legal right to do so.

Defendant Fitzgerald's termination and related evidence is also relevant to Defendant Fitzgerald's credibility. Defendant Fitzgerald, in his interrogatory answers, see Ex. B, denies that he was terminated for his conduct, and claims that he was terminated due to Plaintiff's conduct. Defendant Fitzgerald also claims in his deposition, that he was not disciplined for his conduct with respect to Plaintiff. Ex. C. The City's Admissions show that Defendant Fitzgerald is not being truthful in this regard. Such evidence regarding Defendant Fitzgerald's credibility is relevant at trial.

    **C. The Transit Department Security Section's Standard Operating Procedures are Relevant and Outweigh Any Purported Confusion to the Jury.**

Contrary to Defendant Fitzgerald, the Transit Department Security Section's Standard Operating Procedures are relevant. Defendant Fitzgerald completely ignores the standard of false imprisonment and false arrest and relies only on case law for an excessive force claim. Doc. 212, at 4. "False arrest occurs when the facts available to a detaining officer would not warrant a person of reasonable caution to believe detention appropriate." *Fuerschbach v. Sw. Airlines Co.*, 439 F.3d 1197, 1207 (10th Cir. 2006). "A defendant possessed of a good faith and reasonable

4

belief in the lawfulness of the action is not liable for false imprisonment or false arrest. *Id.* "[A] good faith belief in the lawfulness of the action ordinarily requires probable cause to arrest." *Id.* at 1208. The Standard Operating Procedures and Defendant Fitzgerald's training will demonstrate that there is no section illustrating that it is illegal for a person to record a transit officer and to refuse to identify himself to such officer. The Standard Operating Procedure also does not have sections giving a transit officer the authority to arrest or imprison a person who records them. Further, City employees, including Transit Officer Akeem Powdrell and APD Officer Galvan will testify that there is a policy that the public can record City employees and that such recordings are lawful. Such testimony is relevant to the lawfulness of Plaintiff's conduct and to the nature of the alleged offense that Plaintiff was engaging in and the level of threat that Plaintiff supposedly posed. Such documents and testimony related to the recording of City employees will assist, or create an inference to, the jury that Defendant Fitzgerald had no good faith belief for the arrest and imprisonment. As a result, the evidence is quite relevant and applicable to the jury regarding the legal standard for false arrest and imprisonment. Further, because Defendant Fitzgerald denies that Plaintiff's conduct was lawful, such evidence bears on his credibility.

      WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant Fitzgerald's Motion in Limine to Exclude Evidence Contained in City of Albuquerque Records.

GORENCE & OLIVEROS, P.C.

*/s/ Louren Oliveros*
Louren Oliveros
300 Central Avenue SW, Suite 1000E
Albuquerque, New Mexico 87102
Telephone: (505) 244-0214
Facsimile: (505) 244-0888
oliveros@golaw.us

and

Anna C. Martinez
AEQUITAS LAW, LLC
P.O. Box 23504
Albuquerque, New Mexico 87125
Telephone: (505)750-8005
Facsimile: (505)212-0249
anna@eaquitas.pro

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2019, I filed the foregoing through this Court's CM/ECF filing system causing an electronic copy of the foregoing to be served upon all counsel of record.

*/s/ Louren Oliveros*
Louren Oliveros