## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

      Plaintiff,

v.                                                **Case No.: 14-cv-00964 KG/SCY**

ANDY FITZGERALD,

      Defendant.

### AMENDED PRE-TRIAL ORDER

This matter is before the Court pursuant to Fed.R.Civ.P. 16.  The parties conferred and submit the following Amended Pretrial Order.

### I.  APPEARANCES

Attorneys who will try the action:

For Plaintiff:           Louren Oliveros
GORENCE & OLIVEROS, P.C.
300 Central Avenue SW, Suite 1000E
Albuquerque, NM 87102
Telephone (505) 244-0214
Facsimile (505) 244-0888

And

Anna C. Martinez
AEQUITAS LAW, LLC
P.O. Box 23504
Albuquerque, New Mexico 87125
Telephone: (505)750-8005
Facsimile: (505)212-0249
anna@eaquitas.pro

For Defendant:      Jonlyn M. Martinez
LAW OFFICE OF JONLYN M. MARTINEZ, LC.
P.O. Box 1805
Albuquerque, NM 87103-1805
(505) 247-9488

## II.  JURISDICTION AND RELIEF SOUGHT

**A.  Subject Matter Jurisdiction.**

**1.  Was this action removed or transferred from another forum?  __X__ Yes ____ No.**

If yes, was the action removed or transferred?

__X__ Removed      _____ Transferred      _____ Original forum

**2.  Is subject matter jurisdiction of this Court contested?**

__X__ Uncontested_____ Contested      _____ Party Contesting

**3.  Asserted basis for jurisdiction.**

__X__ Federal Question  _____ Diversity      _____ Other

Statutory Provision(s) Invoked:  42 U.S.C. § 1983

**B.  Personal Jurisdiction and Venue.**

**1. Is personal jurisdiction contested?**

__X__ Uncontested      _____ Contested

Identify the party contesting personal jurisdiction and basis for objection:

_____

**2. Is venue contested?**

__X__ Uncontested      _____ Contested      _____ Party contesting

**C.  Are the proper parties before the Court?**

__X__ Uncontested      _____ Contested

If contested, identify each missing party or improper party and the basis for the

contention:

**D.  Identify the affirmative relief sought in this action.**

**1.      Plaintiff seeks:**

a.      Compensatory damages against Defendant in an amount to be determined

2

by the finder of fact;

        b.    Punitive damages against Defendant in an amount to be determined by the finder of fact;

        c.    Reasonable costs and attorneys' fees and costs incurred in bringing this action as permitted by law;

        d.    Pre- and post-judgment interest; and

        e.    Any other relief this Court deems just and appropriate.

    **2.**    **Defendant seeks:** Dismissal of the action with prejudice, attorneys' fees, costs and all other appropriate relief.

### III.  BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES.

    **A.**    **Plaintiff's claims:**  Plaintiff brings claims for excessive force (Count VII) and false arrest and false imprisonment (Count VIII) under 42 U.S.C. § 1983.[1]

    Mr. Hernandez observed a man at a public bus stop being detained by City of Albuquerque Transit Officer Andy Fitzgerald. Mr. Hernandez felt a personal responsibility to stand up for people whom he refers to as "metrocampers," which include homeless people and people suffering hardships in the Albuquerque area. As a part of his community service, Mr. Hernandez shared food with "metrocampers" in downtown Albuquerque almost every Sunday. As a result, Mr. Hernandez made it a point to stop, video-record, and ask questions when he saw a metrocamper who was at risk of being harassed, arrested, or harmed by anyone. All of his actions were lawful.

    Out of concern for the safety and wellbeing of the man later identified as Michael

---

1 Plaintiff's claims in Counts II, VI, IX, and X against Defendants Galvan and Markwick were dismissed by the Court, see Doc. 118. Plaintiff's other claims, see Docs. 119, 120, 124, and 125, have been dismissed by summary judgment over Plaintiff's opposition.

Bustamante, Mr. Hernandez approached the bus stop at First Street and Central in Albuquerque on August 30, 2012. Mr. Hernandez parked his vehicle. He then activated an audio-recording device in his pocket and the video-recording function on his cell phone and approached the scene. Defendant Fitzgerald saw that Mr. Hernandez was filming the encounter and became highly upset. Defendant Fitzgerald demanded to know Mr. Hernandez's name. When Mr. Hernandez indicated his right to record the encounter, Defendant Fitzgerald became incensed. He lunged at Mr. Hernandez to get the cell phone out of his hands. Defendant Fitzgerald began physically and verbally assaulting Mr. Hernandez in an effort to handcuff and arrest him without justification. Defendant Fitzgerald pried the cell phone out of Mr. Hernandez's hands and Defendant Fitzgerald twisted Mr. Hernandez's left arm painfully and forcefully behind his back.

After Mr. Hernandez was handcuffed and under Defendant Fitzgerald's custody and control, Mr. Hernandez told Defendant Fitzgerald not to hurt Mr. Bustamante. Defendant Fitzgerald went into what he calls "survival mode" and began physically attacking Mr. Hernandez. The attack was so vicious that Officer Powdrell can be heard saying "Andy, Andy!" at least eleven times in the recording of the incident. Defendant Fitzgerald cannot recall what he did when he went into survival mode. According to Defendant Fitzgerald's sworn testimony, everything went black. Mr. Hernandez vividly remembers being choked by Defendant Fitzgerald during this same time.

APD Officers Daniel Galvan and Amy Markwick arrived on the scene as a result of Mr. Bustamante's 911 call. Defendant Fitzgerald did not tell Officer Galvan about his use of force against Plaintiff, which would have required a full investigation.

The conduct of the Defendant Fitzgerald has caused Plaintiff damages, including emotional distress, anxiety and harm, damage to reputation, humiliation, pain and suffering, and physical injury and harm, both temporary and permanent, to his wrists, arms, elbows, shoulders

and throat.

**B.      Defendant's defenses:**

On August 30, 2012, the Plaintiff observed Manuel Bustamante being detained by two City of Albuquerque Transit Officers at a bus stop in Albuquerque. Mr. Bustamante was seated at the bus stop, and was not in handcuffs, nor was he being touched by any Transit Officers. Manuel Bustamante was being detained because he was consuming alcohol at the City bus stop and the Transit Officers were waiting for a law enforcement officer to arrive to issue Mr. Bustamante a no trespass order. The Plaintiff stopped his vehicle and walked to the bus stop. The Plaintiff began filming the Transit Officers without their permission and began speaking to Mr. Bustamante.

The Plaintiff began disrespecting Defendant Fitzgerald and told Mr. Bustamante that he did not have to follow Defendant Fitzgerald's commands because he was just a security guard. Throughout his interaction with Defendant Fitzgerald, the Plaintiff was rude, disrespectful, and was interfering with the Transit Officer's attempts to keep the bus stop safe for the traveling public. As a result of his contact with Defendant Fitzgerald, the Plaintiff claims he received superficial red marks to his neck. The Plaintiff was handcuffed but he does not know if he was handcuffed by Defendant Fitzgerald or another transit officer. Plaintiff does recall that he was actively resisting being handcuffed. The Plaintiff also claims that he suffered shoulder pain as a result of being handcuffed. However, the Plaintiff did not visit a healthcare provider concerning this alleged damage until February of 2015, about 2.5 years after his contact with Defendant Fitzgerald.  The Plaintiff did not receive any medical treatment for the alleged injury to his neck. These are precisely the same injuries for which the Plaintiff claimed damages and received remuneration from the City and its employees shortly before he filed the current lawsuit.

At no time did the Plaintiff complain to Officer Galvan, or any other law enforcement

officer that he had been harmed or mistreated by Defendant Fitzgerald.  Following the incident, the Plaintiff immediately met up with a friend, Michael Herrick, who had previously helped him draft complaints against the City of Albuquerque. Michael Herrick also runs a website called "police complaints." The Plaintiff's original legal counsel, Anna Martinez, was recommended to him by Michael Herrick.

The Plaintiff audio recorded his interaction with Defendant Fitzgerald and his interaction with Mr. Herrick and unknown friends immediately following the incident. The audio recording reveals Mr. Herrick and other unidentified voices congratulating the Plaintiff on his conduct and in obtaining his recordings. Mr. Herrick can be heard telling the Plaintiff that they have found lawyers who want to take these kinds of cases. The Plaintiff can be heard calling himself a lion and he never complains of any injuries as a result of his contact with Defendant Fitzgerald. The Plaintiff can then be heard saying that he has to hurry home to his girlfriend because he is late for dinner and that he will not mention the incident to her.

Plaintiff's Complaint fails, in whole or in part, to states a claim upon which relief can be granted. Plaintiff's Complaint is barred in whole, or in part, by the doctrines of qualified immunity and/or absolute immunity. All actions of the Defendant were in done good faith and without malice, were justified, were objectively reasonable, lawful and necessary under the circumstances, and were not taken with any deliberate indifference to Plaintiff's rights. The acts or omissions of persons other than the Defendant constitute the sole proximate cause of the injuries and damages, if any, alleged by the Plaintiff. To the extent Plaintiff has failed to mitigate his damages, if any, any recovery from the Defendant is barred in whole or in part. Defendant Fitzgerald is entitled to qualified immunity and/or absolute immunity. Any claims for punitive damages are barred, in whole or in part, by law.  Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, consent, estoppel, provocation, and/or unclean hands.  The

Defendant's purported actions and alleged omissions do not rise to the level of any statutory or

constitutional deprivation of Plaintiff's rights. To the extent Plaintiff alleges that Defendants

were negligent or otherwise at fault under any theory, which is denied, Plaintiff and/or other

third persons were negligent or otherwise at fault, thereby barring or reducing Plaintiff's

recovery from the Defendants under the principles of comparative fault. Plaintiff's claims are

barred, in whole or in part, due to Plaintiff's failure to demonstrate that the Defendant engaged in

a pattern of alleged unconstitutional acts and/or by Plaintiff's failure to demonstrate that the

Defendants acted with deliberate indifference to Plaintiff's rights.


## IV. FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

**A.  Stipulated Factual Contentions.**

The parties agree to the following facts listed separately below:

1.       All events giving rise to the Complaint occurred in Albuquerque, Bernalillo

County, New Mexico. Doc. 9, para. 8.

Plaintiff Alfonso Hernandez audio and video recorded the interactions between

Defendant Fitzgerald and himself on August 30, 2012.

**B.  Contested Material Facts.**

**1. Plaintiff's Material Contested Facts:**

a.       Plaintiff refers to the Complaint, [Doc. 1] which is incorporated herein by

reference.  All factual allegations not admitted by Defendant's respective

answers to the Complaint are contested.

b.       Plaintiff Hernandez approached Manual Bustamante who was being

detained by Defendant Fitzgerald.

c.      Plaintiff Hernandez asked Mr. Bustamante why he was being detained and

        asked Defendant Fitzgerald what his position was.

d.      When Defendant Fitzgerald saw that Plaintiff Hernandez was filming the

        encounter, Defendant Fitzgerald asked Plaintiff Hernandez his name and

        why he was filming the encounter.

e.      Plaintiff Hernandez never verbally or phsycially threatened Defendant.

f.      When Plaintiff Hernandez did not respond to him, Defendant Fitzgerald

        grabbed Plaintiff's cell phone and used force against Plaintiff.

g.      Defendant Fitzgerald used force against Plaintiff while Plaintiff was

        handcuffed.

h.      After Plaintiff was handcuffed and under Defendant's custody and control,

        Defendant Fitzgerald choked Mr. Hernandez.

i.      Mr. Bustamante called 911 as a result of Defendant Fitzgerald's actions.

j.      APD Officers Daniel Galvan and Amy Markwick arrived on the scene as a

        result of Mr. Bustamante's 911 call.

k.      Defendant Fitzgerald did not tell Officer Galvan about his use of force

        against Plaintiff.

l.      Due to Defendant Fitzgerald's misrepresentations of the incident, Officers

        Galvan failed to thoroughly investigate the assault and battery.

m.      Plaintiff was then detained at the bus stop for approximately fourteen

        minutes.

n.      Plaintiff has suffered damages.

**2.      Defendant's Material Contested Facts:**

Defendant Fitzgerald contends that he entitled to summary judgment and

8

incorporates his briefing related thereto [Document Nos. 149 and 176].  In addition, the
contested issues of fact are:

      a.     Whether Defendants Fitzgerald's conduct was objectively reasonable
under the circumstances?

      b.     Whether Plaintiff's alleged injuries are sufficient to establish an alleged
violation of his rights?

      c.     Whether the Plaintiff's previous claim for the same injuries preclude his
current claim for damages?

      d.     Whether the Plaintiff's intentional provocation of Defendant Fitzgerald
precludes his current claims?

      e.     Whether Defendant Fitzgerald is entitled to qualified immunity?

      f.     Whether Deputy Fitzgerald's conduct was reasonable under the
circumstances?

      e.     Whether the Plaintiff's conduct justified the use of force?

      f.     Whether the Plaintiff's conduct was the cause of his own injuries?

      h.     Whether the Plaintiff's claim for damages are barred by law?

## V.  APPLICABLE LAW

**A.  Do the parties agree which law controls the action?**

    __ X __ Yes     _____ No

**If yes, identify the applicable law.**

    42 U.S.C. § 1983.

**If no, identify the dispute and set forth each party's position regarding the applicable law.**

  **1.** Plaintiff:

  **2.** Defendants:

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

    **1.  Plaintiff's Contested Issues of Law:**

        a.  Defendant is not entitled to summary judgment.

        b.  Defendant is not entitled to qualified immunity.

        c.  Plaintiff Hernandez's actions in video-recording his interactions with Defendant Fitzgerald and asking Defendant Fitzgerald questions were lawful.

        d.  Defendant Fitzgerald's actions constituted excessive force in violation of 42 U.S.C. § 1983.

        e.  Defendant Fitzgerald's actions caused Plaintiff Hernandez to be falsely imprisoned or falsely arrested.

        f.  Defendant is liable to Plaintiff for all remaining counts in the Complaint

        g.  Defendant caused Plaintiff damages.

        h.  Plaintiff is entitled to attorneys' fees and costs.

        i.  Plaintiff is entitled to punitive damages.

        j.  Plaintiff also contests any other legal issues implicit in the issues listed herein, as well as those contained in Defendant's contested legal issues.

        k.  Plaintiff also contests as issues of law any issue of fact set forth above.

    **2.  Defendants' Contested Issues of Law:**

Defendant Fitzgerald contends that he entitled to summary judgment and incorporates his briefing related thereto [Document Nos. 149 and 176]. Additional contested issues of law are those implicit in the pleadings in this matter.  In addition, the contested issues of law are:

    a. Whether the Plaintiff's claims are precluded by his own conduct?

    b. Whether the Defendant is entitled to qualified immunity?

c. Whether Defendant Fitzgerald's conduct was objectively reasonable

under the circumstances?

d. Whether the Defendant is entitled to the dismissal of the Plaintiff's claims?

e. Whether Plaintiff's alleged injuries are sufficient to establish an alleged violation of his

rights?

f. Whether the Plaintiff's previous claim for the same injuries preclude his current claim

for damages?

g.  Whether the Plaintiff's intentional provocation of Defendant Fitzgerald precludes his

current claims?

h. Whether the Plaintiff's conduct justified the Defendant's conduct?

i. Whether the Plaintiff's conduct was the cause of his own injuries?

j.  Whether the Plaintiff's claim for damages are barred by law?

## VII.  MOTIONS

**A.  Pending Motions (indicate the date filed):**

1.  Plaintiff:

A.  Motion *in Limine* to Exclude All Testimony and Evidence of Plaintiff's Familial
Matters and Alleged Criminal Conduct, filed on February 5, 2018 [Doc. 151];

B.  Amended Motion *in Limine* to Exclude Testimony or Evidence of Prior Criminal
and/or Bad Acts, filed on February 5, 2018 [Doc. 158];

C.  Renewed Motion *in Limine* to Exclude Testimony or Evidence of Prior Civil Cases,
Prior "Propensity to Get into Physical Altercations," Prior Allegations Against Employees of the
City of Albuquerque, and other Irrelevant Testimony or Evidence, filed on February 5, 2018
[Doc. 156]

D.  Motion *in Limine* to Exclude Testimony or Evidence of Immigration Status, filed on
February 5, 2018 [Doc. 159]; and

E. Motion in Limine to Exclude All Testimony and Evidence as Set Forth in Plaintiff's
Prior Motions in Limine, filed on February 12, 2019 [Doc. 222].

2. Defendants:

A. Motion in Limine to Exclude Evidence Contained in City of Albuquerque Records,

filed on February 11, 2019 [Doc. 212].

## VIII.  DISCOVERY

**A.  Has discovery been completed?**   __X__ Yes   __X___  No

The Defendant has been ordered to make Nathan Krantz available for deposition before trial.

The Plaintiff has been ordered to make Mateo Caffery available for deposition in Albuquerque,

New Mexico before trial.

**B.  Are there any discovery matters of which the Court should be aware?**  No.

## IX.  ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of*

*anticipated testimony.  This does not, however, apply to a rebuttal witness.  Indicate if the*

*witness will testify in person or by deposition and include a brief description of the anticipated*

*testimony.  If the testimony is by deposition, identify the deposition by page number and line*

*number.  A witness who has not been identified and whose testimony has not been disclosed may*

*not testify at trial unless good cause is shown.*

**A.  Plaintiff Witnesses:**

**1.  Plaintiff will call or have available at trial the following witnesses:**

1. Alfonso Hernandez
   c/o Gorence & Oliveros, P.C.
   300 Central Avenue SW, Suite 1000E
   Albuquerque, New Mexico 87102
   (505)244-0214

Plaintiff will testify about the allegations in his complaint, his claims, the conduct of
Defendant Fitzgerald, Plaintiff's injuries and damages, his volunteer work with the homeless in
downtown Albuquerque. and any other relevant matters within his personal knowledge.

2. Andy Fitzgerald
   c/o The Law Office of Jonlyn M. Martinez

P.O. Box 1805 Albuquerque, New Mexico 87103
(505)247-9488

Defendant Fitzgerald was present on the date of the incident and will testify concerning his actions, including but not limited to his assault of Mr. Hernandez, including detainment of Mr. Hernandez, attempting to seize Mr. Hernandez's cellphone, and withholding information from Officer Galvan. It is anticipated that Defendant Fitzgerald will testify about his claims and defenses.

3. Akeem Powdrell
   c/o Wiggins, Williams and Wiggins, P.C.
   P.O. Box 1308
   Albuquerque, New Mexico 87103
   (505)764-8400

Mr. Powdrell was present at the scene of the incident and will testify concerning the assault and battery of Plaintiff, Plaintiff's detention, and the investigation of the assault.

4. Officer Daniel Galvan
   c/o City of Albuquerque Legal Department
   P.O. Box 2248
   Albuquerque, New Mexico 87103
   (505)768-4500

Officer Galvan was called to the scene after the incident and will testify regarding Defendant's actions, his role with respect to the incident, the relationship between APD and transit officers, the detention of Plaintiff and the investigation of the assault and battery of Plaintiff.

5. Andru Zeller, M.D.
   Casa de Salud Family Medical Office
   1608 Isleta Boulevard SW
   Albuquerque, New Mexico 87105
   (505)907-8311

Dr. Zeller will testify as to his treatment of and/or assessment of Plaintiff regarding causation and damages. His testimony may include the authenticity of medical records, the cost of past medical care and whether those medical cost fall within ordinary and customary charges in the community for similar medical treatment. His testimony may also address any referrals made by similar providers and the results of the same.

**Plaintiff may call the following witnesses:**

6. Michael Herrick
   400 Gold SW
   Albuquerque, NM 87102
   (505)750-3531

Mr. Herrick will testify about his knowledge of Plaintiff's detention, the assault against him by Defendant Fitzgerald and his knowledge of Plaintiff's volunteer work with the homeless in downtown Albuquerque.

7.  Officer Amy Markwick
    c/o City of Albuquerque Legal Department
    P.O. Box 2248
    Albuquerque, New Mexico 87103
    (505)768-4500

Officer Markwick was called to the scene after the incident and may testify concerning Defendant's actions and the detention of Mr. Hernandez.

8.  Manual Bustamante
    4504 Joel Place SW
    Albuquerque, New Mexico 87121
    (505)514-6945

Mr. Bustamante was present at the scene of the incident and may testify concerning Defendant's actions, Plaintiff's injuries caused by Defendant, the detention of Mr. Hernandez, and Defendant's attempts to seize Mr. Hernandez's cellphone and to withhold information from Officer Galvan.

9.  Nathan Krantz, ABQ Ride
    c/o City of Albuquerque Legal Department
    P.O. Box 2248
    Albuquerque, New Mexico 87103
    (505)768-4500

Mr. Krantz may testify about his knowledge and familiarity with the Defendants and other City employees, about his observations on the date of Plaintiff's assault by Defendant Fitzgerald and the statement that he gave to APD.

10. Officer Jonae Lopez
    c/o City of Albuquerque Legal Department
    P.O. Box 2248
    Albuquerque, New Mexico 87103
    (505)768-4500

Officer Lopez may testify regarding interactions with Plaintiff related to the assault of Plaintiff and investigation by the City.

11. Mateo Caffery, M.D.
    James H. Quillen VA Medical Center
    Lamont Street & Veterans Way
    Johnson City, Tennessee 37604
    (423)926-1171

Dr. Caffery will testify about his familiarity with and treatment of Plaintiff and his interactions with Plaintiff related to the assault.

    12. Thane Padilla
        2431 Locket Rd.
        Flagstaff, AZ 86004
        (505)232-9391

Mr. Padilla may testify regarding Plaintiff's character and about his knowledge of Plaintiff's assault and observed harm.

    13. Raquel Aguilera
        1224 S.W. Apodaco
        Albuquerque, NM 87121
        (505)358-1049

Ms. Aguilera may testify about Plaintiff's character, her knowledge of Plaintiff's assault, and her knowledge and observations of Plaintiff's interaction and work with the homeless in downtown Albuquerque.

    14. Rene Ronquillo
        2600 Vulcan Street
        Harvey, LA  70658

Ms. Ronquillo is expected to testify about Plaintiff's damages. She will testify consistent with her deposition.

    15. Any witness necessary for impeachment.

    16. Any witness necessary for rebuttal.

    17. Any witness necessary for authentication.

    18. Any witness identified by the Defendants.

**3.**     **Defendants may call or have available at trial the following witnesses:**

    a. Plaintiff Alfonso Hernandez
       c/o Anna c. Martinez
       The Plaintiff has information about his conduct, the Defendants' conduct, his alleged damages and other relevant matters.

    b. Andy Fitzgerald
       c/o The Law Office of Jonlyn M. Martinez
       Mr. Fitzgerald has information regarding the Plaintiff's conduct, his defenses and other relevant matters.

c. Akeem Powdrell
   c/o Wiggins, Williams and Wiggins, PC
   Mr. Powdrell has information regarding the Plaintiff's conduct, his defenses and other relevant matters.

d. Daniel Galvan
   c/o City of Albuquerque Legal Department
   Mr. Galvan has information regarding the Plaintiff's conduct, his defenses and other relevant matters.

e. Amy Markwick
   c/o City of Albuquerque Legal Department
   Ms. Markwick has information regarding the Plaintiff's conduct, her defenses and other relevant matters.

f. Nathan Krantz
   c/o City of Albuquerque Legal Department
   Mr. Krantz has information regarding the Plaintiff's conduct, his defenses and other relevant matters.

g. Michael Herrick
   224 12th Street NW
   Albuquerque, NM 87102
   Has information concerning the date of the incident, the Plaintiff's recordings and other relevant matters

h. Records custodians and any other persons with relevant knowledge.

i. Any witnesses necessary for foundation, impeachment or rebuttal.

j. Any witness or person with relevant knowledge, offered, listed, identified or disclosed by any other party in this matter.

## X. TRIAL PREPARATION

**A. Exhibits.**

The parties must confer over all trial exhibits.  This does not apply to rebuttal exhibits that cannot be anticipated before trial.  The parties must file an original plus three (3) copies of the parties' "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections" no later than _____ calendar days before

16

trial.   For those exhibits on which a stipulation could not be reached, the offering party must file

a separate "contested exhibit list" no later than _____ calendar days before trial.  An original

plus three (3) copies of each party's contested exhibit list must be filed on the date identified in

the preceding paragraph.  In addition, two courtesy copies of the contested and uncontested

exhibit list must be delivered to the judge's chambers.

All exhibits must be marked before trial.  Exhibits must be marked numerically and identify the

party offering the exhibit.  The identification number or letter will remain the same whether the

exhibit is admitted or not.

**B.  Witness Lists.**

An original and three (3) copies of a party's witness list must be filed with the Clerk and served

on all parties by _____.  Indicate whether the witness is testifying by

deposition or in person.  Objections to use of deposition testimony are due within fourteen (14)

calendar days of service of the witness list.  The objecting party must highlight those portions of

the requested deposition testimony to which the party objects.  Plaintiff must use a yellow

highlighter and defendant must use a blue highlighter.  The parties must confer about any

disputes and, if unable to resolve any differences, must notify the Court in writing at least

_____ calendar days before trial.

**C.  Voir Dire.**

**1.**  If allowed, do the parties wish to participate in voir dire?

Plaintiff  __X__  Yes _____  No

Defendants  __X__  Yes _____  No

**2.**  Each party wishing to participate in voir dire must serve on all parties and file with the Clerk,

a pleading entitled "Proposed Voir Dire Questions."  The pleading must identify the specific

areas about which the party wishes to inquire and must set forth proposed voir dire questions. This request must be filed at least _____ calendar days prior to jury selection.

**D.  Jury Instructions and Verdict.**

**1.  In General.**  The parties must confer about proposed jury instructions.  The Court will prepare and provide the parties with a Court-proposed set of general "stock" instructions that will be given.  The stock instructions are available from the Clerk.  The instructions that the parties must submit to the Court will be those which set forth the elements and definitions of the claims or charges, and the elements and any definitions of any defenses.

**2.  Sources for Instructions.**  If pattern instructions are followed by the judge, the judge will indicate at the pretrial conference his or her preference for the source of instruction.

**3.  Submission of Proposed Instructions.**  The parties must submit one mutually approved set of jury instructions no later than _____ calendar days before trial.  For those instructions the parties were unable to agree upon, each party must submit its own proposed instructions at the same time as submission of the mutually agreed instructions.

**4.  Form of Instructions.**

    **a.**  Submit sets of double-spaced instructions as follows:

    ___ set(s) of originals without citations and headed "Instruction No.___"; and

    ___ set(s) with citations and numbered accordingly, (Fig 1), one of which will be filed.

    **b.**  If available, also submit a hard 3.5 diskette of all instructions in a format compatible with Word Perfect 8.0.

    **c.**  Submit no more than one instruction to a page.

    **d.**  All deviations from pattern instructions must be identified as "modified" in the citation and the modification must be highlighted in the body of the instruction.

    **e.**  Submit a cover sheet on all sets of instructions.

**5. Deadlines for Submitting Instructions.**

      **a.** Instructions and diskette shall be filed _____ calendar days before trial.

      **b.** Supplemental unanticipated jury instructions may be submitted at trial.

**E. Statement of Case.**

The parties have submitted a Statement of the Case.

**F. Submissions for Bench Trials.**

**1.** The parties must submit one mutually approved set of proposed findings of fact and conclusions of law no later than ____ calendar days before trial. For those findings of fact and conclusions of law the parties were unable to agree upon, each party must submit its own proposed findings of fact and conclusions of law at the same time as submission of the mutually approved set.

**2.** If available, submit a hard 3.5 diskette on Word Perfect 8.0 format of the findings of fact and conclusions of law.

## XI. OTHER MATTERS

**A. Settlement Possibilities.**

**1.** The possibility of settlement in this case is considered:

___X___ Poor _____ Fair _____ Good _____ Excellent _____ Unknown

**2.** Do the parties have a settlement conference set with the assigned Magistrate Judge? _____

Yes _____ No _X_ If yes, when?_____

If a settlement conference has already been held, indicate approximate date:

November 29, 2017.

Would a follow-up settlement conference be beneficial? __ Yes _X_ No

**3.** Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial? If yes, please identify. _No._

If no, explain why not.

**B.  Length of Trial and Trial Setting.**

**1.** This action is a       _____   Bench Trial     __X__   Jury Trial      _____   Both

**2.** The case is set for trial on  May 28, 2019.

**3.** The estimated length of trial is    4 days    .

### XII.  EXCEPTIONS

The Defendant objects to witnesses not disclosed prior to the last day of discovery and any claims contained herein not contained in the Plaintiff's Complaint.

### XIII.  MODIFICATIONS-INTERPRETATION

The Pretrial Order when entered will control the course of trial and may only be amended sua sponte by the Court or by consent of the parties and Court approval.  The pleadings will be deemed merged herein.

The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby approved this_____ day of _____, 2019, by :

*__Approved electronically by Amye Green__*
Louren Oliveros
Gorence & Oliveros, P.C.
300 Central Avenue SW, Suite 1000E
Albuquerque, NM 87102
(505) 244-0214
FAX (505) 244-0888

And

Anna C. Martinez
AEQUITAS LAW, LLC
P.O. Box 23504
Albuquerque, New Mexico 87125
Telephone: (505)750-8005
Facsimile: (505)212-0249
anna@eaquitas.pro

*__Approved and submitted by__*
Jonlyn M. Martinez
LAW OFFICE OF JONLYN M. MARTINEZ, LC.
P.O. Box 1805
Albuquerque, NM 87103-1805
(505) 247-9488

_____
THE HONORABLE KENNETH J. GONZALES
UNITED STATES DISTRICT COURT JUDGE