IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

    Plaintiff,

vs.                                                                          No. CV 14-964 KG/SCY

ANDY FITZGERALD,

    Defendant.

PARTIAL ORDER ON MOTION IN LIMINE (Doc. 212)

This matter comes before the Court on Defendant Andy Fitzgerald's Motion in Limine to Exclude Evidence Contained in City of Albuquerque Records, filed February 11, 2019. (Doc. 212). Plaintiff Alfonso Hernandez filed his response in opposition on February 15, 2019. (Doc. 227). In his response, Plaintiff argues that admissions made by prior defendant City of Albuquerque (CABQ) pursuant to Federal Rule of Civil Procedure 36 contradict Defendant's interrogatory answers. To the extent Plaintiff seeks to introduce CABQ's admissions against Defendant, the Court holds that such admissions are not admissible against Defendant and are hereby excluded from trial. *See, e.g.*, *Riberglass v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 566 (11th Cir. 1987) (finding deemed admissions of defendant cannot be binding on codefendant) (citing *United States v. Wheeler*, 161 F. Supp. 193 (W.D. Ark. 1958); *Community State Bank of Hayti v. Midwest Steel Erection, Inc.*, 1977 WL 1153 (D.S.D. 1977); *In re Leonetti*, 28 B.R. 1003 (E.D. Pa. 1983)). *See also* 8A Charles A. Wright et al., Federal Practice and Procedure § 2264 ("It is only when the admission is offered against the party who made it that it comes within the exception to the hearsay rule for admissions of a party opponent.").

IT IS, THEREFORE, ORDERED Defendant's Motion in Limine to Exclude Evidence Contained in City of Albuquerque Records, filed February 11, 2019 (Doc. 212), is granted in part and to the extent that any admissions made by the City of Albuquerque are excluded from trial.

_____
UNITED STATES DISTRICT JUDGE