IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

    Plaintiff,

vs.                                                 No. CV 14-964 KG/SCY

ANDY FITZGERALD,

    Defendant.

## ORDER ON MOTION IN LIMINE (Doc. 222)

This matter comes before the Court on Plaintiff Alfonso Hernandez's Motion in Limine to Exclude All Testimony and Evidence as set Forth in Plaintiff's Prior Motions in Limine (Motion), filed February 12, 2019. (Doc. 222). Defendant Andy Fitzgerald filed his response in opposition on February 15, 2019. (Doc. 226). The Court notes that this Motion implicates Plaintiff's Motion in Limine to Exclude All Testimony and Evidence of Plaintiff's Familial Matters and Alleged Criminal Conduct, filed February 5, 2018 (Doc. 151); Plaintiff's Motion in Limine to Exclude Testimony or Evidence of Prior Civil Cases, Prior "Propensity to get into Physical Altercations," Prior Allegations against Employees of the City of Albuquerque, and Other Irrelevant Testimony or Evidence, filed February 5, 2018 (Doc. 156); and Plaintiff's Motion in Limine to Exclude Testimony or Evidence of Prior Criminal and/or Bad Acts, filed February 5, 2018 (Doc. 158). The Court previously ruled on or took these earlier-filed motions under advisement. (Doc. 208).

Having heard the arguments of counsel at the Pretrial Conference on May 9, 2019, and having considered the briefing, the record in this case, and the applicable law, the Court grants in part Plaintiff's Motion and takes any remaining issues under advisement.

As previously addressed, evidence and/or testimony regarding Plaintiff's allegedly delinquent child support payments and his status as an allegedly bad father are excluded.

With respect to the scope of the Court's sanction, outlined in Documents 110 and 111, Defendant may question Plaintiff regarding his failure to answer multiple interrogatories, more than once, even when Plaintiff was ordered by this Court to provide true and complete answers. Defendant may not question Plaintiff regarding his criminal history, including arrests and convictions, other than those described at the Pretrial Conference and further explained herein. Specifically, Defendant may not read Interrogatory No. 16, nor question Plaintiff on the nature or substance of Interrogatory No. 16.

As discussed at the Pretrial Conference, the Court considered multiple factors when implementing the sanction, including the centrality of credibility in this case. With respect to Interrogatory No. 16, the Court finds that information related to Plaintiff's prior arrests, other than those contacts outlined below, may be relevant and have probative value, but any probative value is outweighed by the substantial risk of unfair prejudice to the Plaintiff. *See* Fed. R. Evid. 403. Therefore, after conducting a Rule 403 balancing analysis, the Court excludes the substances of Interrogatory No. 16.

Defendant may, however, question Plaintiff regarding Interrogatory No. 20. This means that Defendant may ask Plaintiff about what, specifically, Interrogatory No. 20 asked; Plaintiff's multiple answers to Interrogatory No. 20; and the substance of Plaintiff's specific contacts with law enforcement officers, including arrest(s), that resulted in the prior lawsuit and/or any other complaints against the Albuquerque Police Department or the City of Albuquerque. Furthermore, Defendant may question Plaintiff regarding the claims he made in his prior lawsuit, including any claimed injuries, and the fact that the prior lawsuit was settled.

While the substance of Interrogatory No. 20 may also include elements of prior bad acts evidence, as discussed in Federal Rule of Evidence 404(b), the Court concludes that this evidence can and will be admitted for the proper purpose of establishing Plaintiff's purported motive for bringing this case and his claim for damages.

Any remaining issues are taken under advisement.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion in Limine to Exclude All Testimony and Evidence as set Forth in Plaintiff's Prior Motions in Limine (Motion), filed February 12, 2019 (Doc. 222), is granted in part and otherwise reserved.

_____
UNITED STATES DISTRICT JUDGE