UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Before the Honorable Steven C. Yarbrough
United States Magistrate Judge

Clerk's Minutes

*Hernandez v. Fitzgerald*
14cv964 – KG/SCY

May 20, 2019 at 1:30 pm

**Present for the Plaintiff:**           Louren Oliveros
                                          Anna Martinez
                                          Alfonso Hernandez
                                          Brandon Cummings
                                          Amye Green

**Present for the Defendant:**          Jonlyn Martinez

**Courtroom Clerk:**                     Karen Grohman
**Court Reporter:**                      Julie Goehl


**Type Of Proceeding:**                  Objections to deposition designations
                                          Total Time – 1 hour 56 minutes

**Court in Session:**                    2:46 PM – 4:07 PM
                                          4:24 PM – 4:59 PM

**Clerk's Minutes:**

  2:46 pm   The Court is in session. The Court will hear Defendant's Objections To Plaintiff's Notice Of Designation Of Use Of Deposition Testimony At Trial (Doc. 258) and Plaintiff's Objections To Defendant's Designation Of Deposition Testimony (Doc. 259). The Court explains that it will go line-by-line for witness Michael Herrick's deposition to rule what testimony is admitted and what is excluded.

  The Court begins with Volume I. The Court asked Defendant to clarify its general objection to pages 5:1 to 29:14. Defendant's counsel clarified that the general objection does not apply to the specific portions of the transcript that she designated within those pages.

| Designation | Designated by | Objection | Ruling |
|---|---|---|---|
| 5:1-6:1-8 | Plaintiff | Yes | Admitted as background introduction and oath. |
| 6:9-10 | Plaintiff | Yes | Excluded as personal information and not relevant. |
| 6:11-19 | Plaintiff | Yes | Admitted as background information. |

1

| | | | |
|---|---|---|---|
| 6:20-9:2 | Plaintiff | Yes | Excluded as not responsive, contains no testimony. |
| 9:3-10:6 | Plaintiff & Defendant | Yes | Admitted as a joint designation. Plaintiff's withdrawal of cross-designation is overruled as untimely. |

2:51 pm   Plaintiff withdraws his cross designation with regard to prior lawsuits and arrests of Herrick (page 9, line 3 to page 10, line 6).

Defendant objects because there was no prior notice of the withdrawal and argues it is confusing.

The Court rules that Plaintiff can withdraw designations that only Plaintiff designated. To the extent Plaintiff attempts to withdraw joint designations, Plaintiff's withdrawal is deemed an objection to the admission of those designations and is overruled as untimely.

Plaintiff requests the opportunity to make a record and a proffer because the Plaintiff's position will change depending on the Court's ruling.

The Court agrees its ruling may affect the designations. The parties will have the opportunity to discuss that.

2:57 pm   The Court continues issuing rulings line-by-line of the deposition.

| Designation | Designated by | Objection | Ruling |
|---|---|---|---|
| 10:7-10:21 | Plaintiff | Yes | Excluded because it is not testimony. |
| 10:22-11:2 | Plaintiff & Defendant | Yes | Admitted as joint designation. |
| 11:3-11:13 | Plaintiff | Yes | Admitted because how Herrick met Plaintiff is relevant. |
| 11:14-22 | Plaintiff & Defendant | Yes | Admitted as joint designation. |
| 11:23-12:10 | Plaintiff | Yes | Excluded. |
| 12:11-12:13 | Plaintiff | Yes | Admitted because Herrick is explaining how he got his knowledge, with cross-reference to vol II, page 104. |

With regard to lines 11-13 of page 12, the Court indicates that either this section along with vol. II, page 104, comes in or neither does. Defendant agrees that both should come in to show an inconsistency in the testimony and withdraws his objection.

| Designation | Designated by | Objection | Ruling |
|---|---|---|---|
| 12:14-12:16 | Plaintiff | Yes | Excluded. |
| 12:18-20 | Plaintiff & Defendant | Yes | Admitted as joint designation. |
| 12:21-12:23 | Plaintiff | Yes | Admitted over objection because it is relevant to Herrick's memory and knowledge. |
| 12:24-13:1 | Plaintiff & Defendant | Yes | Admitted as joint designation. |

2

| | | | |
|---|---|---|---|
| 13:2-13:10 | Plaintiff | Yes | Admitted as relevant to Herrick's information and memory about the case. |
| 13:11-13 | Plaintiff & Defendant | Yes | Admitted as joint designation. |
| 13:14-25 | Plaintiff | Yes | Excluded as not relevant. |
| 14:1-24 | Plaintiff & Defendant | Yes | Admitted as joint designation. |
| 14:25 | Neither | Yes | Admitted to explain context. |
| 15:1-2 | Plaintiff | Yes | Admitted to explain context. |
| 15:3-14 | Plaintiff & Defendant | Yes | Admitted as joint designation. |
| 15:15-24 | Plaintiff | Yes | Admitted as relevant. |
| 15:25-16:17 | Plaintiff & Defendant | Yes | Admitted as joint designation. |
| 16:18-17:11 | Plaintiff | Yes | Admitted as relevant. |
| 17:12-18:21 | Plaintiff & Defendant | Yes | Admitted as joint designation. |
| 18:22-19:10 | Plaintiff | Yes | Excluded as hearsay. |
| 19:11-16 | Plaintiff | Yes | Admitted, what Herrick did not observe is relevant. |
| 19:17-21:5 | Plaintiff & Defendant | Yes | Admitted as joint designation. |
| 21:6-21:8 | Plaintiff | Yes | Defendant withdraws objection and Court admits. |
| 21:9-23:5 | Plaintiff & Defendant | Yes | Admitted as joint designation. |
| 23:6-23:11 | Plaintiff | Yes | Admitted as relevant to audio that will be played at trial. |
| 23:12-24:7 | Plaintiff & Defendant | Yes | Admitted as joint designation. |
| 24:8-13 | Plaintiff | Yes | Admitted as Herrick's memory is relevant. |
| 24:24-25:11 | Plaintiff | Yes | Excluded as not relevant. |
| 25:12-26:19 | Plaintiff & Defendant | Yes | Admitted as joint designation. |
| 26:20-27:16 | Plaintiff | Yes | Admitted as relevant to audio that will be played at trial. |
| 27:17-29:14 | Plaintiff & Defendant | Yes | Admitted as joint designation. |
| 30:7-17 | Plaintiff | Yes | Excluded because attached question was not designated and because while Herrick's knowledge of how Plaintiff speaks could be relevant, evidence that he is Catholic is not relevant and gives rise to concerns under FRE 610. |
| 30:18-33:5 | Plaintiff & Defendant | | Admitted as joint designation. |
| 33:6-15 | Plaintiff | | Admitted as relevant. |
| 33:17-34:3 | Defendant | Yes | Excluded because Herrick lacks knowledge. |
| 34:4-34:16 | Plaintiff & Defendant | | Admitted as joint designation. |

3

| Designation | Designated by | Objection | Ruling |
|---|---|---|---|
| 34:17-35:4 | Plaintiff | | Admitted as relevant to audio that will be played at trial. |
| 35:5-24 | Plaintiff & Defendant | | Admitted as joint designation. |
| 36:1-25 | Plaintiff | Yes | Admitted as relevant to audio that will be played at trial; mentions of religion are incidental. |
| 37:1-3 | Plaintiff | Yes | Excluded as irrelevant. |
| 37:4-5 | Plaintiff | Yes | Admitted as relationship between Plaintiff and witness is relevant. |
| 37:6-38:12 | Plaintiff & Defendant | | Admitted as joint designation. |
| 38:13-15 | Plaintiff | Yes | Excluded as irrelevant. |

After discussing these rulings, the Court asks for questions on volume 1 of the deposition. There are no questions from either side.

3:20 pm   The Court indicates its intention to continue ruling line-by-line with volume II of the deposition.

| Designation | Designated by | Objection | Ruling |
|---|---|---|---|
| 50:1-50:10 | Plaintiff | | Admitted. |
| 50:11-21 | Plaintiff & Defendant | | Admitted. |
| 50:22-52:19 | Defendant | Yes | Admitted for impeachment because evidence of witness' prior lawsuits and previous arrests is relevant, consistent with Judge Gonzales' ruling. Herrick's testimony is allowed for the same reasons but only for cross-examination. If Plaintiff decided not to call Herrick, it would not come in on its own. |

3:24 pm   Plaintiff inquires why Herrick's lawsuits and arrests are relevant to Plaintiff's case. The Court explains that there is evidence to support Defendant's argument that Herrick and Plaintiff are working in conjunction to look for potential lawsuits against the City or are biased because of that. The Court understands Judge Gonzales' ruling (ECF 252 at 2-3) to be that Plaintiff has an axe to grind regarding his prior arrests and lawsuits and that has created tension with the City that might affect his motive to bring the current lawsuit and show he has a bias. Similarly, even though Herrick is not a party, if he's filing the same lawsuits against City, and if he is testifying favorably to his friend, Plaintiff, he could share the same bias or motive. It would be inconsistent to reach a different conclusion from Judge Gonzales.

Plaintiff objects that there is no testimony that they worked together on prior lawsuits besides this one. It is too attenuated to allow evidence of a nonparty with respect to whether they have a litigious nature. That was a sanction specifically on Plaintiff and attenuated from Herrick. What is the testimony showing a concerted effort?

The Court explains the connections evidenced through church, feeding the homeless, running the police complaints website. It is not relevant to substance, but grounds for cross-

4

examination. Given that Herrick is testifying on behalf of Plaintiff, he has put his credibility at issue and Defendant may explore reasons he may be biased for Plaintiff and against Defendant on cross-examination.

Plaintiff objects that Herrick did not witness the incident. He arrived afterwards. How does this impeachment evidence get in because his testimony is all after-the-fact. Has Plaintiff put it at play with his own designations?

The Court explains that it is difficult because it's a transcript and not live, but in live trial, these would be relevant areas for cross-examination.

The Court continues its discussion of volume II.

| Designation | Designated by | Objection | Ruling |
|---|---|---|---|
| 52:20-53:6 | Plaintiff & Defendant | | Admitted as joint designation. |
| 53:7-54:6 | Plaintiff | | Admitted without objection. |
| 54:7-55:8 | Defendant | Yes | Admitted for impeachment, it shows a connection with Plaintiff (starting at 54:7). |
| 56:2-16 | Defendant | Yes | Admitted for impeachment consistent with Judge Gonzales' ruling. |
| 56:17-25 | Defendant | Yes | Admitted for impeachment. |
| 58:3-58:16 | Defendant | Yes | Admitted for impeachment consistent with Judge Gonzales' ruling. |
| 62:11-62:12 | Plaintiff | | Admitted without objection. |
| 62:13-16 | Plaintiff & Defendant | | Admitted without objection. |
| 62:17-63:11 | Plaintiff | | Admitted without objection. |
| 63:12-17 | Plaintiff & Defendant | | Admitted without objection. |
| 63:18-63:25 | Plaintiff | | Admitted without objection. |
| 64:1-4 | Plaintiff | Yes | Admitted because it is finishing prior testimony. |
| 64:5-66:14 | Plaintiff | Yes | Excluded because it is being offered to talk about Herrick's conversation with an attorney, it is an out-of-court statement between counsel and client, not suitable for a direct examination. |
| 66:15-66:22 | Plaintiff | | Admitted without objection. |
| 66:23-67:4 | Plaintiff & Defendant | | Admitted as joint designation. |
| 67:5-69:13 | Plaintiff | | Admitted without objection. |
| 69:14-70:15 | Plaintiff & Defendant | | Admitted as joint designation. |
| 70:16-70:18 | Defendant | Yes | Court asks Defendant to address relevancy. Defendant refers to the rule of completeness, FRE 106. Court rules it is |

5

| | | | |
|---|---|---|---|
| | | | so marginally relevant it's not useful. Excluded. |
| 70:22-71:8 | Plaintiff | | Admitted without objection. |
| 71:9-72:4 | Plaintiff & Defendant | | Admitted as joint designation. |
| 72:5-14 | Plaintiff | | Admitted without objection. |
| 72:15-19 | Plaintiff | Yes | Inclined to admit because the audio recording will refer to Renee so this provides context. |
| 72:20-24 | Plaintiff | Yes | Excluded as irrelevant. Renee is not a witness, Herrick seeing her is not relevant. |
| 78:3-21 | Defendant | Yes | Admitted for impeachment. |
| 78:22-79:1 | Defendant | Yes | Excluded because his conviction is not relevant. |
| 79:19-80:3 | Defendant | Yes | Admitted for impeachment. |
| 82:23-83:9 | Defendant | Yes | Admitted for impeachment. |
| 83:10-20 | Defendant | Yes | Excluded because his conviction is not relevant. |
| 84:1-7 | Defendant | Yes | Admitted for impeachment. |
| 86:2-18 | Defendant | Yes | Excluded because it's not related to APD or the City, general encounters with law enforcement are not relevant. |
| 87:1-13 | Defendant | Yes | Excluded because it's not related to APD. |
| 87:14-21 | Defendant | Yes | Admitted for impeachment. |
| 88:3-12 | Defendant | Yes | Admitted for impeachment. |
| 90:6-14 | Defendant | Yes | The Court takes this section under advisement. |
| 99:10-24 | Defendant | Yes | The Court takes this section under advisement. |
| 99:25-100:25 | Defendant | Yes | The Court takes this section under advisement. |
| 103:5-104:14 | Defendant | Yes | Excluded as irrelevant, Herrick's issue with his neighbors is not related to APD. |
| 104:15 | Plaintiff & Defendant | | Admitted as joint designation. |
| 104:16-105:5 | Plaintiff | Yes | Inclined to admit for reasons stated in connection with page 12 of volume 1. |
| 105:6-105:25 | Plaintiff & Defendant | | Admitted as joint designation. |
| 106:1-6 | Defendant | | Admitted without objection. |
| 106:7-14 | Defendant | Yes | Admitted for impeachment. |
| 106:15-108:9 | Defendant | Yes | The Court asks Defendant to address the relevance of these sections. Defendant argues that Herrick isn't clear about all his work addresses and that his story about coming across the scene on his way home from work doesn't make sense given these addresses. The Court |

6

|  |  |  | inquires as to why March 2016 is relevant. Defendant agrees it is not. But it does show Herrick doesn't have a clear timeline. The Court explains it is inclined to allow for impeachment to the extent related to addresses in August of 2012, but periods clearly outside that time frame are not relevant. The Court reserves ruling on the exact line numbers that are relevant. |
|---|---|---|---|
| 109:4-9 | Defendant | Yes | Same ruling. |
| 109:10-109:23 | Plaintiff & Defendant |  | Admitted as joint designation. |
| 109:24-115:13 | Defendant | Yes | Inclined to admit for impeachment. |
| 115:14-116:19 | Plaintiff |  | Admitted without objection. |
| 116:20-117:2 | Plaintiff & Defendant |  | Admitted without objection. |
| 117:16-25 | Defendant |  | Admitted without objection. |
| 118:12-119:2 | Defendant | Yes | Inclined to admit because Herrick talks about how Plaintiff would be able to post complaints to his police complaints website. |

4:07 pm   The Court in recess.

4:24 pm   The Court is back in session and invites argument from the parties.

4:24 pm   Plaintiff inquires whether the Court's ruling on Herrick's lawsuits and arrests is part of a sanction, or a separate analysis under FRE 404, 403, and 110. The Court explains that it does not view its ruling as a sanction but is based on consistency with Judge Gonzales' analysis in his order on the motions in limine – Doc. 252. The evidence is allowed as impeachment evidence because it is allowed as part of a cross-examination with respect to motive, bias, etc.

4:31 pm   The Court invites argument from Defendant. Defendant points to Doc. 252, which addresses multiple motions, not just the sanctions issue. Defendant agrees with the Court that it is impeachment. The audio recording shows that Herrick happens upon the scene within minutes, he had lawyers lined up for these cases, that he thinks the incident is great, that he took evidence and made duplicates, and that he assisted Plaintiff in making complaints regarding the incident.

4:34pm   Plaintiff responds that it is undisputed that there was some kind of attack and there is no claim that the interaction was fabricated. Herrick had nothing to do with it and didn't witness it. He can't be impeached on that testimony. The after-the-fact reliability of the story doesn't have anything to do with whether it happened. It's a specific incident under 404(B) and it's cumulative. Plaintiff cites case law that talks about relevance of establishing bias. The City isn't a party so bias against them is irrelevant. Defendant does not have a case where bias is relevant where the parties are different. It's character assassination. Going to church with someone and helping them serve the homeless does not create a conspiracy. In addition,

7

|        |        |
|--------|--------|
|        | policeprocedures.com is not Plaintiff's website. Herrick talked about Plaintiff as a client, not a partner. Jury can decide whether it's a coincidence when he had an office downtown. |
| 4:40 pm | Defendant argues that impeachment isn't limited to parties, any person who testifies is subject to impeachment. Defendant offers the evidence to establish bias, not conformance with a character trait. |
| 4:41 pm | The Court clarifies that FRE 404(B) is not the basis for its ruling. It could be motive evidence but under 403 but the Court would disallow it. Defendant could not call Mr. Herrick just to get into his history of arrests. Issue is that Plaintiff has called Mr. Harrick and his credibility is at issue.

Court asks whether parties have argument with respect to any other lines from the deposition.

Plaintiff wishes to additionally designate Vol II, page 49 lines 5-15. Plaintiff argues it is relevant to show that, if he had to talk to an attorney, it had nothing to do with this case. Plaintiff then indicates, for completeness, Plaintiff designates the whole page. Defendant argues that the designation is untimely. Page 49 is irrelevant to the facts of this case; it's about scheduling issues. Plaintiff indicates it is important that he spoke to someone else and there should be a distinction drawn between Herrick consulting with Plaintiff's attorneys versus other attorneys. Plaintiff wishes to reserve the right to file further objections later. The Court rules that page 49 is not relevant or connected to the matters that the Court has admitted. The Court asks the parties to confer on pages 106 to 108 regarding description of events that happened in 2012 and agree to redact addresses related to 2016.

Plaintiff states that Herrick is a "may call" and counsel is undecided as to whether to call him due to the rulings today. Court asks Defendant's counsel to submit a transcript that would be only the portions she would present in direct if she were to call Herrick as her own witness.

Court will get parties an answer on the issues reserved for ruling by tomorrow.

The Court asks the parties to confer and submit competing transcripts if necessary by close of business Wednesday. The parties do not have to prepare the video designations by Wednesday.

The Court asks Plaintiff's counsel to provide cites for the cases she alluded to earlier in her argument. Plaintiff cites 2009 WL 224486 and 2002 WL 1770761. The Court will let the parties know by tomorrow if the Court reconsiders its rulings. |
| 4:59 PM | The Court is in recess. |