IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ALFONSO HERNANDEZ,**
    **Plaintiff,**

v.               Case No.: 14-cv-00964 KG/SCY

**ANDY FITZGERALD,**
    **Defendant.**

**PLAINTIFF'S FIRST SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

Plaintiff, Alfonso Hernandez, by and through his attorneys of record, GORENCE & OLIVEROS, P.C. (Louren Oliveros and Amye Green) and AEQUITAS LAW OF NEW MEXICO, LLC (Anna C. Martinez), hereby submits his first proposed jury instructions, with citations. Plaintiff reserves the right to amend or submit additional jury instructions as necessary.

          Respectfully submitted,

          AEQUITAS LAW OF NEW MEXICO, LLC

          "**Electronically Filed**"
          /s/ Anna C. Martinez
          P.O. Box 25304
          Albuquerque, NM 87125
          (505)750-8005
          anna@aequitas.pro

          —and—

          GORENCE & OLIVEROS, P.C.

          Louren Oliveros
          Amye G. Green
          300 Central Avenue SW, Suite 1000E
          Albuquerque, New Mexico 87102
          Telephone: (505) 244-0214
          Facsimile: (505) 244-0888
          oliveros@golaw.us
          green@golaw.us

          *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated in the header affixed by the court hereto, I filed the foregoing pleading through this Court's CM/ECF filing system causing an electronic copy of the foregoing to be served upon all counsel of record.

**"Electronically Filed"**
/s/ Anna C. Martinez

**PLAINTIFF'S SUPPLEMENTAL REQUESTED JURY INSTRUCTION NO. 1**

Plaintiff alleges that Defendant unlawfully seized and arrested him without probable cause that he had committed a crime. Arrests without probable cause violate a person's clearly established Fourth Amendment rights. Probable cause to arrest exists only when facts and circumstances within the officer's knowledge, and of which he or she has reasonable trustworthy information, are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been or is being committed. The officer's subjective beliefs are irrelevant. The belief must be reasonable from an objective standpoint.

Federal Jury Practice and Instructions, Sec. 103.06 and Sec. 72.07 (West's 1987) (modified); *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S.Ct. 795, 157 L.Ed. 2d 769 (2003); and *Cortez v. McCauley*, 2007 U.S. App. LEXIS 3678, (10th Cir. February 16, 2007)(quoting *United States v. Valenzuela*, 365 F.3d 892, 896 (10th Cir. 2004); United *States v. Charley*, 396 F.3d 1074, 1080 (9th Cir. 2005); Beck v. Ohio, 379 U.S. 89 (1964); *State v. Campos*, 113 N.M. 421, 426, 827 P.2d 136 (Ct.App. 1991); and United *States v. Watson*, 423 U.S. 411, 417-22, 96 S.Ct. 820, 46 L.Ed. 2d 598 (1976); City of Albuquerque Noise Ordinance 9-9-1 to 9-9-12.

**PLAINTIFF'S SUPPLEMENTAL REQUESTED JURY INSTRUCTION NO. 2**

A person is arrested when the police officer, by means of show of authority or physical force, has in some way restrained the liberty of a citizen and there is a show of official authority such that a reasonable person would have believed he or she was not free to leave or to disobey an order.

*United States v. Ritchie*, 35 F. 3d 1477, 1481 (10th Cir. 1994); *Anderson v. Campbell*, 104 F. 3d 367, 1996 WL 731244 (10th Cir. 1996) (unpublished opinion); *United States v. Reeves*, 524 F.3d 1161, 1165 (10th Cir. 2008); *United States v. Flowers*, 336 F.3d 1222, 1226 n.2 (10th Cir. 2003).

**PLAINTIFF'S SUPPLEMENTAL REQUESTED JURY INSTRUCTION NO. 3**

The seizure of a person occurs 'when an officer by means of physical force or show of authority has in some way restrained the liberty of a citizen. In other words, a seizure has occurred when an official show of authority leads a reasonable person to believe that he or she is not free to leave or go about his or her business, ignoring the officer's presence.

*Cardenas v. Fisher*, 1:06CV00936 D.N.M., Doc. 71, at 11,(quoting *Terry v. Ohio*, 392 U.S. 1, 19 n. 16 (1968)(citing *Florida v. Royer*, 460 U.S. 491, 501-02 (1983); *City of Houston* v. *Hill*, 482 U.S. 451 (1987); *Guffey v. Wyatt*, 18 F.3d 869 (10th Cir. 1994); *Poole v. County of Otero*, 271 F.3d 955, 961 (10th Cir. 2001); *Duran v. City of Douglas*, 904 F.2d 1372 (9th Cir. 1990); B*uffkins v. City of Omaha*, 922 F.2d 465 (8th Cir. 1990); *Sandul v. Larion*, 119 F.3d 1250 (6th Cir. 1997) *Smith v. Maschner*, 899 F.2d 940 (10th Cir. 1990); *Lessman v. McCormick*, 591 F.2d 605, 611 (10th Cir. 1979); *Frazier v. Dubois*, 922 F.2d 560 (10th Cir. 1990); *Hale v. Townley*, 19 F.3d 1068 (5th Cir. 1994); *Matzker v. Herr*, 748 F.2d 1142 (7th Cir. 1984); *McKay v. Hammock*, 730 F.2d 1367 (10th Cir. 1984)(*en banc*); *Mackinney v. Nielsen*, 69 F.3d 1002 (9th Cir. 1995); *Buffkins v. City of Omaha*, 922 F.2d 465 (8th Cir. 1990).