IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

      **Plaintiff,**

vs.                No. CIV 14-964 KG/SCY

ANDY FITZGERALD, in his individual
capacity as an security officer employed
by the Albuquerque Transit Dept., Security Div.,

      **Defendant.**

## PLAINTIFF ALFONSO HERNANDEZ'S RENEWED MOTION FOR JUDGMENT PURSUANT TO RULE 50 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND MEMORANDUM IN SUPPORT THEREOF

  Plaintiff Alfonso Hernandez, by and through his attorneys of record, GORENCE & OLIVEROS, P.C. (Louren Oliveros) and AEQUITAS LAW OF NEW MEXICO, LLC (Anna C. Martinez), hereby renews his request that this Court enter into order granting his motion for summary judgment pursuant to Rule 50 of the Federal Rules of Civil Procedure and, alternatively, moves for a new trial pursuant to Rule 59(a). As grounds in support of this motion, Plaintiff states:

**L BACKGROUND**

  Following trial, the facts relevant to this Motion are well-known by all. For the purposes of this Motion, it is only important to note that that the Plaintiff was allowed to proceed to trial and alleged at trial two violations of his Fourth Amendment rights. First, Plaintiff alleged that Defendant violated his rights when Defendant seized Plaintiff for engaging in only lawful behavior, to wit: recording Defendant in a public place. Second, Plaintiff alleged that Defendant's decision to use force against him, in the absence of a) lawful authority to use that force and b) any evidence that Plaintiff became violent or posed a threat to Defendant was unconstitutional. For the

reasons set forth below, Plaintiff is entitled to judgment on each count notwithstanding the jury's decision to find against him.

**II. STANDARD**

Federal Rule of Civil Procedure 50 requires a court to render judgment as a matter of law when a party has been fully heard on an issue, and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. The standard for judgment as a matter of law under Rule 50 mirrors the standard for summary judgment under Rule 56. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

Thus, the court must review all of the evidence in the record, *cf., e.g., Matsushita Elec. Industrial Co. vs. Zenith Radio Corp*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed. 538 (1996), drawing all reasonable inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence, *e.g., Lytle vs. Household Mfg. Inc.*, 494 U.S. 545, 554-555, 110 S.Ct. 1331, 108 L.Ed.2d 504 (1990). The latter functions, along with the drawing of legitimate inferences from the facts, are for the jury, not the court. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. At its core, Federal Rule 50(a) provides that if a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. Fed. R. Civ. Pro. 50(a)(1)(B).

Federal Rule 50(b) further provides that, within 28 days of the entry of judgment, a party may renew a motion for judgment as a matter of law after trial and, in doing so, alternatively seek a new trial under Rule 59. Fed. R. Civ. Pro. 59(b). Rule 59 provides that the Court may, on motion within 28 days of the entry of judgment, grant a new trial on all or some of the issues for any reason for which a new trial has been granted in an action. Fed. R. Civ. Pro. 59(a)(1)(A).

## III. CLAIMS AT TRIAL

### A. Plaintiff's First Claim—Unlawful Seizure

*1. There was no testimony that Supported any Lawful Basis for Defendant to Seize Plaintiff and No Evidence to Support the Claim that Plaintiff was Not Seized.*

There was no dispute that Plaintiff was seized. While there was a debate about the amount of assistance that former-Defendant Akeem Powdrell provided in helping Defendant Andy Fitzgerald to seize Plaintiff, the fact remained that Defendant Fitzgerald was seen and heard on video and audio recordings seizing Plaintiff and Defendant Fitzgerald admitted that he seized Plaintiff. Consequently, there was no dispute that Plaintiff was in fact "seized." Whether Akeem Powdrell assisted in the seizure or not, Defendant seized Plaintiff and, consequently, the Court should enter a finding that told Defendant to leave his house, the jury's finding that no seizure occurred notwithstanding. Put simply, there was never any evidence presented that a seizure of Plaintiff was lawful nor any evidence that Defendant Fitzgerald *did not* seize Plaintiff. Plaintiff is entitled to judgment as a matter of law on his claim against Defendant for illegally seizing him.

*2. Even if Defendant was a Law Enforcement Officer, Defendant Unlawfully Placed Plaintiff Under Arrest—the Evidence at Trial Requires the Court to Enter Judgment in Favor of Plaintiff. This Case Does Not Involve an "Investigative Detention." Plaintiff's Detention Was Not an "Investigatory Detention" under the Prevailing Case Law, Because He Was Handcuffed and Held Against His Will.*

The Fourth Amendment gives every individual the right "to the possession and control of his own person, free from all restraint ... unless by clear and unquestionable authority of law." *Terry*, 392 U.S. at 9 (internal quotations and citations omitted). The "central requirement"' of the Fourth Amendment "is one of reasonableness." *Illinois v. McArthur*, 531 U.S. 326, 330 (2001) (quotations and citations omitted); *see also Elkins v. United States*, 364 U.S. 206, 222 (1960) ("[W]hat the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures.") Therefore, in order for a seizure to be lawful under the Fourth Amendment, it must be reasonable.

There are two categories of police seizures under the Fourth Amendment: full arrests and less intrusive detentions (investigative stops). Unlike investigative stops, arrests are not constitutionally valid in the absence of probable cause. "Probable cause to arrest exists only when the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *United States v. Valenzuela*, 365 F.3d 892, 896 (10th Cir. 2004) (internal quotation marks omitted).

The rule that arrests must be supported by a warrant or probable cause is well established. *See, e.g., Dunaway v. New York*, 442 U.S. 200, 212, 99 S. Ct. 2248 (1979). The Tenth Circuit has determined that police officers are on notice that a seizure occurs within the meaning of that Amendment if at any point a person believes that he or she is not free to terminate an encounter with a police officer and that any seizure must at least be justified at its inception. Jones v. Hunt, 410 F.3d 1221, 1230 (10th Cir. 2005). The "free to leave" standard is clearly established. *Michigan*

4

*v. Chesternut*, 486 U.S. 567, 573, 108 S. Ct. 1975 (1988). It is not reasonable for law enforcement officers to seize a person absent probable cause, unless the seizure falls under one of the limited, well-defined exceptions to this rule. *Skinner v. Railway Labor Execs. Ass'n*, 489 U.S. 602, 619-620 (1989).

An investigative detention is "a seizure within the meaning of the Fourth Amendment but, unlike an arrest, it need not be supported by probable cause." *United States v. Shareef*, 100 F.3d 1491, 1500 (10th Cir.1996). An officer "can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks probable cause." *Id*. For an officer to have reasonable suspicion to seize an individual, the officer "must have a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Id*.(emphasis added).In this case, there was no testimony at trial that would indicate that Plaintiff was suspected of any crime. In New Mexico, there is no such crime as recording a public employee in public.

Indeed, even if Defendant was privileged to make arrests as a law enforcement officer and even if the evidence had supported a claim that the detention of Plaintiff was an "investigative detention," such a detention may nevertheless violat the Fourth Amendment absent probable cause where it approaches the conditions of an arrest. *Florida v. Royer*, 460 U.S. 491, 499, 103 S.Ct. 1319 (1983)(plurality op.)

"A person is seized within the meaning of the Fourth Amendment when a reasonable person would believe that he or she is not free to leave." *Roska v. Peterson*, 328 F. 3d 1230, 1243 (10th Cir. 2003)(citing *Graham v. Connor*, 490 U. S. 386, 395 (1989); *Brower v. County of Inyo*, 489 U. S. 593, 599 (1989); *Florida v. Bostick*, 501 U. S. 429, 435 (1991). Likewise, the detention

of a potential witness to a crime must satisfy the Fourth Amendment's "reasonableness" requirement. *Illinois v. Lidster*, 540 U.S. 419, 426¬27, 124 S.Ct. 885 (2004).

Tackling Plaintiff, handcuffing him, taking his cell phone, and holding him in that state at the bus stop constituted an arrest. *Cortez v. McCauley*, 438 F.3d 980 (10th Cir. 2006). A warrantless arrest is permissible when a police officer "has probable cause to believe that a person committed a crime." *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cit. 1995). An arrest is distinguished from other police-citizen encounters, by the involuntary, "highly intrusive" nature of the encounter. *Cortez v. McCauley*, 478 F.3d 1108 (10th Cir. 2007). "[T]he use of firearms, handcuffs, and other forceful techniques" generally exceeds the scope of an investigative detention and enter the realm of an arrest. *United States v. Melendez-Garcia*, 28 F.3d 1046, 1052 (10th Cir. 1994). Although the use of handcuffs and firearms does not, in and of itself, convert an investigative detention into an arrest, the use of handcuffs is appropriate only as long as there is a reasonable, articulable ground for fearing danger from the suspects. *United States v. Neff*, 300 F.3d 1217, 1220-21 (10th Cir. 2002). Even if an investigative or *Terry* stop was justified—which Plaintiff does not concede—"handcuffing of the suspect is not ordinarily proper." 4 Wayne R., LaFave, Search and Seizure § 9.2(d) (3d ed. 1996)(internal quotations and citations omitted); *See, e.g., United States v. Shareef*, 100 F.3d 1491, 1506 (10th Cir. 1996); *Terry v. Ohio*, 392 U.S. 1 (1968). Because handcuffing was not appropriate for any encounter short of a lawful arrest, Defendant violated Plaintiffs constitutional rights by employing physical force under the circumstances. *Graham*, 490 U.S. at 396; *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1256 (1998) "The law was and is unambiguous: a government official must have probable cause to arrest an individual." *Cortez*, 438 F.3d at 990. There was no legal justification for Plaintiff's handcuffed detention in this case.

**B. Plaintiff's Second Claim — Unlawful Use of Force by Defendant Fitzgerald**

*1. Defendant Did Not Have Any Lawful Reason to Use Any Force Against Plaintiff.*

The Fourth Amendment privileges a *police officer* to use force against a citizen. However, in this case, Defendant Fitzgerald maintained that he *was not* a law enforcement officer. As a result, he was not privileged to use *any* force against Plaintiff in order to detain Plaintiff. *c.f., INS v. Delgado*, 466 U.S. 210, 217, 104 S. Ct. 1758, 80 L. Ed. 2d 247 (1984)(only a "minimal level of objective justification" needed for *police officer* making a Terry stop…less than proof of wrongdoing by a preponderance of the evidence, but something more than an inchoate and unparticularized suspicion or hunch); *accord Alabama v. White*, 496 U.S. 325, 329-330, 110 L. Ed. 2d 301, 110 S. Ct. 2412 (1990)(internal citations and quotations omitted). In "going after" and seizing and handcuffing Plaintiff, the evidence clearly and undisputedly shows, Defendant both acted without lawful authority and—even according to Defendant Fitzgerald—ultimately on nothing more than an unsubstantiated "hunch." There was no testimony in the case that indicated Plaintiff was armed, violent, or that it was suspected that he recently committed a violent act. In fact, Defendant testified only that he had desired to place Plaintiff in handcuffs because Defendant was angry that Plaintiff was recording Defendant. Defendant did testify that he was concerned based upon his military training that Plaintiff might not have been permitted to record him. He further testified based upon no objective basis that he was afraid Plaintiff might be involved in "terrorism" or the like.

Again, according to Defendant Fitzgerald's own testimony he *was not* a law enforcement officer. According to Defendant, he was only imbued with the power to make a citizen's arrest. While Plaintiff claims this argument is factually untenable and intends This blanket, unfounded hunch is insufficient to justify handcuffing and restraining Plaintiff at the bus stop. Any citizen

7

that tackled and handcuffed another citizen for filming in public would be guilty of false arrest/false imprisonment and several other crimes. Any citizen would likewise be liable for the torts of false arrest. Having acted under the color of law – without the actual legal protection to engage in the detention of Plaintiff, Defendant necessarily used unlawful force against Plaintiff. Moreover, even if Defendant was a law enforcement officer (contrary to his own claims) and was thus privileged to use force in circumstances that allowed that force, the circumstances in this case did not meet those requirements. Even for a "Terry Stop," evidence or testimony from the police that they had reason to believe a particular suspect had a gun or was violent or that the circumstances of this particular encounter warranted the unusual intrusiveness of handcuffing is required. In the absence of such evidence, the naked fact that, for example, Defendant Fitzgerald believes that anyone filming anything might be a terrorist will not provide a *per se* justification for use of force and handcuffs in a *Terry* stop or otherwise. *See United States v. Stewart*, 867 F.2d 581, 585-86 (10th Cir. 1989)(general observations about the conduct of drug dealers will not support exigent circumstances excusing police compliance with the knock-and-announce rule; police must articulate specific facts related to the premises to be searched or its occupants); *also United States v. Melendez-Garcia*, 28 F.3d 1046, 1052¬1053 (10th Cir. 1994)(executing a felony stop inappropriate when police outnumbered the defendants, executed the stop on an open highway during the day, had no tips or observations that the suspects were armed or violent, and the defendants had pulled their cars to a stop off the road and stepped out of their cars in full compliance with police orders was unlawful). A seizure lacking any legal justification is a constitutional violation from its inception. *See Fuerschbach v. Southwest Airlines Co.*, 439 F.3d 1197 (10th Cir. 2006).

*2. Even if Defendant Fitzgerald was a Police Officer, the Force he Used was Excessive as a Matter of Law – Judgment should be entered in Favor of Plaintiff the Jury's Verdict Notwithstanding*

Claims of excessive force by police officers in violation of the Fourth Amendment are analyzed using an objective reasonableness standard from the perspective of a reasonable police officer on the scene. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Gonzales v. Passino*, 222 F. Supp. 2d 1277, 1279 (D.N.M. 2002) (relying on *Medina v. Cram*, 252 F.3d 1124, 1131 (10th Cir. 2001)). This standard calls upon the Court to analyze the factual circumstances of every case, including 1) the severity of the crime, 2) whether the subject poses an immediate threat to the safety of officers and others and 3) whether the subject is actively resisting arrest or attempting to evade arrest by flight. *Graham*, 490 U.S. at 393; *Casey v. City of Federal Heights*, 509 F.3d 1278, 1281 (10th Cir. Colo. 2007); *Gonzales*, 222 F. Supp. 2d at 1279.

Whether Defendant acted reasonably in this case is a legal determination in the absence of disputed material facts. *Medina v. Cram*, 252 F.3d 1124, 1131 (10th Cir. 2001). Although the reasonableness standard is inevitably fact dependent, it should not be reserved for the jury in the absence of disputed material facts. Direct participation is not necessary for a defendant to be liable under 42 USC § 1983. Buck v. City of Albuquerque, 549 F.3d 1269, 1279-1280 (10th Cir. 2008). Any official who causes a citizen to be deprived of his or her constitutional rights can also be held liable. *Id*. The requisite causal connection is satisfied if the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of his constitutional rights. *Id*. Thus, to the extent that Defendant Fitzgerald attempted to shift the blame for the use of force on to Akeem Powdrell, he remains liable for causing the scene that Akeem Powdrell saw upon his return to the bus stop and therefore remains liable for the force used by Mr. Powdrell as well. Moreover, Defendant is responsible not only for the force he used and he caused Mr. Powdrell to use against Plaintiff, but also for failing to take steps to

mitigate the fracas that ensued. *Casey v. City of Federal Heights*, 509 F.3d 1278, 1285 (10th Cir. 2007). Lastly, a law enforcement official who fails to intervene to prevent another law enforcement official's use of excessive force may be liable under 1983. *Mick by and Through Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996). Under the undisputed testimony at trial, there was no set of facts upon which the jury could rely in finding that Defendant Fitzgerald had authority to use force against Plaintiff or to cause Akeem Powdrell to use force against Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that the Court deny Defendant qualified immunity and grant judgment in his favor on all counts of his Complaint. Plaintiff further requests such additional relief as the Court determines to be necessary and proper. In the alternative, Plamtiff requests that the Court vacate the jury's verdict and order a new trial.

**WHEREFORE** Plaintiff renews his motion for a judgment as a matter of law as to both claims brought against Defendant Fitzgerald at trial, to wit: the unlawful seizure of Plaintiff and the unlawful use of force against Plaintiff. Alternatively, Plaintiff moves for a new trial as to all defendants. Plaintiff further moves the Court for any other relief that the Court deems just and proper.

    Respectfully submitted,

    AEQUITAS LAW OF NEW MEXICO, LLC

    **"Electronically Filed"**
    */s/ Anna C. Martinez* _____
    P.O. Box 25304
    Albuquerque, NM 87125
    (505) 750-8005
    anna@aequitas.pro

    —and—

        GORENCE & OLIVEROS, P.C.
        Louren Oliveros
        Amye G. Green
        300 Central Avenue SW, Suite 1000E
        Albuquerque, New Mexico 87102
        Telephone: (505) 244-0214
        oliveros@golaw.us
        green@golaw.us

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of June, 2019, I filed the foregoing electronically through the Court's CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Jonlyn M Martinez
    Law Office of Jonlyn M Martinez, LLC
    P.O. Box 1805
    Albuquerque, NM 87103-1805
    (505) 247-9488
    jonlyn@jmartinezlaw.net
    *Attorney for Defendant Andy Fitzgerald*

*/s/ Anna C. Martinez* _____
Attorney for Plaintiff Hernandez