IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

    Plaintiff,

v.                                                                 NO. CIV-14-964 KG/SCY

ANDY FITZGERALD,

    Defendant.

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR JUDGMENT PURSUANT TO RULE 50 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendant Andy Fitzgerald, by and through his attorneys of record, the Law Office of Jonlyn M. Martinez, LLC, hereby submits his Response In Opposition To Plaintiff's Renewed Motion For Judgment Pursuant To Rule 50 Of The Federal Rules Of Civil Procedure as follows:

### BACKGROUND

Both parties previously moved for summary judgment concerning the Plaintiff's claims in this matter. However, the Court denied both of these Motions. [Document No. 203]. With regard to the Plaintiff's claim of unlawful seizure, this Court stated:

> The above situation constitutes a genuine issue of material fact relevant to probable cause to arrest and to a good faith reasonable belief best reserved to the jury, and precludes summary judgment on the basis of qualified immunity.
>
> Additionally, "personal participation is an essential allegation to a Section 1983 claim." *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (citation omitted). Neither party puts facts or evidence in the record sufficient to determine who handcuffed Plaintiff, i.e., who initially seized Plaintiff. As such, the question of who handcuffed Plaintiff is a genuine issue of material fact reserved to the jury unless stipulated by the parties.

1

[Document No. 203, pp's 13-14]. Thus, pretrial, this Court recognized the factual disputes that needed to be decided by the trier of fact in this matter. Thereafter, the Court stated the following with regard to the Plaintiff's claim of excessive force:

> While both parties move for summary judgment on the excessive force claim, there remains a genuine dispute of material fact as to whether—and if so, when—Defendant Fitzgerald choked Plaintiff. Plaintiff's contention that Defendant Fitzgerald choked him is not without support in the record. In a photograph taken after the encounter, Plaintiff displays visible red marks on his neck and throat. (Doc. 149-2). An answer to this factual question is necessary to determine whether the first prong of the qualified immunity analysis is met, i.e., whether Defendant Fitzgerald violated Plaintiff's Fourth Amendment right to be free from excessive force. Consequently, Defendant Fitzgerald's qualified immunity defense as to the excessive force claim cannot succeed at this time. This outstanding issue of material fact, also, precludes Plaintiff from prevailing on his motion for summary judgment. Hence, the Court must deny both motions for summary judgment on Count VII, the Fourth Amendment Section 1983 excessive force claim.

[Document No. 203, pp's 10-11]. Thus, this Court determined that there was a dispute of fact with regard to the evidence concerning the Plaintiff's claim of excessive use of force that had to be resolved by the fact-finder.

**I. The Plaintiff's Motion Brought under Fed.R.Civ.P. 50(b) Is Without Merit.**

"Rule 50(b) . . . sets forth the procedural requirements for renewing a sufficiency of the evidence challenge after the jury verdict and entry of judgment." ***Nelson v. City of Albuquerque***, 283 F. Supp. 3d 1048, 1075-76 (D.N.M. 2017), ***quoting Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc***., 546 U.S. 394, 400, 126 S. Ct. 980, 163 L. Ed. 2d 974 (2006). The rule states:

> Renewing the Motion After Trial; Alternative Motion for a New Trial. If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:

>   (1) allow judgment on the verdict, if the jury returned a verdict;
>   (2) order a new trial; or
>   (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b). Much like a rule 50(a) motion, "[a] renewed motion for judgment as a matter of law under Rule 50(b) . . . must state the grounds on which it was made." *Nelson v. City of Albuquerque*, 283 F. Supp. 3d 1048, 1075-76 (D.N.M. 2017), quoting 9B C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2537, at 604-05 (3d ed. 2008).

The standard for ruling on a rule 50(b) motion is similar to that for ruling on a rule 50(a) motion -- whether there was sufficient evidence upon which a reasonable jury could have arrived at the jury verdict returned. *Id*., *citing Wagner v. Live Nation Motor Sports, Inc*., 586 F.3d at 1244 (10th Cir. 2009)("A party is entitled to JMOL only if the court concludes that 'all of the evidence in the record . . . [reveals] no legally sufficient evidentiary basis for a claim under the controlling law.'")(*quoting Hysten v. Burlington N. Santa Fe Ry. Co*., 530 F.3d 1260, 1269 (10th Cir. 2008)). "In ruling on such a motion, the court should disregard any jury determination for which there is no legally sufficient evidentiary basis enabling a reasonable jury to make it." *Id*., *quoting* Fed. R. Civ. P. 50(b) advisory committee's note. *See Hysten v. Burlington N. Santa Fe Ry. Co*., 530 F.3d at 1269 ("A party is entitled to judgment as a matter of law 'only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position.'")(citations omitted). A district court, however, much like in ruling on a motion for summary judgment, must draw all reasonable inferences in favor of the non-moving party. *Nelson*, at 1076., *citing Wagner v. Live Nation Motor Sports, Inc*., 586 F.3d at 1244.

>   **A prerequisite to a rule 50(b) motion, and one implicit in its nature as a renewed motion for judgment as a matter of law, is that the moving party must have made a rule 50(a) motion for judgment as a matter of law during trial and that the party raise in the rule 50(a) motion all issues it seeks to**

3

> **raise in the subsequent rule 50(b) motion**. *See M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 762 (10th Cir. 2009)("Kerr-McGee did not assert these arguments in its Rule 50(a) motion at the close of Mark's case-in-chief, and is thus precluded from relying on them as a basis for Rule 50(b) relief."); *Marshall v. Columbia Lea Regional Hosp.*, 474 F.3d 733, 738 (10th Cir. 2007)(noting that raising a particular defense in a "pre-verdict Rule 50(a) motion . . . is a prerequisite to a post-verdict motion under Rule 50(b)."); *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1229 (10th Cir. 2000)("[M]erely moving for directed verdict is not sufficient to preserve any and all issues that could have been, but were not raised in the directed verdict motion."); *First Sec. Bank of Beaver v. Taylor,* 964 F.2d at 1057 ("[A] party is precluded from relying upon grounds in a [rule 50(b)] motion for judgment notwithstanding the verdict that were not previously raised in support of the [rule 50(a)] motion for a directed verdict.")(*citing Karns v. Emerson Elec. Co.*, 817 F.2d 1452, 1455 n.2 (10th Cir. 1987)); 9B C. Wright & A. Miller, supra, § 2537, at 603-04("[T]he district court only can grant the Rule 50(b) motion on the grounds advanced in the preverdict motion, because the former is conceived of as only a renewal of the latter."); 9B C. Wright & A. Miller, supra, § 2537, at 603-04 ("[T]he case law makes it quite clear that the movant cannot assert a ground that was not included in the earlier motion."). The advisory committee notes to the 1991 amendment state that "[a] post-trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion." Fed. R. Civ. P. 50 advisory committee's note (*citing Kutner Buick, Inc. v. Am. Motors Corp.*, 868 F.2d 614 (3d Cir. 1989)).

*Nelson v. City of Albuquerque*, 283 F. Supp. 3d 1048, 1076-77 (D.N.M. 2017)(*Emphasis added*). The Tenth Circuit has held that a party may only pursue a ground for relief in a postverdict Rule 50(b) motion if that same ground for relief was first asserted in a preverdict Rule 50(a) motion. **Home Loan Inv. Co. v. St. Paul Mercury Ins. Co**., 827 F.3d 1256, 1266 (10th Cir. 2016), **citing Elm Ridge Expl. Co. v. Engle**, 721 F.3d 1199, 1219 (10th Cir. 2013) ("[T]he precise subject matter of a party's Rule 50(a) motion . . . cannot be appealed unless that motion is renewed pursuant to Rule 50(b)." (alteration in original)); **Marshall v. Columbia Lea Reg'l Hosp**., 474 F.3d 733, 738-39 (10th Cir. 2007) ("The renewed motion under Rule 50(b) cannot assert grounds for relief not asserted in the original [Rule 50(a)] motion."). Thus, for an appellate court to entertain a sufficiency-of-the-evidence challenge, a party must have properly presented such a challenge to the district court first in a preverdict Rule 50(a) motion and then in

4

a renewed Rule 50(b) motion following the verdict. It is axiomatic that if factual disputes existed at the time the parties submitted their Motions for Summary Judgment, these factual disputes remained at the time of trial.  At trial, the disputes were resolved in favor of the Defendant by the Jury. [Document No. 283].  Further, what is fatal to the Plaintiff's current Motion is the fact that the Plaintiff did not raise the grounds contained in this Motion during his motion at the close of his case.  Therefore, the Plaintiff's Motion must be denied.

### A. Evidence Was Adduced At Trial That Akeem Powdrell Seized Plaintiff And That Plaintiff Battered Defendant Fitzgerald Which Justified This Seizure.

The testimony from Akeem Powdrell during his cross-examination was that he placed the handcuffs on the Plaintiff.[1]  Moreover, the Plaintiff's own video recording, made during his interaction with the Defendant and Mr. Powdrell, reveals that Mr. Powdrell can be heard directing the Plaintiff to place his hands behind his back so that he could place the handcuffs on him. The Plaintiff  Thus, the evidence heard by the jury establishes that Mr. Powdrell, not Defendant Fitzgerald, seized the Plaintiff.  Next, the Plaintiff argues that there was no probable cause for his arrest. However, the evidence presented to the jury was that the Plaintiff stood up and attempted to strike Defendant Fitzgerald. This is evidence of a battery.  Thus, there was probable cause for the Plaintiff's seizure.[2] As stated above, a party is entitled to judgment as a matter of law only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position.  However, the evidence presented to the jury at the trial of this matter established that Defendant Fitzgerald did not seize the Plaintiff.

---

[1] This testimony was elicited by impeaching Mr. Powdrell with his sworn deposition testimony. Mr. Powdrell admitted that he previously testified that he placed the handcuffs on the Plaintiff approximately three times during his deposition.
[2] The Plaintiff was released shortly after the arrival of Officer Galvan.

### B. During His Cross-Examination The Plaintiff Admitted He Had No Evidence That Had Been Injured By The Defendant And Could Not Identify Any Injury In His Own Photographic Evidence.

During his cross-examination the Plaintiff admitted that he had no evidence that he had been injured as a result of his contact with Defendant Fitzgerald. The Plaintiff also admitted that following the alleged incident, he told his friends that he had to leave to have dinner with his fiancé and pretend like nothing happened. He also admitted he did not seek any medical attention related to his alleged injuries and that he claimed the very same injuries in a previous lawsuit brought against the City of Albuquerque and other City employees.[3] In addition, although the Plaintiff's photographic evidence was admitted at the trial of this matter, the Plaintiff could not identify which parts of his body were depicted in his own photographs and could also not identify any alleged injuries. The Plaintiff could not determine when the photographs were taken and it could not be determined whether they were related to his first lawsuit of the present litigation. Thus, there was no evidence to support the Plaintiff's claim of excessive force.

Further, Tenth Circuit precedent requires a showing in a handcuffing case of an actual, non-de minimis physical, emotional, or dignitary injury to succeed on a claim." *Scott v. City of Albuquerque*, 711 F. App'x 871, 880 (10th Cir. 2017), *quoting Fisher v. City of Las Cruces*, 584 F.3d 888, 899 (10th Cir. 2009); *accord* A.M., 830 F.3d at 1151-52; *see also Cortez v. McCauley*, 478 F.3d 1108, 1129 (10th Cir. 2007) (*en banc*) ("We believe that a claim of excessive force requires some actual injury that is not de minimis, be it physical or emotional."). The Plaintiff had no evidence of any injury. Thus, there was no evidence to support his

---

[3] The City of Albuquerque was previously a Defendant in this litigation and Defendant Fitzgerald is a former City employee.

allegation that excessive force was used in this matter and the jury made an appropriate finding in this regard.

### C. The Plaintiff Failed To Cite to Any Case Law Or Any Facts Which Would Entitle Him To A New Trial.

The Plaintiff makes oblique references to Fed.R.Civ.P. 59 and requests a new trial. However, other than citing to the Rule, the Plaintiff fails to provide this Court with any additional citations or facts which would entitle the Plaintiff to a new trial. A party's failure to cite authority "suggests either that there is no authority [for a contrary position] or that it expects the court to do its research." ***Rapid Transit Lines, Inc. v. Wichita Developers, Inc.***, 435 F.2d 850, 852 (10th Cir. 1970). The Local Rules mandate that a "motion, response or reply must cite authority in support of the legal positions advanced." D.N.M. LR-Civ. 7.5(a). The court need not consider legal argument where a party fails to cite legal authority for its position. ***See U.S. v. Heijnen***, 2007 WL 293471, *1 (10th Cir. 2007), *citing **Phillips v. Calhoun***, 956 F.2d 949, 953-54 (10th Cir. 1992) ("[...] issues are not supported by any developed legal argument or authority, and we need not consider them."), and ***Flores v. Astrue***, 2007 WL 1677986, *1 (10th Cir. 2007), Due to the Plaintiff's failure to develop any argument which would entitle him to a new trial, the Plaintiff's Motion must be denied.[4]

### CONCLUSION

Based on the foregoing, the jury properly decided the disputed facts in favor of the Defendant. Thus, the Plaintiff cannot meet the requirements of Fed.R.Civ.P. 50(b). In addition, the Plaintiff failed to properly preserve the issues raised herein during his motion made during

---

[4] The Defendant objects to any attempt by the Plaintiff to cure any deficiencies in the instant Motion in his Reply brief.

the trial which prohibits the instant Motion.  Further, the Plaintiff failed to set forth any facts or law which would entitle him to a new trial.  Therefore, the Plaintiff's Motion must be denied.

                    Respectfully submitted,

                    THE LAW OFFICE OF JONLYN M. MARTINEZ, LLC

                    By:  */s/  Electronically Submitted*
                         JONLYN M. MARTINEZ
                         Attorneys for Defendant Fitzgerald
                         Post Office Box 1805
                         Albuquerque, New Mexico 87103
                         (505) 247-9488

I hereby certify that a copy of the foregoing
was served to counsel of record on
July 8, 2019 via CM/ECF:

 */s/   Jonlyn M. Martinez*