IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

    Plaintiff,

vs.                                         No. CV 14-964 KG/SCY

ANDY FITZGERALD,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Following a full defense verdict at trial, Defendant Andy Fitzgerald moved to tax costs, pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.1, in the amount of $6,504.91. (Doc. 292). Defendant appropriately submitted an itemized table of costs. (*Id.*) at 1-2. Plaintiff Alfonso Hernandez opposed that motion, and Defendant filed a reply. (Docs. 296 and 302). The Clerk of Court entered his Clerk's Order Settling Costs on August 15, 2019, found that all of Defendant's claimed costs were allowable, and taxed costs against Plaintiff in the amount of $6,504.91. (Doc. 310).

As allowed by Rule 54, Plaintiff filed his Motion for Review by the Court of Clerk's Order Settling Costs [Doc. 310] (Motion) on August 22, 2019, and asks the Court to deny costs because any award would constitute a financial hardship for Plaintiff. (Doc. 312). Plaintiff also challenges four specific costs. (*Id.*) Defendant filed his response in opposition on August 23, 2019. (Doc. 313). The Court previously ordered that it would not consider a reply. (Doc. 311). Having considered the briefing, the record, and the applicable law, the Court grants in part Plaintiff's Motion and settles costs as explained herein.

Rule 54 creates a presumption that the court should award costs to the prevailing party. *Allen v. Lang*, 738 Fed. Appx. 934, 944 (10th Cir. 2018) (citing *Rodriguez v. Whiting Farms,*

*Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004)). "The burden is on the non-prevailing party to overcome this presumption." *Rodriguez*, 360 F.3d at 1190. The losing party must show an inability to pay to support a denial of costs based on indigence. *A.D. v. Deere and Co.*, 229 F.R.D. 189, 192 (D.N.M. 2004) (citing *Corder v. Lucent Tech. Inc.*, 162 F.3d 924, 929 (7th Cir. 1998)). "A losing party's claimed indigency is not an absolute shield to the award of costs." *Clower v. GEICO Insurance*, 2013 WL 12095665, at *1 (D.N.M. 2013) (citing *Flint v. Haynes*, 651 F.2d 970, 973-74 (4th Cir. 1981)). The losing party must substantiate its indigence through documentation of its finances. *Id.* (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1038-39 (11th Cir. 2000)). Ultimately, whether to grant costs to a prevailing party is within the court's discretion. *Rodriguez*, 360 F.3d at 1190.

The Court reviews *de novo* any challenge to the Clerk of Court's taxation of costs. *See Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964).

Section 1920 of United States Code title 28 addresses taxation of costs. Specifically:

A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) . . .
(6) . . .

28 U.S.C. § 1920. In addition to Section 1920, Local Rule 54.2 further defines taxable costs as:

(a) Transcripts. The cost of an original transcript of a court proceeding is taxable when requested by a party and authorized by the Court before transcription.
(b) Deposition Costs.
    (1) Reporter's Transcript Fees. The reporter's charge for the original or a copy of a deposition transcript is taxable when the deposition is reasonably necessary to the litigation.
    (2) Reasonably Necessary to the Litigation. A deposition is reasonably necessary to the litigation when:

> > (A) a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes;
> > (B) the deposition is used by the Court in ruling on a motion for summary judgment; or
> > (C) the Court so determines.
> (c) Witness Costs.
> > (1) Lay Witness.
> > > (A) The rates for witness fees, mileage and subsistence are set by statute and are taxable if the witness testifies at trial or at a deposition found reasonably necessary to the litigation.
> > > (B) The witness will be paid . . .
> > > > (i) . . .
> > > > (ii) the *per diem* rate specified by 28 U.S.C. § 1821.
> > > (C) The request for witness costs must be itemized, separating:
> > > > - witness fees;
> > > > - mileage; and
> > > > - allowance for subsistence.
> > > (D) . . .
> > (2) Expert Witness Fees. . . .
> (d) . . .
> (e) Copies of Papers. The cost for copying an exhibit is taxable when the exhibit is requested by the Court or when the copy is admitted into evidence in place of an original.
> (f) . . .

D.N.M.LR-Civ. 54.2.

Plaintiff makes two arguments: first, that he lacks the financial wherewithal to pay any award of costs; and second, that costs should not be allowed for video recording Michael Herrick's deposition, in the amount of $594.15; deposition transcripts for Daniel Galvan and Akeem Powdrell, in the amount of $288.91 each; copying costs, in the amount of $59.15; and deposition "syncing" for Michael Herrick's deposition, in the amount of $207.48. (Doc. 312).

As to the first argument, Plaintiff references an attached affidavit, but no such affidavit is attached to Plaintiff's Motion. However, Plaintiff did attach an affidavit to his initial response to Defendant's Motion to Tax Cost. (Doc. 296-1). Plaintiff averred that he works as a handyman, does not work full-time, and has less than $100.00 in his

3

checking and savings accounts. (*Id.*) at 1. Plaintiff did not submit any information or documentation, beyond his affidavit, to substantiate his claimed indigency.

Defendant attached an excerpt from Plaintiff's deposition testimony indicating that he is self-employed as a handyman and works twenty to sixty hours per week in that capacity. (Doc. 313-1) at 2 (A. Hernandez Dep. 34:14-35:4). Plaintiff charges $35.00 per hour for his services. (*Id.*) (A. Hernandez Dep. 35:5-7).

Faced with only Plaintiff's self-serving affidavit and an excerpt from his deposition, the Court finds that Plaintiff has not carried his burden of establishing indigency sufficient to overcome Rule 54's presumption of awarding costs to the prevailing party. Plaintiff's Motion is, therefore, denied on this point.

With respect to Plaintiff's second argument, that certain claimed costs should be disallowed, the Court addresses each challenged cost in turn. Plaintiff challenges $1,438.60 of claimed costs, meaning that $5,066.31 of claimed costs are undisputed.

The Court acknowledges that witness Michael Herrick's deposition was videotaped and played at trial. The video-deposition assisted the presentation of evidence and that the deposition was necessary to the litigation. However, neither Local Rule 54.2 nor § 1920 contemplate taxing costs for video-deposition services. Accordingly, the Court will not allow the $594.15 Defendant seeks for video services related to Michael Herrick's deposition to be taxed against Plaintiff.

Next, Plaintiff challenges the deposition transcript costs for Daniel Galvan and Akeem Powdrell. Defendant used large portions of both depositions at trial, including use for impeachment purposes. Pursuant to Local Rule 54.2(b)(2)(B), both transcripts

were reasonably necessary to the litigation.  Therefore, the Court will allow the $288.91 cost, each, for Daniel Galvan's and Akeem Powdrell's deposition transcripts.

Defendant agrees that the claimed $59.15 for copying costs should be disallowed as not taxable under Local Rule 54.2.

Finally, Plaintiff argues that $207.48 for syncing services to sync the audio and video for Michael Herrick's deposition should be disallowed as not a necessary cost. While the Court again notes that the video presentation streamlined evidence at trial, Michael Herrick's deposition testimony could have been read to the jury.  Because the Court has already determined that video-deposition services are not contemplated as a taxable cost under the applicable rules, the Court must likewise conclude that syncing services are neither contemplated by the rules nor reasonably necessary to the litigation. Therefore, the Court disallows the claimed cost, $207.48, for syncing the audio and video for Michael Herrick's deposition.

As discussed above, the Court grants-in-part Plaintiff's Motion for Review by the Court of Clerk's Order Settling Costs [Doc. 310], filed August 22, 2019.  (Doc. 312). The Court excludes $860.78 of Defendant's claimed costs.  Accordingly, the Court taxes costs against Plaintiff and in favor of Defendant in the amount of $5,644.13.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE