IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ALFONSO HERNANDEZ,**

    **Plaintiff,**

**v.**                                                                                                              Case No.: 14-cv-00964 KG/SCY

**ANDY FITZGERALD,**

    **Defendant.**

## MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO REMAND TO STATE COURT

Plaintiff, Alfonso Hernandez, by and through his attorneys of record, Gorence & Oliveros, P.C. (Louren Oliveros) and Aequitas Law, LLC (Anna Martinez) hereby moves this Court to remand this matter to the Second Judicial District Court.  As grounds therefor, Plaintiff states as follows:

RELEVANT FACTUAL BACKGROUND

1. On August 14, 2014, Plaintiff filed his Complaint for Violations of the Tort Claims Act and Deprivation of Civil Rights, D-202-CV-2014-05396, in the Second Judicial District Court, County of Bernalillo, New Mexico [Doc. 1-1] against City of Albuquerque Transit Officer Andy Fitzgerald ("Defendant Fitzgerald"), Transit Officer Akeem Powdrell, the City of Albuquerque, and others, for violations of the New Mexico Tort Claims Act and for Fourth Amendment violations of unlawful seizure and excessive force under 42 U.S.C. Section 1983, the Civil Rights Act of 1964, as amended.

2. On October 24, 2014, Defendant Fitzgerald, filed his Notice of Removal removing this matter to the United States District Court for the District of New Mexico. [Doc. 1].

3. In his Complaint, Plaintiff alleged violations of the New Mexico Torts Claims Act in Counts I-VI. The remaining four counts alleged violations under 42 U.S.C 1983 for deprivation of civil rights, false arrest, false imprisonment, *Monell* claims, excessive, and unreasonable, and/or unlawful use of force.

4. On June 19, 2015 Defendant Powdrell filed his motion for summary judgement. [Doc. 49].

5. On July 6, 2015, Plaintiff filed his Response to Defendant Powdrell's motion for summary judgement. [Doc. 52].

6. On July 20, 2015, Defendant Powdrell filed his Reply to Plaintiff's response in opposition of motion for summary judgement. [Doc. 54].

7. Defendants City of Albuquerque, Galvan and Markwick, filed their motion for summary judgement on October 21, 2015. [Doc. 73].

8. On June 27, 2017, this Court entered an Order of Partial Dismissal of all Claims Against Daniel Galvan, Amy Markwick, and the City of Albuquerque [Doc. 118 and Doc. 121].

9. The Court entered it's Memorandum Opinion and Order Granting Defendant Powdrell's Motion for Summary Judgment and dismissed all civil rights violations against Defendant Powdrell. The Court also dismissed all claims under the New Mexico Tort Claims Act finding that transit officers did not fit the law enforcement waiver for immunity and granting the City of Albuquerque's Motion for summary judgment on June 27, 2017. [Doc. 123].

10. The case proceeded to trial on the civil rights claims against Defendant Fitzgerald on May 28, 2019. A verdict was issued for Defendant Fitzgerald on May 30, 2019 [Doc. 285].

11. The Court entered a Judgement on May 31, 2019 [Doc. 287] in favor of Defendant Fitzgerald and the case was dismissed with prejudice.

12. The Plaintiff filed his appeal with the Tenth Circuit Court of Appeals [Appellate Case: 19-2102], and the case was fully briefed and argued.

13. On December 30, 2020, the court of appeals issued its Order and Judgement [Doc. 010110457793] remanding the single claim under the New Mexico Tort Claims Act against defendant Fitzgerald for further proceedings.

ARGUMENT

Plaintiff's complaint alleged federal civil rights claims and state law claims. Defendant Fitzgerald removed this matter to federal court early in the litigation. At the time, federal jurisdiction was appropriate based on Plaintiff's Section 1983 claims. Plaintiff's state tort claims under the New Mexico Tort Claims Act were properly removed along with Plaintiff's federal law claims based on 28 U.S.C. Section 1367(a) which provides Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Once subject matter jurisdiction exists, a district court has constitutional authority to hear related state claims even if the federal claim is later dismissed by the district court or by this court on appeal." *United Intern. Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1222 (10th Cir. 2000). The district court, however, is authorized to remand the case to back to state

court. *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 351 (1988) (federal district court has discretion to remand to state court a removed case involving pendent claims).

"Depending on a host of factors, then—including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims." *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997). Federal district courts are statutorily authorized to decline supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Moreover, the Supreme Court has recognized that "district courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Int'l Coll. of Surgeons,* 522 U.S., at 357, 108 S.Ct., at 623. Section 1367 "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.' " *Id.* (quoting *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)); *Gold v. Local 7 United Food and Commercial 1177 Workers,* 159 F.3d 1307, 1310 (10th Cir.1998). *See also Carnegie–Mellon Univ. v. Cohill,* 484 U.S. at 350, 108 S.Ct. 614 (noting that district courts should weigh "values

of judicial economy, convenience, fairness, and comity" as they pertain to "every stage of the litigation"); *Bauchman v. West High School,* 132 F.3d 542, 549 (10th Cir.1997).

Here, the 28 U.S.C. § 1367(c)(1) and (3) factors weigh decisively in favor of declining the exercise of supplemental jurisdiction and remanding their remaining state law claims to New Mexico state court, particularly in light of the novel issue of state law presented by the recent legislative changes to the law enforcement waiver of the New Mexico Tort Claims Act, NMSA 1978, § 41-4-12. The NMTCA waiver provision and claims related to its application are quintessential state law issues that should be resolved in New Mexico district courts.[1] Further, judicial economy will be served by allowing this case to be tried in the Second Judicial District Court rather than federal Court. State court is the proper forum for this matter as only state law

---

[1] On February 25, 2020, Gov. Lujan Grisham signed into law a substantive change to the law enforcement waiver provision of the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1, et seq., that altered the definition of a "law enforcement officer" in a manner that wholly undermines Appellee's claim that he was not a "law enforcement officer" for purposes of the NMTCA. NMSA 1978, § 41-4-12 NMSA, which until chaptered is properly cited as Laws 1976, Chapter 58, Section 12, as amended, has been amended to read:

> 41-4-12. LIABILITY--LAW ENFORCEMENT OFFICERS.—
> The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights, failure to comply with duties established pursuant to statute or law or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties. For purposes of this section, "law enforcement officer" means a public officer vested by law with the power to maintain order, to make arrests for crime or to detain persons suspected of committing a crime, whether that duty extends to all crimes or is limited to specific crimes.

*Id.* (emphasis added).

claims remain in this case.  Accordingly, Plaintiff requests that this matter be remanded to state court.

Counsel for Defendant Fitzgerald, Jonlyn Martinez, has been contacted and does not take a position on this Motion.

FOR THESE REASONS, Plaintiff respectfully requests that this motion be granted, that the Court enter a remand order in this matter, and for whatever other relief this Court deems just and proper.

    Respectfully submitted,

GORENCE & OLIVEROS, P.C.

/s/Louren Oliveros
Louren Oliveros
300 Central Avenue SW, Suite 1000E
Albuquerque, New Mexico 87102
Telephone: (505)244-0214
Facsimile: (505)244-0888
oliveros@golaw.us

and

Anna C. Martinez
AEQUITAS LAW, LLC
P.O. Box 23504
Albuquerque, New Mexico 87125

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2021, I filed the foregoing through this Court's CM/ECF filing system causing an electronic copy of the foregoing to be served upon all counsel of record.

/s/ Louren Oliveros